<b>Weil, Gotshal & Manges LLP</b>

BY ECF AND HAND DELIVERY

767 Fifth Avenue<br>
New York, NY 10153-0119<br>
+1 212 310 8000 tel<br>
+1 212 310 8007 fax<br><br>
<b>John A. Neuwirth</b><br>
+1 212 310 8297<br>
john.neuwirth@weil.com

November 30, 2015

| | |
|---|---|
| Honorable George B. Daniels | Honorable Paul A. Engelmayer |
| United States District Judge | United States District Judge |
| Daniel Patrick Moynihan | Thurgood Marshall United States Courthouse |
| United States Courthouse | 40 Foley Square |
| 500 Pearl Street | New York, New York  10007 |
| New York, New York  10007 | |

Re: *Am. Stock Transfer & Trust Co., LLC v. Sanofi*, 15 Civ. 8725 (GBD); Related Case Notification

Dear Judges Daniels and Engelmayer:

We represent Sanofi in the above-referenced action (the "CVR Trust Action").  We write in accordance with Local Civil Rule 1.6 and Rule 13 of the Rules for the Division of Business Among District Judges to request the transfer of the CVR Trust Action to Judge Engelmayer as related to the actions previously pending before Judge Engelmayer captioned *In re Sanofi Securities Litigation*, 13 Civ. 8806, and *AG Funds, L.P. v. Sanofi*, 14 Civ. 2211 (together, the "CVR Securities Actions").  Pursuant to an Opinion and Order dated January 28, 2015, Judge Engelmayer dismissed the complaints in the CVR Securities Actions in their entirety and with prejudice; the cases are currently on appeal to the United States Court of Appeals for the Second Circuit.[1]

Although the civil cover sheet in the CVR Trust Action does not disclose the existence of any related matters, we respectfully submit that the CVR Trust Action is related to the CVR Securities Actions for at least the following reasons:

*First*, the CVR Trust Action is brought on behalf of a substantially similar, if not identical, group of claimants as the CVR Securities Actions.  As alleged, plaintiff in the CVR Trust Action brings suit "as trustee of an express trust for the benefit of the [h]olders" of publicly-traded contingent value rights issued by Sanofi (the "CVRs").  Compl. ¶ 7.  The CVR Securities Actions were brought on behalf of those same holders -- *i.e.*, (i) in *In re Sanofi Securities Litigation*, all persons who purchased CVRs between March 6, 2012 and November 7, 2013, and (ii) in the *AG Funds* action, 32 hedge funds allegedly holding over 82 million CVRs (approximately 35% of the total issuance), "who were excluded

---

[1] Under Rule 13, "civil cases presumptively shall not be deemed related *unless* both cases are pending before the Court (*or the earlier case is on appeal*)."  Rules For The Division of Business Among District Judges (emphasis added).

Honorable George B. Daniels
Honorable Paul A. Engelmayer
November 30, 2015
Page 2

from or opted out of the class, purchased CVRs before November 8, 2013, or received CVRs directly from Sanofi in exchange for shares of Genzyme during Sanofi's acquisition of Genzyme in 2011." *In re Sanofi Sec. Litig.*, 87 F. Supp. 3d 510, 518, n.2 (S.D.N.Y. 2015) (Engelmayer, J.) (citing No. 13 Civ. 8806, Dkt. 44 ¶ 1, No. 14 Civ. 2211, Dkt. 2 ¶¶ 7-13).

*Second*, there is substantial factual overlap between the actions. The crux of the CVR Trust Action is that Sanofi allegedly breached the terms of the Contingent Value Rights Agreement, dated March 30, 2011, by and between Sanofi and American Stock Transfer & Trust Company, LLC, as trustee for the CVR holders (the "CVR Agreement"), because Sanofi allegedly failed to use "Diligent Efforts" (as defined in the CVR Agreement) to achieve certain regulatory and sales milestones with respect to Lemtrada™, a treatment for multiple sclerosis. More specifically, according to plaintiff, Sanofi failed to, among other things, "follow the recommendations of the [U.S. Food and Drug Administration (the 'FDA')] and customary industry practice with respect to obtaining timely regulatory approval of Lemtrada and failed to cause Genzyme to submit an adequate application for FDA approval of Lemtrada that addressed the FDA's repeated concerns" about the "single-blind" design used in Lemtrada's clinical trials. Compl. ¶ 15. In both of the CVR Securities Actions, plaintiffs claimed that CVR investors were misled about the prospect of achieving the milestones because Sanofi failed to disclose the very same FDA feedback. *See In re Sanofi Sec. Litig.*, 87 F. Supp. 3d at 530 (describing plaintiffs' "central grievance" as "the absence of any specific disclosure of the FDA's concerns about the 'single-blind' design of the Lemtrada clinical trials and the correspondingly heightened burden for obtaining FDA approval").

*Third*, given the substantial factual overlap, absent transfer, there is a risk of conflicting rulings with respect to Sanofi's conduct, including in connection with the Lemtrada clinical trials and Sanofi's efforts to achieve FDA approval.

*Finally*, given Judge Engelmayer's familiarity with both the milestones that are at issue and the clinical and regulatory record on which plaintiff purportedly relies, transferring the CVR Trust Action to Judge Engelmayer will avoid substantial duplication of effort and expense. *See, e.g.*, *In re Sanofi Sec. Litig.*, 87 F. Supp. 3d at 518-25 (reviewing the CVR "milestones" and describing the history of the Lemtrada clinical trials and the related FDA approval process). Relatedly, should either or both of the CVR Securities Actions be remanded by the Second Circuit, the prospect exists for significant, if not complete, overlap of discovery and, in turn, the need for the coordination and oversight that would be achieved by transfer of the CVR Trust Action to Judge Engelmayer.

Honorable George B. Daniels
Honorable Paul A. Engelmayer
November 30, 2015
Page 3

We are available at the Court's convenience to answer any questions the Court may have.

Respectfully submitted,

*/s/ John A. Neuwirth*
John A. Neuwirth

cc:     All Counsel