# Weil, Gotshal & Manges LLP

BY ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**John A. Neuwirth**
+1 212 310 8297
John.Neuwirth@weil.com

April 6, 2016

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *American Stock Transfer & Trust Company LLC v. Sanofi*, No. 15-cv-08725 (GBD); Request for Pre-Motion Discovery Conference

Dear Judge Daniels:

     We represent Sanofi in the above-referenced action. In accordance with Local Civil Rule 37.2 and Paragraph III.A of Your Honor's Individual Practices, Sanofi respectfully requests a pre-motion discovery conference to address its request for a limited stay of discovery pending the disposition of its Motion to Dismiss Counts II and III of the Complaint (the "Motion") (ECF No. 19). Sanofi submits that, pending such disposition, it would be inefficient and potentially wasteful of party resources to engage in burdensome discovery relating to Counts II and III. At the same time, as explained below, there would be no prejudice to Plaintiff in the event of a stay, given that discovery relating to Count I of the Complaint is proceeding and, in connection with such discovery, Sanofi anticipates producing hundreds of thousands, if not millions, of pages of documents, which will take Plaintiff a significant amount of time to review. Sanofi is prepared to submit to a briefing schedule that would allow its discovery motion, if necessary, to be heard alongside the Motion, which is now fully briefed (ECF Nos. 20, 26 and 31) and set for hearing on June 8, 2016 (ECF No. 30).

## PROCEDURAL BACKGROUND

     On January 20, 2016, the parties jointly submitted a Proposed Discovery Plan and Schedule (the "Discovery Plan and Schedule") (ECF No. 17), which the Court "so ordered" on January 22, 2016 (ECF No. 18). The Discovery Plan and Schedule provides that the production of documents shall begin on July 1, 2016, with substantial completion of document production by November 1, 2016.

     On January 29, 2016, Sanofi filed the Motion, which seeks to dismiss Plaintiff's: (1) claim for breach of contract with respect to the Product Sales Milestones[1] (Count II); and (2) claim for breach of

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Hon. George B. Daniels  
April 6, 2016  
Page 2

**Weil, Gotshal & Manges LLP**

the implied covenant of good faith and fair dealing (Count III) (ECF No. 19). On March 4, 2016, the parties exchanged initial requests for the production of documents and interrogatories. On April 6, 2016, simultaneously with this letter, Sanofi served its responses and objections to Plaintiff's initial document requests and interrogatories, which included an objection to discovery proceeding on Counts II and III of the Complaint prior to disposition of the Motion.

## ARGUMENT

Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court may issue a protective order limiting discovery for "good cause." *See also Johnson v. New York Univ. School of Ed.*, 205 F.R.D 433, 433 (S.D.N.Y. 2002) ("a district court may stay discovery upon a showing of 'good cause'") (citation omitted). And Rule 26(b)(1) allows the Court to limit discovery by taking into consideration "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Based on these provisions, courts considering whether to grant a stay of discovery generally consider "(1) the breadth of discovery sought; (2) any prejudice that would result; and (3) the strength of [the pending] motion [to dismiss]." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 367 (S.D.N.Y. 2002) (same).

Even where, as here, the pending motion to dismiss is not case-dispositive, courts have granted discovery stays pending resolution of the motion. *See, e.g.*, *Messinger v. JPMorgan Chase Bank, N.A.*, 2014 WL 904528, *3 (S.D.N.Y. Mar. 7, 2014) (granting the defendant's partial motion to dismiss and noting that, as a result, the Court's prior order granting a stay of discovery was lifted and the parties were ordered to appear for initial pretrial conference); *Alvarez v. City of New York*, 2012 WL 6212612, *4 (S.D.N.Y. Dec. 12, 2012) (granting in part and denying in part the defendant's partial motion to dismiss, and noting that the "previously entered stay of discovery" was vacated as a result).

**I.  Plaintiff is seeking far-reaching discovery related to Counts II and III of the Complaint.**

Plaintiff's First Request for the Production of Documents (the "Request") consists of 74 broadly-worded requests that call for the production of, among other things, hundreds of thousands, if not millions, of pages of documents relating to claims that are currently the subject of the Motion. Specifically, the Request calls for the production of "all" documents: (1) concerning any marketing, advertising, commercialization and/or sales efforts taken or proposed to be taken by Sanofi with respect to Lemtrada; (2) concerning the market or potential market for Lemtrada; (3) comparing the commercialization, marketing, advertising and/or selling of Lemtrada to that of any other drug owned or developed, in whole or in part, by Sanofi (including, but not limited to, Aubagio); (4) comparing Sanofi to other global pharmaceutical companies, including in terms of, *inter alia*, promotional efforts, marketing costs and expenses, sales forecasts and expected and actual margins and income; (5)

Hon. George B. Daniels  **Weil, Gotshal & Manges LLP**
April 6, 2016
Page 3

concerning any analyses, business plans, strategic plans, projections, research and/or forecasts relating to the Failure Purchase Option; and (6) concerning Sanofi's income as it relates to the value of the CVRs. These requests, and the many others like them, would require an enormous expenditure of time and money by Sanofi (in order to identify, gather, review and produce responsive documents), and all of it unnecessarily in the event the Court grants the Motion.

**II.    A limited stay of discovery will not prejudice Plaintiff, as Sanofi intends to produce substantial discovery relating to Count I of the Complaint.**

The limited stay of discovery Sanofi seeks would not prejudice Plaintiff. Sanofi is *not* seeking a stay of *all* discovery; rather, in an effort to avoid burdensome and potentially unnecessary discovery, Sanofi merely seeks to stay discovery relating to those claims (and *only* those claims) that are the subject of the Motion. In the meantime, discovery relating to Count I of the Complaint would proceed, and Sanofi expects to produce hundreds of thousands, if not millions, of pages relevant to that claim alone -- including, but not limited to, documents concerning the approximately eight-year-long Lemtrada regulatory record (which, of course, will take Plaintiff a significant amount of time to review and digest). Consequently, the requested stay would not unnecessarily delay this litigation; there would be a significant amount of discovery in the interim.

**III.   The Motion is well-founded.**

As set forth in the Motion, Plaintiff's breach of contract claim with respect to the Product Sales Milestones (Count II) must be dismissed as premature and untimely, as there are months (in the case of PSM1) and years (in the case of PSM2-4) left to achieve those milestones and, thus, Plaintiff's claim to recover amounts attendant thereto is not currently ripe. (*See* ECF No. 20 at 14-17; ECF No. 31 at 2-6.) As also set forth in the Motion, Plaintiff's implied covenant claim (Count III) must be dismissed because it is duplicative of Plaintiff's breach of contract claims (in terms of both the underlying conduct and the damages sought) and, thus, cannot be sustained under New York law. (*See* ECF No. 20 at 17-21; ECF No. 31 at 6-9.)

\*     \*     \*

For the reasons set forth above, Sanofi respectfully requests a pre-motion discovery conference pursuant to Local Civil Rule 37.2 and Paragraph III.A of Your Honor's Individual Practices to address its request for a limited stay of discovery.

Hon. George B. Daniels
April 6, 2016
Page 4

**Weil, Gotshal & Manges LLP**

Respectfully submitted,

*/s/ John A. Neuwirth*
John A. Neuwirth

cc:    All counsel

WEIL:\95670991\5\99910.C674