**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

AMERICAN STOCK TRANSFER & TRUST
COMPANY, LLC, as Trustee,

                        Plaintiff,

        - against -

SANOFI,

                      Defendant.

Civil Action No.: 1:15-cv-8725

**Oral Argument Requested**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL COMPLAINT AND A SPEEDY HEARING
<u>PURSUANT TO FRCP 57</u>**

MILBANK, TWEED, HADLEY & McCLOY LLP
Stacey J. Rappaport
Rachel Penski Fissell
Mario Lucero
28 Liberty Street
New York, NY  10005
Telephone: 212-530-5000

Andrew M. Leblanc
1850 K Street, NW, Suite 1100
Washington, DC  20006
Telephone:  202-835-7500

*Attorneys for Plaintiff American Stock Transfer &
Trust Company, LLC, as Trustee*

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................ 1

RELEVANT FACTUAL BACKGROUND......................................................................... 4

ARGUMENT ...................................................................................................................... 7

      I.      The Supplemental Complaint Easily Meets the Permissive Standard of
              Rule 15(D) ...................................................................................................... 7

      II.     The Court Should Exercise its Discretion to Order a Speedy Hearing on
              the Supplemental Complaint to Facilitate the Efficient Progress of the
              Extant Claims in the Action .......................................................................... 10

CONCLUSION................................................................................................................. 12

Plaintiff American Stock Transfer & Trust Company, LLC, as Trustee ("Plaintiff" or the "Trustee"), by and through its attorneys, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Leave to File its Supplemental Complaint and a Speedy Hearing Pursuant to FRCP 57 (the "Motion") pursuant to Rules 15(d) and Rule 57 of the Federal Rules of Civil Procedure (the "Rules").  The Trustee respectfully requests expedited briefing and consideration of this Motion.

## PRELIMINARY STATEMENT

The Trustee brought this action (the "Action") on behalf of an express trust for the benefit of contingent value rights holders ("Holders") against Sanofi for breach of a contingent value rights agreement (the "CVR Agreement").  The present claims relate to Sanofi's failure to use contractually required "Diligent Efforts" to achieve certain regulatory approval and product sales milestones for a multiple sclerosis drug called Lemtrada, and for breach of the covenant of good faith and fair dealing implied in the CVR Agreement.  As a result of Sanofi's failure to use Diligent Efforts, Sanofi failed to make approval and product sales milestone payments to the Trustee for the benefit of the Holders.

The Trustee now moves for leave to supplement its Complaint (ECF No. 5) (the "Complaint" or "Compl.") to add a claim for declaratory relief concerning Sanofi's obligations to pay certain fees and expenses incurred by the Trustee in connection with the Action.  In particular, the Supplemental Complaint[1] seeks an order declaring that Sanofi is obligated under the CVR Agreement to pay the Trustee, upon its request or demand, its reasonable attorneys' fees, disbursements, and expenses, and all other costs, expenses, and disbursements incurred and advances made by the Trustee in connection with its investigation and prosecution of the claims brought in the above-captioned action (collectively, the "Trustee's Expenses").  Because the

---

[1]         Attached hereto as Exhibit A.

continuing non-payment by Sanofi of the Trustee's outside attorneys' fees threatens to harm the Trustee's prosecution of the Action, the Trustee seeks expedited briefing and consideration of this Motion, and a speedy hearing on its claim for declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure.

The CVR Agreement unequivocally provides for payment of the Trustee's Expenses, including its attorneys' fees, disbursements, and expenses in connection with investigating and prosecuting this Action.  Section 4.7 of the CVR Agreement provides that Sanofi will reimburse on request and will indemnify the Trustee for the Trustee's Expenses, and Section 8.2 provides that Sanofi will pay the Trustee upon the Trustee's demand "such further amount as shall be sufficient to cover the costs and expense of collection" of the milestone payments at issue in the Action.

Despite these provisions of the CVR Agreement, after the filing of the Complaint, Sanofi refused to pay the Trustee's reasonable outside attorneys' fees, disbursements, and expenses incurred in connection with its investigation and prosecution of the Action, and costs in connection with distribution of notices pursuant to the CVR Agreement and in connection with the Action.  Sanofi contends, without explanation, that it is "not obligated" to pay the Trustee's counsel's invoices and has refused to pay the distribution costs.  The Trustee therefore seeks declaratory judgment from this Court that the CVR Agreement obligates Sanofi to pay the Trustee's Expenses, including, upon the Trustee's request, the fees, expenses, and disbursements of its outside counsel in connection with this Action.

Leave to file a supplemental complaint should be freely permitted.  This is particularly true under the circumstances here because the supplemental claim is directly connected to the Action and Sanofi cannot show (because there is no) undue delay, bad faith,

dilatory tactics, undue prejudice or futility in connection with its filing.  The supplemental claim here unquestionably belongs in this Action—it seeks adjudication pursuant to the same agreement (the CVR Agreement) alleged to have been breached in the Action, and the claim here concerns fees, expenses, and other costs arising from the investigation and prosecution of this Action.

All other factors weigh in favor of granting this motion.  Granting leave to file will not produce undue delay or prejudice to Sanofi—the Trustee seeks an expedited decision on its request to file the Supplemental Complaint and a speedy hearing on its claim for declaratory relief.  Leave to supplement therefore will facilitate the efficient prosecution of the Action.

Further, the Action is at a stage where it can accommodate the new claim:  a motion to dismiss is pending on two of three counts in the Action and discovery on the other count is in its beginning stages.  Sanofi also cannot show bad faith or dilatory tactics—the Trustee has asked repeatedly for an explanation of Sanofi's refusal to pay its counsel's invoices and has not received any response other than Sanofi's denial (without more) that it has any such obligation (most recently on May 18, 2016).  There is no futility concern—the Trustee has adequately stated a claim for declaratory relief.

In conjunction with its motion for leave to file the Supplement Complaint, the Trustee respectfully requests expedited briefing and consideration of this Motion and a speedy hearing on the claim asserted in the Supplemental Complaint.  Adjudication of the Supplemental Complaint will resolve with certainty Sanofi's obligations in the CVR Agreement to pay the Trustee's attorneys' fees, disbursements, and expenses incurred in connection with this Action, and other Trustee's Expenses.  Further, the Trustee's attorneys' fees and expenses continue to accrue.  Without a ruling that the Trustee is entitled to payment from Sanofi, the Trustee's

3

prosecution of this Action will be hindered, and its ability to continue to retain counsel will be threatened.  As costly and time-consuming discovery on Counts I-III approaches, a speedy disposition of the Supplemental Complaint is critical.  A hearing on the limited issue of Sanofi's responsibility for payment of the Trustee's Expenses, which the CVR Agreement unambiguously requires, can be done quickly and efficiently.

## RELEVANT FACTUAL BACKGROUND

The Trustee is the trustee of an express trust for the benefit of Holders of CVRs pursuant to the terms of the CVR Agreement.  On November 9, 2015, the Trustee, acting pursuant to the CVR Agreement, including Article 8 of the CVR Agreement, filed a Complaint against Sanofi in the Action alleging breaches of the CVR Agreement.  (Compl. (ECF No. 5).)

The Complaint alleges that Sanofi breached the CVR Agreement by failing to use contractually required "Diligent Efforts" to achieve (i) U.S. regulatory approval of Lemtrada (a Genzyme drug used to treat multiple sclerosis) on or before March 31, 2014 (the "Approval Milestone") and (ii) increasing volumes of Lemtrada sales within certain measuring periods (the "Product Sales Milestones").  (Compl. (ECF No. 5) ¶ 15.)  If such milestones were achieved, the Trustee, on behalf of an express trust for the benefit of the Holders, was entitled to certain payments (the "Milestone Payments").  (*Id.* ¶ 23.)

The Complaint asserts three claims:  Count I is a breach of contract claim for failure to use Diligent Efforts to achieve the Approval Milestone (Compl. ¶¶ 124-26); Count II is a breach of contract claim for failure to use Diligent Efforts to achieve the Product Sales Milestones (*id.* ¶¶ 127-30); and Count III is a claim for breach of the implied covenant of good faith and fair dealing arising from the purchase option in Article 10 of the CVR Agreement (*id.* ¶¶ 131-134).

4

After concluding that breaches of the CVR Agreement had occurred, the Trustee provided written notice pursuant to the CVR Agreement to Sanofi that Sanofi had "breached the CVR Agreement, including but not limited to (a) Section 7.10, by failing to use Diligent Efforts to achieve the Approval Milestone and the Product Sales Milestones; and (b) the implied covenant of good faith and fair dealing." (Compl. ¶ 12.) Sanofi did not respond to the Trustee's written notice or remedy the breaches set forth therein. (*Id.*) The Trustee subsequently filed the Complaint.

In response to the Complaint, on January 29, 2016, Sanofi moved to dismiss Counts II and III under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss Counts II and III of the Compl., ECF No. 20 (Jan. 29, 2016).) Briefing on that motion was completed as of March 11, 2016, and oral argument on the motion is scheduled for June 8, 2016. (Order, ECF No. 30 (Mar. 22, 2016).)

Pursuant to the scheduling order entered by the Court, the parties served initial document requests and interrogatories on March 4, 2016. (Discovery Plan and Scheduling Order, ECF No. 18 (Jan. 22, 2016).) On April 22, 2016, the Court granted Sanofi's request for a stay of discovery relating to Counts II and III pending the disposition of its motion to dismiss. (Order, ECF No. 37 (Apr. 22, 2016).) Discovery relating to Count I is currently proceeding, with rolling production of documents to commence by July 1, 2016. (Discovery Plan and Scheduling Order, ECF No. 18 (Jan. 22, 2016).)

In the CVR Agreement, Sanofi agreed to pay all of the Trustee's Expenses, including reasonable attorneys' fees, disbursements, and expenses, incurred in connection with the investigation and prosecution of claims such as those asserted in the Action. (Compl. Ex. A (CVR Agreement), ECF No. 5-1 (Oct. 9, 2015).)

5

Pursuant to Section 4.7(b) of the CVR Agreement, Sanofi agreed to "reimburse the Trustee *upon its request* for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with *any provision* of this CVR Agreement."  Under Section 4.7(c), Sanofi agreed "to *indemnify the Trustee* . . . for, and to hold them harmless against, any loss, liability or expense *(including attorneys [sic] fees and expenses)* . . . *arising out of or in connection with the acceptance and administration of this trust and the performance of their duties hereunder.*"  And, in Section 8.2, Sanofi agreed that if Sanofi did not make the Milestone Payments when such payments became due and payable, then upon the Trustee's demand, Sanofi would make such Milestone Payments to the Trustee and pay to the Trustee  . . . "*such further amount as shall be sufficient to cover the costs and expenses of collection [of such Milestone Payments], including reasonable compensation to the Trustee and each predecessor Trustee, their respective agents, attorneys and counsel, and any expenses and liabilities incurred, and all advances made, by the Trustee and each predecessor Trustee*[.]"

As described in the Supplemental Complaint, pursuant to the CVR Agreement, on October 12 and November 25, 2015, the Trustee requested payment of its outside attorneys' fees, disbursements, and expenses incurred in connection with its investigation and prosecution of this Action, attaching invoices to each request.  (Suppl. Compl. ¶¶ 32-33.)  In December 2015—two months after the first request for payment and one month after the filing of the Complaint— Sanofi first responded to the Trustee's requests for payment.  (*Id.* ¶ 34.)  Sanofi refused to pay the invoices submitted by the Trustee, contending that it was not obligated to do so.  It offered no explanation for its position.  (*Id.*)

On December 14, 2015 and February 25, 2016, counsel for the Trustee sent letters requesting that Sanofi provide a basis for its position that the CVR Agreement does not obligate

Sanofi to pay the invoices included in the October 12 and November 25, 2015 requests, and reiterated its request for the payment of its counsel's invoices.  (*Id.* ¶¶ 35-36.)  Counsel for Sanofi responded to those requests on March 4, 2016 stating only that "[i]t remains Sanofi's position that Sanofi is not obligated to pay your invoices" without providing any basis for that position.  (*Id.* ¶ 37.)

On April 14, 2016, Trustee's counsel sent an additional request for payment of counsel's fees and expenses through March 31, 2016.  (*Id.* ¶ 38.)  On May 18, 2016, counsel for Sanofi again denied this request, stating only that the "CVR Agreement does not obligate Sanofi to pay the invoices."  (*Id.* ¶ 39.)

In addition to the request for attorneys' fees and expenses, as set forth in the Supplemental Complaint, the Trustee also requested that Sanofi pay the costs of distribution of certain notices sent pursuant to the CVR Agreement and in connection with the Action.  (*Id.* ¶ 44.)  Sanofi has refused to make such payments.  (*Id.*)

Plaintiff now seeks this Court's leave to file the Supplemental Complaint seeking a declaratory judgment that the CVR Agreement obligates Sanofi to pay the Trustee's reasonable attorneys' fees, disbursements, and expenses incurred in investigating and prosecuting the claims brought in the Action and any other Trustee's Expenses upon request or demand ("Count IV"), and a speedy hearing on Count IV.  (*Id.* ¶¶ 45-59.)

## ARGUMENT

## I.   THE SUPPLEMENTAL COMPLAINT EASILY MEETS THE PERMISSIVE STANDARD OF RULE 15(D)

Under Rule 15(d), a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Rule 15(d) "reflects a liberal

policy favoring a merit-based resolution of the entire controversy between the parties."
*Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008).  Leave to file a supplemental
pleading "should be freely permitted" where (i) "the supplemental facts connect it to the original
pleading" and (ii) there is an absence of "undue delay, bad faith, dilatory tactics, undue prejudice
to the party to be served with the proposed pleading or futility."  *Quarantino v. Tiffany & Co.*, 71
F.3d 58, 66 (2d Cir. 1995) (citations omitted).

   The Supplemental Complaint fits well within the letter and spirit of Rule 15(d).
First, the factual allegations of the Supplemental Complaint are connected to the Complaint.  The
new claim arises from the filing of the Complaint itself—it seeks payment of attorneys' fees,
disbursements, and expenses for investigation and prosecution of the claims brought in the
Complaint.  *See Quarantino*, 71 F.3d at 66 (granting leave to supplement original complaint,
which alleged employment discrimination, with new claim alleging unlawful retaliation for
having filed charge of discrimination); *Witkowich*, 541 F. Supp. 2d at 590 (granting leave to
supplement *sua sponte* where new allegations "are closely related to those raised in the
Complaint and throughout the litigation thus far").

   Second, Sanofi cannot show that any of the other pertinent factors weigh against
granting leave here.

   *Filing the Supplemental Complaint will not create undue delay and Sanofi will
suffer no prejudice by the filing of the Supplemental Complaint*.  With respect to the
Supplemental Complaint, the Trustee seeks to bring its new claim to expeditious resolution.  (*See
infra* section II.)  On that basis alone, granting leave to file the Supplemental Complaint will not
unduly delay the Action.  In addition, discovery on Counts II and III has been stayed, discovery
on Count I is in its preliminary stages, no pre-trial order has been submitted, and no trial dates

have been set.  *See Witkowich*, 541 F. Supp. 2d at 590 (granting leave to supplement complaint where, among other reasons, "a trial date ha[d] not yet been set").  A speedy hearing on Count IV therefore will have a *de minimis* impact, if any, on the schedule in the Action.

   If leave is not granted, and if it is not permitted to pursue its claim expeditiously, the Trustee's ability to prosecute this Action will be prejudiced.[2]  Given that substantial document discovery is about to commence (Sanofi has represented that it intends to produce hundreds of thousands, and perhaps millions, of pages of documents in connection with Count I alone), and that Sanofi identified over 36 potential witnesses in connection with its disclosure obligations under Rule 26(a)(1), the Trustee is entitled to know with certainty as soon as possible whether Sanofi will pay its mounting legal fees and expenses on an ongoing basis.[3]

   *The Trustee has acted in good faith and without dilatory tactics.*  Plaintiff repeatedly (and timely) requested payment of the reasonable attorneys' fees, disbursements, and expenses incurred in connection with its investigation and prosecution of this Action, and requested that Sanofi articulate a basis for its refusal to make such payment.  (Suppl. Compl. ¶¶ 32-33, 35-36, 38.)  Sanofi delayed responding to the Trustee's requests, and failed to provide any substantive explanation for its failure to pay the Invoices, stating only that Sanofi is not

---

[2] Unless the Motion is granted, an additional complaint would be required to adjudicate Plaintiff's claim for the Trustee's Expenses.  Such a procedure would result in needless fragmentation of Plaintiff's claims, increased costs to the parties, and wasteful duplication of judicial time and resources.  *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (leave should be freely granted where "supplementation will promote the economic and speedy disposition of the controversy between the parties"); *Randolph-Rand*, 2001 WL 1286989, at *4 ("forcing [plaintiff] to institute new action against the individual defendants would run counter to the interests of judicial economy").

[3] The Trustee recently served Sanofi with a notice of resignation.  The notice of resignation should have no bearing on this Motion for the following reasons:  (a) the Trustee's resignation is not "effective until the acceptance of appointment by the successor Trustee" (Suppl. Compl., Ex. A (CVR Agreement) § 4.10(a)) and the timing of any such acceptance of appointment is uncertain; (b) the Trustee is continuing to prosecute the Action pending the acceptance of appointment by a successor trustee; (c) Sanofi's improper position that it has no obligation to pay the Trustee under these circumstances creates uncertainty as to whether another entity would accept appointment as successor trustee and face the same denial by Sanofi of its obligations to pay the successor trustee's attorneys' fees and expenses and other expenses in connection with actions taken by the successor trustee pursuant to the CVR Agreement; and (d) Sanofi's payment obligations continue to run to the benefit to the Trustee even after the Trustee's resignation becomes effective.  (*Id.* § 4.7(c), 8.2.)

obligated to pay the Invoices.  (*Id.* ¶¶ 34, 37, 39.)  As recently as May 18, 2016, Sanofi again

refused to pay outside counsel's fees and expenses related to the Action.  (*Id.* ¶ 39.)  *See*

*Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (no "unfair[] surprise"

where other party was "well aware" of the underlying basis for the claim).

      *Sanofi will not be able to show futility.*  The clear contractual provisions of the

CVR Agreement plainly demonstrate that the Trustee is entitled to the declaratory relief it seeks.

(*See supra* at 5-6.)

## II.   THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER A SPEEDY HEARING ON THE SUPPLEMENTAL COMPLAINT TO FACILITATE THE EFFICIENT PROGRESS OF THE EXTANT CLAIMS IN THE ACTION

      Pursuant to Rule 57 of the Federal Rules of Civil Procedure, the Court may order

a speedy hearing of a declaratory judgment action.  Fed. R. Civ. P. 57.  The Supplemental

Complaint seeks a declaration that Sanofi is obligated to pay the Trustee's attorneys' fees,

disbursements and expenses.  This single issue, which turns on unambiguous provisions of the

CVR Agreement, can be resolved quickly and efficiently.  A speedy hearing is warranted here.

      Sanofi's continued denial of its contractual obligations to pay the Trustee's

attorneys' fees and expenses will be detrimental to the rights of the Holders because it will

impact the Trustee's ability to continue to litigate its extant claims, including its ability to

continue to retain counsel.  The need to resolve the uncertainty of payment of the Trustee's

Expenses is particularly acute given the extensive and costly fact discovery that is set to begin on

July 1.  Sanofi has asserted that it expects to produce "hundreds of thousands, if not millions of

pages of documents" in response to discovery requests concerning just Count I of the Complaint.

(Sanofi Letter Requesting Pre-Motion Discovery Conference at 1 (ECF No. 32).)  Those

documents will include, among other things, an extensive regulatory record, which will require a

thorough review by the Trustee's counsel and others assisting the prosecution of the Action.

10

Sanofi should not be permitted to attempt to stifle the litigation by avoiding its contractually required obligation to pay the Trustee's attorneys' fees and expenses, and other Trustee's Expenses, in connection with the Action.

A speedy and efficient hearing can be conducted that will resolve these issues, which are essential to the Action.  The adjudication of Plaintiff's request for declaratory relief in Count IV should not be complex or time consuming given that it involves one claim and unambiguous contractual language.

In furtherance of, and in conjunction with, the Trustee's request for a speedy hearing on Count IV, the Trustee respectfully requests an expedited briefing schedule and hearing with respect to this Motion.  As explained *supra*, leave to file a supplemental pleading pursuant to Rule 15(d) "should be freely permitted" under these circumstances.  *Quarantino*, 71 F.3d at 66 (citations omitted).  The Trustee has met the permissive standard for asserting its supplemental claim and briefing on this Motion should be simple and straightforward. Accordingly, Sanofi will not be prejudiced by an expedited briefing schedule.

The Trustee respectfully requests that the Court order briefing on this Motion and the speedy hearing to be conducted on the following schedule:

1. Sanofi's opposition to this Motion, if any, must be served no later than June 2, 2016;

2. The Trustee's reply in further support of this Motion, if any, must be served no later than June 7, 2016;

3. This Motion will be heard at the previously scheduled June 8, 2016 hearing on Sanofi's pending Motion to Dismiss Counts II and III of the Complaint (ECF No. 19);

4. If the Court grants leave to file the Supplemental Complaint, Sanofi's response to the Supplemental Complaint must be served by the later of June 13, 2016, or five days after the Supplemental Complaint is filed; and

5.      A hearing on the relief sought in the Supplemental Complaint will be held no later than July 15, 2016, or as soon thereafter as is convenient for the Court.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that its Motion for Leave to File the Supplemental Complaint and a Speedy Hearing Pursuant to FRCP 57 be granted.


Dated:   May 26, 2016
            New York, New York

                            Respectfully submitted,

                             /s/ Stacey J. Rappaport
                            MILBANK, TWEED, HADLEY & McCLOY LLP
                            Stacey J. Rappaport
                            Rachel Penski Fissell
                            Mario Lucero
                            28 Liberty Street
                            New York, NY  10005
                            Telephone: 212-530-5000

                            Andrew M. Leblanc
                            1850 K Street, NW, Suite 1100
                            Washington, DC  20006
                            Telephone:  202-835-7500


                            *Attorneys for Plaintiff American Stock Transfer &*
                            *Trust Company, LLC, as Trustee*