# Weil, Gotshal & Manges LLP

BY ECF AND HAND DELIVERY

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**John A. Neuwirth**
+1 212 310 8297
john.neuwirth@weil.com

July 5, 2016

Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Am. Stock Transfer & Trust Co., LLC v. Sanofi*, No. 15 Civ. 8725 (GBD)

Dear Judge Daniels:

We represent Sanofi in the above-referenced action and write to update the Court on developments subsequent to the June 29, 2016 status conference.

As the parties anticipated, on July 1, 2016, UMB Bank ("UMB") replaced American Stock Transfer & Trust Company, LLC ("AST') and became the successor Trustee under the Contingent Value Rights Agreement (the "CVR Agreement").

As Your Honor will recall, during the June 29 conference, counsel for AST informed the Court that there would be a "seamless transition" whereby UMB would "step into the shoes of the plaintiff in this case." Ex. A at 2-3 (Transcript of June 29, 2016 Status Conference), attached hereto. Counsel for AST also stated that she previously had a conversation with UMB in which UMB "told [her] that they intend to continue to pursue the litigation and they intend to continue to retain Milbank on their behalf to continue the litigation." *Id.* at 2. Nonetheless, based on our July 1, 2016 discussions with UMB's counsel, Katten Muchin Rosenman LLP ("KMR"), UMB had made no such determination as of July 1.

Specifically, on July 1, 2016, consistent with its obligations under the Discovery and Scheduling Order (ECF No. 18) – namely, that the parties "use reasonable efforts to begin rolling productions of documents in response to document requests on or before July 1, 2016" – Sanofi contacted counsel for UMB, KMR, to inform them that Sanofi was prepared to commence its production to UMB "if and when it is advised by UMB that UMB, on behalf of the CVR holders, is continuing the litigation, UMB so advises the Court, and UMB executes an appropriate confidentiality stipulation." *See* Ex. B, attached hereto. UMB's response did not so advise, and Sanofi again requested confirmation of UMB's position. *See* Exs. C and D, attached hereto. Later on July 1, Stefania Venezia, counsel for Sanofi, spoke with Karen Dine of KMR, during which conversation Ms. Dine informed Ms. Venezia that UMB had *not* yet

Honorable George B. Daniels
July 5, 2016
Page 2

determined whether it would continue to prosecute the above-referenced action.  Notwithstanding that representation, Ms. Dine requested that Sanofi nevertheless begin producing documents to UMB immediately.

Under the circumstances, Sanofi respectfully submits that, unless and until UMB affirmatively determines to proceed with the litigation, and so advises both Sanofi and the Court, Sanofi should not be required to begin its document production (notwithstanding its readiness to do so immediately).[1]  Indeed, AST, the former trustee, no longer has standing in this case,[2] and UMB, the successor Trustee, has not yet determined to continue to prosecute it.

We remain available at the Court's convenience to answer any questions Your Honor may have.

Respectfully submitted,


*/s/ John A. Neuwirth*
John A. Neuwirth


cc:      All Counsel
         Karen Dine, Esq.
         David Crichlow, Esq.
         Jerry Hall, Esq.

---

[1] With respect to its document production, Sanofi advised the Court during the June 29 conference as follows:  "[A]ssuming, as [AST's counsel] has represented to the Court, that the new trustee is continuing this litigation immediately, i.e., tomorrow, that new trustee and whoever its counsel may be will be receiving on Count One alone over a million pages of discovery documents on July 1."  Ex. A at 15.

[2] AST nonetheless made an initial document production to Sanofi in the evening of July 1, 2016.