# MILBANK, TWEED, HADLEY & MCCLOY LLP

**28 LIBERTY STREET**
**NEW YORK, N.Y. 10005-1413**

212-530-5000

FAX: 212-530-5219

Stacey J. Rappaport
Partner
DIRECT DIAL NUMBER
212-530-5347
E-MAIL: SRappaport@milbank.com

| | |
|---|---|
| **LOS ANGELES** 213-892-4000 FAX: 213-629-5063 | **BEIJING** 8610-5969-2700 FAX: 8610-5969-2707 |
| **WASHINGTON, D.C.** 202-835-7500 FAX: 202-835-7586 | **HONG KONG** 852-2971-4888 FAX: 852-2840-0792 |
| **LONDON** 44-20-7615-3000 FAX: 44-20-7615-3100 | **SEOUL** 822-6137-2600 FAX: 822-6137-2626 |
| **FRANKFURT** 49-69-71914-3400 FAX: 49-69-71914-3500 | **SINGAPORE** 65-6428-2400 FAX: 65-6428-2500 |
| **MUNICH** 49-89-25559-3600 FAX: 49-89-25559-3700 | **TOKYO** 813-5410-2801 FAX: 813-5410-2891 |
| | **SÃO PAULO** 55-11-3927-7700 FAX: 55-11-3927-7777 |

July 5, 2016

**VIA ECF AND HAND DELIVERY**

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *American Stock Transfer & Trust Company, LLC v. Sanofi*, 15-cv-8725 (GBD)

Dear Judge Daniels:

   We represent UMB Bank, National Association ("UMB"), as successor trustee (the "Trustee") to plaintiff predecessor trustee American Stock Transfer & Trust Company, LLC ("AST"), on behalf of an express trust for the benefit of holders of contingent value rights (the "Holders") under a contingent value rights agreement between AST and Sanofi (the "CVR Agreement"), in the above-referenced action (the "Action"). UMB became the Trustee on June 30, 2016 pursuant to an Instrument of Appointment and Acceptance between Sanofi and UMB (attached hereto as Exhibit A).

   We write in response to Sanofi's letter to the Court, dated July 5, 2016 (ECF No. 53) (the "Sanofi Letter"), acknowledging Sanofi's failure to comply with the Court-ordered deadline to commence rolling production of documents. We respectfully request that the Court order Sanofi to immediately commence production and comply with all future Court-ordered deadlines in this Action.

Hon. George B. Daniels
July 5, 2016
Page 2

As has been its pattern throughout this litigation, Sanofi has again engaged in self-help in an effort to avoid its discovery obligations.[1]  This time, Sanofi violated an agreed-to and Court-ordered deadline to begin rolling production of documents on July 1, 2016.  (Discovery Plan and Scheduling Order, dated January 22, 2016 (ECF No. 18) (the "Agreed-To Scheduling Order").)

Rather than timely making its production or seeking relief, Sanofi unilaterally imposed the following three conditions on its commencement of rolling document production:  (i) UMB must advise Sanofi's counsel that it is continuing the above-referenced litigation; (ii) UMB must advise this Court that it is continuing the above-referenced litigation; and (iii) UMB must execute an appropriate confidentiality stipulation.  (Sanofi Letter at 1, Ex. B.)

Sanofi's justification for its gamesmanship—that UMB has not yet "determined whether it would continue to prosecute the" Action (Sanofi Letter at 1-2)—is meritless.[2]  Under the terms of the CVR Agreement, **Sanofi agreed** that any successor trustee, upon execution and delivery of an instrument of appointment, "shall become vested with all the rights, powers, trusts and duties of the retiring trustee."[3]  UMB therefore has stepped into the shoes of AST, which brought this Action on behalf of an express trust for the benefit of the Holders.  This litigation is continuing and Sanofi must comply with its agreed-to and Court-ordered discovery obligations.

Nevertheless, to avoid any further unnecessary delay, by filing this letter, UMB (i) advises the Court that it is proceeding with this Action and (ii) affirms that it will be bound (in the same manner as the predecessor trustee, AST) to the Stipulation and Order for the Production and Use of Confidential Information entered by the Court on May 19, 2016 (ECF No. 38).

Having complied with Sanofi's unnecessary conditions, the Trustee expects that Sanofi will comply with the Agreed-To Scheduling Order, the deadlines set by the Court at the June 29, 2016 status conference, and all other deadlines that have been or may be imposed by the Court or agreed to by the parties.  If Sanofi intends to impose any other conditions upon its future compliance with Court-ordered or agreed-upon deadlines, we expect that it will notify the Court, and all counsel, immediately.

---

[1]     For example, Sanofi granted itself a stay of discovery of Counts II and III on the very day that it moved for that stay.  (*See* Letter from S. Rappaport, dated Apr. 13, 2016 (ECF No. 33).)  Sanofi also moved for a stay of this entire action, which the Court denied, in response to AST's resignation and seeking to add a count to the Complaint for payment of attorneys' fees.  (Order, dated June 16, 2016 (ECF No. 50) ("Defendant's cross-motion to stay all proceedings pending the appointment of a new trustee is DENIED.").)

[2]     As Sanofi itself acknowledges, UMB made clear to Sanofi that it expected Sanofi to comply with the discovery deadlines set by the Court. (Sanofi Letter, Ex C.)

[3]     Complaint (ECF No. 5), Ex. A (CVR Agreement) § 4.11(a).   Indeed, pursuant to the Instrument of Appointment and Acceptance between Sanofi and UMB, dated June 30, 2016, Sanofi reaffirmed that pledge. (Ex. A ¶ 1 ("As of [June 30, 2016]: (a) the Successor Trustee is appointed as Trustee under the [CVR] Agreement and the Successor Trustee is hereby vested with all the rights, powers, trusts and duties under the [CVR] Agreement with like effect as if originally named as Trustee in the Agreement").)

Hon. George B. Daniels
July 5, 2016
Page 3

                                            Respectfully submitted,

                                            */s/ Stacey J. Rappaport*
                                            Stacey J. Rappaport

cc:    All Counsel (via ECF)
        David A. Crichlow, Esq. (via email)
        Karen Dine, Esq. (via email)

Case 1:15-cv-08725-GBD   Document 54   Filed 07/05/16   Page 3 of 3