IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STOCK TRANSFER & TRUST COMPANY, LLC, as Trustee,<br><br>        Plaintiff,<br><br>   - against -<br><br>SANOFI,<br><br>        Defendant. | Civil Action No.: 1:15-cv-08725 |

## SANOFI'S ANSWER TO THE SUPPLEMENTAL COMPLAINT

Defendant Sanofi, through its undersigned attorneys, for its Answer to the Supplemental Complaint filed by American Stock Transfer & Trust Company, LLC ("Plaintiff"),[1] responds as follows.[2]

## NATURE OF THE ACTION

*1.* The Trustee brings this action for a declaratory judgment that Sanofi is obligated under the Contingent Value Rights Agreement between Sanofi and the Trustee, dated March 30, 2011 (the "CVR Agreement"), to pay the Trustee, upon its request or demand, its reasonable attorneys' fees, disbursements, and expenses, and all other costs, expenses, and disbursements incurred and advances made by the Trustee, in connection with its investigation and prosecution of the claims brought in the above-captioned action (collectively, the "Trustee's Expenses").

1. Admits that Plaintiff purports to describe the relief sought in the Supplemental Complaint; and otherwise avers that the allegations contained in Paragraph 1 of the Supplemental Complaint do not constitute allegations to which a response is required.

---

[1] On July 8, 2016, UMB Bank, National Association ("UMB") moved to substitute UMB for American Stock Transfer & Trust Company, LLC as plaintiff in this Action pursuant to Fed. R. Civ. P. 25(c). (ECF No. 56.) UMB's substitution motion, which Sanofi does not oppose, is currently pending. Pending the Court's disposition of that motion, references herein to "Plaintiff" refer to AST.

[2] To the extent that any of the headings and titles contain substantive allegations, Sanofi denies those allegations. References herein to paragraphs of the Supplemental Complaint expressly include any footnotes contained in such paragraphs.

*2. The CVR Agreement provides that Sanofi is obligated to pay the Trustee's reasonable attorneys' fees, disbursements, and expenses incurred in investigating and prosecuting the claims brought in the above-captioned (the "<u>Action</u>") and any other Trustee's Expenses.*

2. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 2 of the Supplemental Complaint.

*3. The CVR Agreement also provides that such payments be made upon the Trustee's request or demand.*

3. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 3 of the Supplemental Complaint.

*4. The Trustee has requested that Sanofi pay the Trustee's attorneys' fees, disbursements, and expenses incurred in connection with investigating, bringing, and prosecuting the Action. Sanofi has refused to make such payments.*

4. Refers to the written correspondence between the parties for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 4 of the Supplemental Complaint.

*5. The Trustee inquired of Sanofi as to the basis for its refusal to make such payments. Sanofi has contended, without any explanation, that it has no obligation to make such payments.*

5. Refers to the written correspondence between the parties for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 5 of the Supplemental Complaint.

*6. The Trustee also requested that Sanofi pay the costs of distribution of certain notices from the Trustee pursuant to the CVR Agreement and in connection with the Action. Sanofi has refused to make such payments.*

2

WEIL:\95789690\1\71937.0101

6. Refers to the written correspondence between the parties for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 6 of the Supplemental Complaint.

*7.   The Trustee's attorneys' fees, disbursements, and expenses, as well as other Trustee's Expenses, continue to accrue in this matter.*

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Supplemental Complaint.

## THE PARTIES

*8.   Plaintiff American Stock Transfer & Trust Company, LLC, as Trustee of an express trust for the benefit of the Holders, is a limited liability trust company organized under the laws of the state of New York and located at 6201 15th Avenue in Brooklyn, New York. The Trustee has as its sole member Armor Holding II LLC. The sole member of Armor Holding II LLC is Armor Holdco, Inc., a Delaware corporation.*

8. Denies that American Stock Transfer & Trust Company, LLC is trustee under the CVR Agreement; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Supplemental Complaint.

*9.   Defendant Sanofi is incorporated under the laws of France as a société anonyme, a form of limited liability company, with its principal place of business in Paris, France. Sanofi is a global pharmaceutical company engaged in the research, development, manufacturing, and marketing of healthcare products.*

9. Admits the allegations contained in the first sentence of Paragraph 9 of the Supplemental Complaint, and that Sanofi is a global pharmaceutical company; and otherwise denies the allegations contained in Paragraph 9 to the extent Plaintiff purports to fully describe the business and operations of Sanofi.

## JURISDICTION AND VENUE

*10.   This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 and the amount in controversy, without interest and costs, exceeds the sum or value specified therein.*

3

  10. Admits that Plaintiff purports to base jurisdiction over the subject matter of this action on the statutory provision cited; and otherwise avers that the allegations contained in Paragraph 10 of the Supplemental Complaint constitute legal conclusions to which no response is required.

  *11. This Court also has jurisdiction over this civil action pursuant to 28 U.S.C. § 1367.*

  11. Admits that Plaintiff purports to base jurisdiction over the subject matter of this action on the statutory provision cited; and otherwise avers that the allegations contained in Paragraph 11 of the Supplemental Complaint constitute legal conclusions to which no response is required.

  *12. This Court also has jurisdiction over this civil action pursuant to 28 U.S.C. § 2201 (a).*

  12. Admits that Plaintiff purports to base jurisdiction over the subject matter of this action on the statutory provision cited; and otherwise avers that the allegations contained in Paragraph 12 of the Supplemental Complaint constitute legal conclusions to which no response is required.

  *13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).*

  13. Admits that Plaintiff purports to base venue on the statutory provision cited; and otherwise avers that the allegations contained in Paragraph 13 of the Supplemental Complaint constitute legal conclusions to which no response is required.

  *14. Pursuant to Section 1.10 of the CVR Agreement, Sanofi has agreed to submit to the exclusive jurisdiction and venue of the United States District Court for the Southern District of New York.*

  14. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 14 of the Supplemental Complaint.

## THE ALLEGATIONS

15.     *The Trustee is the trustee of an express trust for the benefit of holders ("Holders") of contingent value rights ("CVRs") pursuant to the terms of the CVR Agreement.*

15.     Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Supplemental Complaint.

16.     *On November 9, 2015, the Trustee, acting pursuant to the CVR Agreement, including Article 8 of the CVR Agreement, filed a Complaint against Sanofi (ECF No. 5) (the "Complaint") in the Action alleging breaches of the CVR Agreement.*

16.     Admits that, on November 9, 2015, Plaintiff filed a Complaint against Sanofi (the "Complaint") in the above-captioned action; refers to the Complaint for a complete and accurate description of the claims alleged therein; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Supplemental Complaint.

17.     *The Complaint alleges that Sanofi breached the CVR Agreement by failing to use contractually required "Diligent Efforts" to achieve (i) U.S. regulatory approval of Lemtrada (a Genzyme drug used to treat multiple sclerosis) on or before March 31, 2014 (the "Approval Milestone") and (ii) increasing volumes of Lemtrada sales within certain measuring periods (the "Product Sales Milestones"). If such milestones were achieved, the Trustee, on behalf of an express trust for the benefit of the Holders, was entitled to certain payments (the "Milestone Payments").*

17.     Refers to (i) the Complaint for a complete and accurate description of the allegations contained therein; and (ii) the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 17 of the Supplemental Complaint.

18.     *The Complaint asserts three claims: Count I is a breach of contract claim for failure to use Diligent Efforts to achieve the Approval Milestone; Count II is a breach of contract claim for failure to use Diligent Efforts to achieve the Product Sales Milestones; and Count III is a claim for breach of the implied covenant of good faith and fair dealing arising from the purchase option in Article 10 of the CVR Agreement.*

5

18. Refers to the Complaint for a complete and accurate description of the claims alleged therein; and otherwise denies the allegations contained in Paragraph 18 of the Supplemental Complaint.

19. *Prior to bringing the Action, the Trustee became aware that Sanofi may have breached the CVR Agreement and hired legal counsel to provide legal advice with respect to potential breaches of the CVR Agreement.*

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Supplemental Complaint.

20. *A "Breach" is defined in the CVR Agreement to include, among other things, (a) a failure to pay all or any part of any Milestone Payments after a period of ten (10) Business Days after such Milestone Payment shall become due and payable and (b) a "material breach in the performance, or breach in any material respect, of any covenant or warranty of [Sanofi] in respect of the [CVRs] . . . and continuance of such breach for a period of ninety (90) days after" written notice has been provided to Sanofi.*

20. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 20 of the Supplemental Complaint.

21. *Section 8.1 of the CVR Agreement provides, in pertinent part, that:*

> *[I]f a Breach described above occurs and is continuing, then . . . **the Trustee** by notice in writing to the Company, . . . **may**, as provided in Section 8.2, **bring suit to protect the rights of the Holders**, including to obtain payment for any amounts then due and payable, which amounts shall bear interest at the Breach Interest Rate from the date such amounts were due and payable until payment is made to the Trustee.*

21. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 21 of the Supplemental Complaint.

22. *Section 8.2 authorizes the Trustee to*

> ***in its discretion proceed to protect and enforce its rights and the rights of the Holders by such appropriate judicial proceedings as the Trustee shall deem most effectual** to protect and enforce any such rights, whether*

6

> *for the specific enforcement of any covenant or agreement in this CVR Agreement or in aid of the exercise of any power granted herein, or to enforce any other remedy.*

22. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 22 of the Supplemental Complaint.

23. *Section 8.4 further provides that:*

> In case a Breach has occurred, has not been waived and is continuing, **the Trustee may in its discretion proceed to protect and enforce the rights vested in it by this CVR Agreement by such appropriate judicial proceedings as the Trustee shall deem most effectual** to protect and enforce any of such rights (unless authorization and/or appearance of each of the Holders is required by applicable Law), either at Law or in equity . . . in aid of the exercise of any power granted in this CVR Agreement or to enforce any other legal or equitable right vested in the Trustee by this CVR Agreement or by Law.

23. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 23 of the Supplemental Complaint.

24. *After concluding that Breaches of the CVR Agreement had occurred, the Trustee provided written notice pursuant to Section 8.1(b) of the CVR Agreement to Sanofi (received by Sanofi on August 7, 2015) that Sanofi had "breached the CVR Agreement, including but not limited to (a) Section 7. 10, by failing to use Diligent Efforts to achieve the Approval Milestone and the Product Sales Milestones; and (b) the implied covenant of good faith and fair dealing."*

24. Refers to the "written notice," dated July 29, 2015, for a complete and accurate description of its contents; denies knowledge or information sufficient to form a belief as to the truth of the phrase "[a]fter concluding that Breaches of the CVR Agreement had occurred;" denies that it breached the CVR Agreement; and otherwise denies the allegations contained in Paragraph 24 of the Supplemental Complaint.

7

*25.   Sanofi did not respond to the Trustee's written notice or remedy the breaches set forth therein.*

25.   Admits that Sanofi did not provide the Trustee with a written response to its written notice; denies that it breached the CVR Agreement; and otherwise denies the allegations contained in Paragraph 25 of the Supplemental Complaint.

*26.   The Trustee filed this Action on November 9, 2015.*

26.   Admits that Plaintiff filed the Complaint on November 9, 2015.

*27.   In response to the Complaint, on January 29, 2016, Sanofi moved to dismiss Counts II and III under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Briefing on that motion was completed as of March 11, 2016, and oral argument on the motion is scheduled for hearing on June 8, 2016.*

27.   Admits that, on January 29, 2016, Sanofi moved to dismiss Counts II and III of the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; and otherwise denies the allegations contained in Paragraph 27 of the Supplemental Complaint.

*28.   Pursuant to the scheduling order entered by the Court, the parties served initial document requests and interrogatories on March 4, 2016.  On April 22, 2016, the Court granted Sanofi's request for a stay of discovery relating to Counts II and III pending the disposition of its motion to dismiss.  Discovery relating to Count I is currently proceeding, with rolling production of documents to commence by July 1, 2016.*

28.   Admits the allegations contained in the first sentence of Paragraph 28; that, on April 22, 2016, the Court granted Sanofi's request for a stay of discovery relating to Counts II and III of the Complaint through June 8, 2016 (which stay was extended by the Court at the June 29, 2016 status conference); and that Sanofi is, consistent with the Discovery Plan and Scheduling Order entered by the Court on January 22, 2016, proceeding with discovery relating to Count I; and otherwise denies the allegations contained in Paragraph 28 of the Supplemental Complaint.

   29. *When it entered into the CVR Agreement with the Trustee, Sanofi agreed to pay all of the Trustee's Expenses, including reasonable attorneys' fees, disbursements, and expenses, incurred in connection with the investigation and prosecution of claims such as those asserted in the Action.*

   29. Denies the allegations contained in Paragraph 29 of the Supplemental Complaint.

   30. *Section 4.7(b), provides, in pertinent part, that:*

> *The Company agrees . . . except as otherwise expressly provided herein,* **<u>to reimburse</u>** *the Trustee upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee* **in accordance with any provision of this CVR Agreement (including the reasonable compensation and the reasonable expenses and disbursements of its agents and counsel)** *except any such expense, disbursement or advance as may be attributable to the Trustee's gross negligence, bad faith or willful misconduct.*

   30. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 30 of the Supplemental Complaint.

   31. *Likewise, Section 4.7(c) provides, in pertinent part, that:*

> *The Company agrees . . .* **to indemnify** *the Trustee . . .* **for**, *and to hold them harmless against, any loss, liability or expense (including* **attorneys [sic] fees and expenses**) *incurred without negligence or bad faith on its part,* **arising out of or in connection with the acceptance and administration of this trust and the performance of their duties hereunder**, *including the reasonable costs and expenses of defending themselves against any claim or liability in connection with the exercise of performance of any of their powers or duties hereunder.*

   31. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 31 of the Supplemental Complaint.

   32. *In addition, section 8.2 provides, in pertinent part:*

> *The Company covenants that in the case of any failure to pay all or any part of the Securities when the same shall have come due and payable,*

9

> *whether at a Payment Date or otherwise, then upon demand of the Trustee, the Company* **shall pay to the Trustee** *for the benefit of the Holders of the Securities the whole amount that then shall have come due and payable on all Securities (with interest from the date due and payable to the date of such payment upon the overdue amount at the Breach Interest Rate); and in addition thereto,* ***such further amount as shall be sufficient to cover the costs and expenses of collection, including reasonable compensation to the Trustee and each predecessor Trustee, their respective agents, attorneys and counsel, and any expenses and liabilities incurred, and all advances made, by the Trustee and each predecessor Trustee****, except as a result of the Trustee's gross negligence or bad faith.*

32. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 32 of the Supplemental Complaint.

33. *Other than Sanofi's obligations under the CVR Agreement to pay the Trustee's Expenses, there is no other undertaking, arrangement, or agreement to pay the Trustee's Expenses in whole or in part.*

33. Denies the allegations contained in the first clause of Paragraph 33 of the Supplemental Complaint; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. *On October 12, 2015, the Trustee's counsel sent a letter to Sanofi on behalf of the Trustee requesting payment of the Trustee's counsel's fees, disbursements, and expenses in connection with the Action. The October 12, 2015 request attached an invoice for counsel's fees, disbursements, and expenses through July 31, 2015. Sanofi did not respond to the letter.*

34. Refers to the October 12 letter for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 34 of the Supplemental Complaint.

35. *On November 25, 2015, the Trustee's counsel on behalf of the Trustee sent a second request to Sanofi for payment of the Trustee's counsel's fees, disbursements, and expenses. The November 25, 2015 request attached three invoices for counsel's fees and expenses through October 2015.*

35. Refers to the November 25 letter for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 35 of the Supplemental Complaint.

*36. On December 10, 2015, Sanofi's counsel responded, without any explanation, that "[t]he CVR Agreement does not obligate Sanofi to pay the invoices."*

36. Refers to the December 10 letter for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 36 of the Supplemental Complaint.

*37. On December 14, 2015, the Trustee's counsel on behalf of the Trustee requested that Sanofi provide the basis for its position that it was not obligated to pay the Trustee's invoices. Sanofi did not respond in writing.*

37. Refers to the December 14 letter for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 37 of the Supplemental Complaint.

*38. On February 25, 2016, the Trustee's counsel on behalf of the Trustee sent another letter requesting that Sanofi provide a basis for its position that the CVR Agreement did not obligate Sanofi to pay the invoices included in the October 12 and November 25, 2015 requests, and reiterating its request for the payment of Milbank's invoices.*

38. Refers to the February 25 letter for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 38 of the Supplemental Complaint.

*39. Counsel for Sanofi responded on March 4, 2016 stating only that "[i]t remains Sanofi's position that Sanofi is not obligated to pay invoices" without providing any basis for that position.*

39. Refers to the March 4 letter for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 39 of the Supplemental Complaint.

11

*40. On April 14, 2016, Trustee's counsel on behalf of the Trustee sent a further request for payment of counsel's fees, disbursements, and expenses. The April 14, 2016 request attached five invoices for counsel's fees, disbursements, and expenses through March 31, 2016.*

40. Refers to the April 14 letter for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 40 of the Supplemental Complaint.

*41. On May 18, 2016, Sanofi's counsel responded, stating only that "[t]he CVR Agreement does not obligate Sanofi to pay the invoices."*

41. Refers to the May 18 letter for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 41 of the Supplemental Complaint.

*42. The below chart lists the amounts due under each of the invoices (the "Invoices") submitted to Sanofi by the Trustee in connection with the Action:*

| *Date of Request* | *Invoice No.* | *Billing Period* | *Fees* | *Disbursements* | *Total* |
|---|---|---|---|---|---|
| 10/12/2015 | 7000018 | Through 7/31/15 | $207,714.25 | $7,132.28 | $214,846.53 |
| 11/24/2015 | 7000240 | 08/01-08/31/15 | $266,905.00 | $6,892.69 | $273,797.69 |
| 11/24/2015 | 7000241 | 09/01-09/30/15 | $85,974.75 | $4,072.03 | $90,046.78 |
| 11/24/2015 | 7000242 | 10/01-10/31/15 | $283,641.25 | $12,289.52 | $295,930.77 |
| 04/14/2016 | 7000449 | 11/01-11/30/15 | $213,782.50 | $4,311.55 | $218,094.05 |
| 04/14/2016 | 7000450 | 12/01-12/31/15 | $84,682.50 | $726.84 | $85,409.34 |
| 04/14/2016 | 7000451 | 01/01-01/31/16 | $187,046.25 | $3,515.57 | $190,561.82 |
| 04/14/2016 | 7000452 | 02/01-02/29/16 | $300,333.75 | $7,503.41 | $307,837.16 |
| 04/14/2016 | 7000453 | 03/01-03/31/16 | $415,830.00 | $11,407.48 | $427,237.48 |
| Total Due | | | $2,045,910.25 | $57,851.37 | $2,103,761.62 |

42. Denies the allegations contained in Paragraph 42 of the Supplemental Complaint.

*43. The Trustee's Expenses continue to accrue, including its outside counsel's fees, disbursements, and expenses.*

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Supplemental Complaint.

12

*44.    The Trustee also requested that Sanofi pay the costs of distribution of certain notices from the Trustee pursuant to the CVR Agreement and in connection with the Action. Sanofi has refused to make such payments.*

44.    Admits that Plaintiff has requested that Sanofi pay for the distribution of certain notices from Plaintiff pursuant to the CVR Agreement; and otherwise denies the allegations contained in Paragraph 44 of the Supplemental Complaint.

## COUNT IV

### DECLARATORY JUDGMENT AGAINST SANOFI

*45.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 44 herein.*

45.    Repeats and realleges its responses to Paragraphs 1-44 of the Supplemental Complaint as if fully set forth herein.

*46.    The Trustee brought the Action in accordance with the CVR Agreement, including Article 8.*

46.    Avers that the allegations contained in Paragraph 46 of the Supplemental Complaint constitute legal conclusions to which no response is required.

*47.    In Section 4.7(b) of the CVR Agreement, Sanofi agreed "to reimburse the Trustee upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this CVR Agreement (including the reasonable compensation and the reasonable expenses and disbursements of its agents and counsel)[.]"*

47.    Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 47 of the Supplemental Complaint.

*48.    The Invoices from the Trustee's outside attorneys reflect reasonable attorneys' fees, disbursements, and expenses incurred in accordance with the CVR Agreement, including but not limited to Article 8 of the CVR Agreement.*

48.    Denies the allegations contained in Paragraph 48 of the Supplemental Complaint.

13

>    49.    *The costs of distribution of notices incurred by the Trustee reflect reasonable expenses of the Trustee.*

>    49.    Denies the allegations contained in Paragraph 49 of the Supplemental Complaint.

>    50.    *Pursuant to the CVR Agreement, Sanofi agreed to reimburse the Trustee upon the Trustee's request for the amounts reflected in the Invoices, as well as any costs of distribution of notices pursuant to the CVR Agreement, and has informed the Trustee that it contends that it is not obligated to do so.*

>    50.    Refers to the CVR Agreement and the correspondence between the parties for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 50 of the Supplemental Complaint.

>    51.    *In Section 4.7(c) of the CVR Agreement, Sanofi agreed "to indemnify the Trustee . . . for, and to hold them harmless against, any loss, liability or expense (including attorneys' fees and expenses) incurred without negligence or bad faith on its part, arising out of or in connection with the acceptance or administration of this trust and the performance of their duties hereunder."*

>    51.    Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 51 of the Supplemental Complaint.

>    52.    *The Invoices from the Trustee's legal counsel reflect attorneys' fees, disbursements, and expenses arising out of or in connection with the Trustee's acceptance or administration of the trust and performance of its duties under the CVR Agreement.*

>    52.    Denies the allegations contained in Paragraph 52 of the Supplemental Complaint.

>    53.    *Pursuant to the CVR Agreement, Sanofi agreed to indemnify the Trustee for the amounts reflected in the Invoices, as well as any costs of distribution of notices pursuant to the CVR Agreement, and has informed the Trustee that it contends that it is not obligated to do so.*

>    53.    Refers to the CVR Agreement and the correspondence between the parties for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 53 of the Supplemental Complaint.

14

*54. In Section 8.2 of the CVR Agreement, Sanofi agreed that, in the event Sanofi fails to make any of the Milestone Payments when they have become due and payable, Sanofi, upon demand, "shall pay to the Trustee for the benefit of the Holders of the Securities the whole amount that then shall have come due and payable" and "such further amount as shall be sufficient to cover the costs and expenses of collection, including reasonable compensation to the Trustee and each predecessor Trustee, their respective agents, attorneys and counsel, and any expenses and liabilities incurred, and all advances made, by the Trustee and each predecessor Trustee[.]"*

54. Refers to the CVR Agreement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 54 of the Supplemental Complaint.

*55. The Invoices from the Trustee's legal counsel reflect reasonable attorneys' fees, disbursements, and expenses for the collection of the Milestone Payments.*

55. Denies the allegations contained in Paragraph 55 of the Supplemental Complaint.

*56. Pursuant to the terms of the CVR Agreement, Sanofi agreed to pay the Trustee for the amounts reflected in the Invoices upon demand and has informed the Trustee that it contends that it is not obligated to do so.*

56. Refers to the CVR Agreement and the correspondence between the parties for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 56 of the Supplemental Complaint.

*57. An actual, present, and justiciable controversy exists between and among the Trustee and Sanofi.*

57. Avers that the allegations contained in Paragraph 57 of the Supplemental Complaint constitute legal conclusions to which no response is required.

*58. The Trustee seeks declaratory judgment from this Court that the CVR Agreement obligates Sanofi to pay the Trustee's reasonable attorneys' fees, disbursements, and expenses incurred in investigating and prosecuting the claims brought in the Action and any other Trustee's Expenses.*

58. Admits that Plaintiff purports to describe the relief sought in the Supplemental Complaint; and otherwise avers that the allegations contained in Paragraph 58 of the Supplemental Complaint do not constitute allegations to which a response is required.

*59. The Trustee seeks declaratory judgment from this Court that the CVR Agreement obligates Sanofi to pay the Trustee's reasonable attorneys' fees, disbursements, and expenses incurred in investigating and prosecuting the claims brought in the Action, costs of distribution of notices pursuant to the CVR Agreement, and any other Trustee's Expenses upon request or demand.*

59. Admits that Plaintiff purports to describe the relief sought in the Supplemental Complaint; and otherwise avers that the allegations contained in Paragraph 59 of the Supplemental Complaint do not constitute allegations to which a response is required.

\*   \*   \*

## GENERAL DENIAL

Except as otherwise stated in Paragraphs 1 through 59 above, Sanofi denies each and every allegation directed at it in Paragraphs 1 through 59 of the Supplemental Complaint, including, without limitation, the introductory paragraph, headings and subheadings contained therein, and specifically denies liability to Plaintiff and any CVR holder. Allegations in the Supplemental Complaint to which no responsive pleading is required shall be deemed denied. Sanofi expressly reserves its right to amend and/or supplement this Answer, including, but not limited to, the defenses and affirmative defenses set forth herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting or denying any of the allegations of the Supplemental Complaint and without admitting or suggesting that Sanofi bears the burden of proof on any of the following issues, as separate and independent defenses and/or affirmative defenses, Sanofi states as follows:

1. The Supplemental Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim is barred because the CVR Agreement clearly and unambiguously provides that Sanofi is not obligated to pay Plaintiff's attorneys' fees, disbursements and expenses incurred in investigating, bringing and prosecuting the above-captioned action.

3. Plaintiff's claim is barred because Sanofi has not waived the benefit of the "American Rule."

4. Plaintiff's claim is barred because Plaintiff's interpretation of the CVR Agreement conflicts with other limitations, requirements, obligations, rights and/or mutual understandings embodied in the CVR Agreement.

5. Sanofi has performed all obligations it was required to perform under the CVR Agreement that form the basis for Plaintiff's claim and, thus, is not liable for the claim asserted.

6. Plaintiff's claim is barred for Plaintiff's failure to join indispensable parties.

7. Plaintiff's claim is barred because Plaintiff has not suffered any injury or harm as a result of any action or inaction by Sanofi.

8. The relief sought by Plaintiff is barred by the doctrines of laches, waiver, equitable estoppel, in pari delicto, unclean hands and/or other related equitable doctrines.

9. Plaintiff's claim is barred by Plaintiff's own actions, omissions, negligence and/or assumption of the risk.

10. Plaintiff's claim is barred to the extent Plaintiff failed to mitigate any alleged injury or damages.

11. Plaintiff's claim is barred to the extent that any other individual or entity has paid, or is obligated to pay, in whole or in part, the attorneys' fees, disbursements and expenses incurred by Plaintiff in investigating, bringing and prosecuting the above-captioned action.

12. Plaintiff's claim is barred because it lacks standing to maintain such a claim against Sanofi.

13. Sanofi reserves the right to assert additional defenses and/or affirmative defenses as may be appropriate.

WHEREFORE, Sanofi prays for judgment as follows:

1. For a judgment and decree dismissing the Supplemental Complaint with prejudice;

2. For a judgment and decree awarding costs, including attorneys' fees; and

3. For such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
July 15, 2016

Respectfully submitted,

 */s/ John A. Neuwirth*
John A. Neuwirth
Joshua S. Amsel
Stefania D. Venezia
Justin D. D'Aloia
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Sanofi*

WEIL:\95789690\1\71937.0101