3g6amec

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    AMERICAN STOCK TRANSFER &
     TRUST COMPANY, LLC.,
4
                     Plaintiff,
5
                v.                          15 CV 8725(GBD)
6
     SANOFI,
7
                     Defendant.
8
     ------------------------------x
9                                           New York, N.Y.
                                            March 16, 2017
10                                          9:45 a.m.

11   Before:

12                     HON. GEORGE B. DANIELS,

13                                          District Judge

14                           APPEARANCES

15   CAHILL GORDON & REINDEL, LLP
          Attorneys for Plaintiff UMB Bank, N.A., as Trustee
16   BY:  BRENT L. ANDRUS
          CHARLES A. GILMAN
17        MICHAEL B. WEISS

18   WEIL, GOTSHAL & MANGES, LLP
          Attorneys for Defendant Sanofi
19   BY:  JOHN A. NEUWIRTH
          JOSHUA S. AMSEL
20        STEFANIA DI TROLIO VENEZIA

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

3g6amec

1          (Case called; in open court)

2          THE COURT:  Good morning.

3          Let me turn to plaintiff first.  With regard to the

4    issues raised by the letters, if you simply intend to bring the

5    same claims, which are based on a violation of the CVR

6    agreement for failure to meet a milestone that it is most

7    appropriate to move to amend this complaint to add this as

8    another ground for such a violation.

9          I don't know what the parties' position are as to

10   whether or not this should be a separate lawsuit or whether you

11   should move to amend that this is simply just another ground

12   for your allegations that the defendant has violated the CVR

13   agreement basically in the same manner but not to the milestone

14   with regard to the drugs and that you would bring basically the

15   same counts with regard to your new anticipated claim.

16          THE COURT:  Is there some reason why this should be a

17   separate lawsuit?

18          MR. GILMAN:  Your Honor, a bit of background.  The

19   CVRs, the contingent value rights, are securities.  They are

20   actively treated on the NASDAQ.  They were issued to bridge a

21   valuation gap between the buyer, Sanofi, and the seller

22   Gemzyme, when they were negotiating a 20-plus-billion-dollar

23   merger.  There are two separate and distinct event driven

24   triggers for payment.

25          THE COURT:  I understand.  You are suing under the

3g6amec

1   same CVR agreement.

2           MR. GILMAN:  You are absolutely correct.

3           THE COURT:  Let me make sure I have it.  I don't want

4   to go through all the background.  I know most of it.  I don't

5   have any problems with you at this point at least moving to

6   bring these claims in a separate lawsuit or in this lawsuit.  I

7   am just trying to figure out whether your claim is going to be

8   a claim for violation of the CVR agreement, the same agreement

9   that is at issue here that, that your claim is going to be then

10  violated because they failed to meet a milestone, and the

11  nature of the counts that you intend to bring are the same kind

12  of counts that were already brought.

13          MR. GILMAN:  The reason that we thought of doing it

14  separately, but we have no difficulty at all doing it

15  separately and coordinated before your Honor.  It is that there

16  are different drugs involved in this milestones complaint that

17  we're talking about filing.

18          THE COURT:  It would still be a violation of the CVR

19  agreement --

20          MR. GILMAN:  You are right.

21          THE COURT:  -- based on the failure to meet a

22  milestones and you would still bring the exact same count.

23          MR. GILMAN:  Well, for different misconduct, your

24  Honor.

25          THE COURT:  If you have a breach of contract claim and

3g6amec

 1    you claim that I breached the contract in two different ways,

 2    you wouldn't bring two different lawsuits.

 3          MR. GILMAN:  Your Honor, we would be pleased to do it

 4    by amendment if the Court would prefer.

 5          THE COURT:  I am trying to figure out what your

 6    disagreement is.

 7          MR. GILMAN:  I don't know that there is a disagreement

 8    on that, your Honor.  Counsel for Sanofi had no problem in our

 9    bringing the action.  They just wanted it assigned to your

10    Honor, and we have no problem with that either.  The drugs are

11    different.  The standard of conduct is different.  The

12    misconduct is different.  We think largely the witnesses will

13    be different.

14          THE COURT:  How is the standard of conduct different?

15          MR. GILMAN:  Under the Lemtrada claims, which are the

16    ones your Honor has been focusing on, Sanofi has an obligation

17    to exercise diligent efforts in the approval with the FDA, the

18    development and commercialization.  The sales.

19          THE COURT:  I understand that.

20          MR. GILMAN:  In the case we're talking about now

21    dealing with two different drugs -- Cerezyme and Fabrazyme --

22    it is not approval at all.  It is not sales at all.  It is

23    manufacture.  These were two products that had trouble being

24    manufactured because of some cleanliness issues in a facility

25    in Massachusetts.

3g6amec

1          THE COURT:  Those obligations come out of the same
2     CVR.
3          MR. GILMAN:  Same contract, your Honor.
4          THE COURT:  And it would still be a breach of the same
5     agreement.
6          MR. GILMAN:  Correct.
7          THE COURT:  Look, if you agree you want to do it one
8     way or another, I am not going to stand in your way.  I just
9     want to know.
10         Defendant, do you think it should be the same
11    complaint or separate lawsuit?
12         MR. NEUWIRTH:  We have no objection to it being in the
13    same complaint.
14         THE COURT:  Does anyone have a preference?
15         MR. NEUWIRTH:  From the standpoint of whether it is
16    related or not, I don't want to take the Court's time.  We set
17    that out in our letter.  We clearly think it is related.  Same
18    contract.  Same contract provision.  Same parties.  Many of the
19    same witnesses.  From an expense and efficiency standpoint,
20    there is no question these claims are related.
21         THE COURT:  Does either one have a preference?  My
22    slight preference is for you moving to amend because then I can
23    give them an opportunity if they want to oppose the amendment
24    that they can tell me that they are opposing the amendment and
25    on what grounds.  Rather than getting a separate lawsuit and

3g6amec

1    then get a motion to dismiss with regard to the separate

2    lawsuit.  I don't want to spin my wheels.

3              MR. NEUWIRTH:  Your Honor, it sounds like it is a

4    claim for breach of our commercially reasonable efforts to meet

5    the production milestones, very similar to the claim that is

6    already in the case with respect to the approval of sale

7    milestones.  We Would suggest that plaintiffs file a motion to

8    amend.  We'll take a look at it quickly and I suspect that

9    we'll be able to consent.  We haven't seen it yet.  I think it

10   should be in this case as an amended claim, and we're not going

11   to object for the sake of objecting.

12             THE COURT:  The most efficient way for me to do it is

13   by letter application after you give them a copy of the

14   complaint, that you submit the proposed amended complaint, and

15   they can respond by letter if they have some grounds to object.

16   If they don't have grounds to object, then I am going to accept

17   it.  If they have grounds to object, then I am going to either

18   review those right away and either grant your letter

19   application to file the amendment, or I will bring you in and

20   discuss it immediately and then I will determine whether or not

21   I will allow you to amend it in that regard.

22             I don't want to go through another round of motions to

23   dismiss.  It is either going to be a complaint that on its face

24   not just consistent with my prior rulings in this case but

25   consistent with obviously your own independent obligation to

3g6amec

 1    allege a sufficient cause of action, that as long as they have

 2    no articulable objection or the nature of the objection is

 3    clearly already addressed by this Court and you can obviously

 4    anticipate on a similar ground even though they may have had a

 5    basis to dismiss.  If I have rejected that ground, then you can

 6    assume I am going to reject that ground unless you can

 7    articulate why this is a different application.  If you want to

 8    reserve your right to object, you can.  If I have already ruled

 9    on that basis, then you can anticipate I am not going to

10    entertain that as a serious objection.

11            MR. NEUWIRTH:  So I understand, your Honor, it sounds

12    like you would prefer us not to make a motion to dismiss where

13    we have already gotten guidance from the Court based on the

14    Court's prior ruling.  You are not foreclosing us from doing so

15    if we have an independent basis to do so.  I am not suggesting

16    that we will.

17            THE COURT:  I am not precluding you from opposing

18    their application to amend in that regard.  I don't want a

19    motion to dismiss.  I want your opposition to their amendment

20    and tell me why you oppose it.  If there is such an opposition,

21    I can address it.  What I don't want is to have them file the

22    motion and in 30 days from now I get another motion to dismiss

23    and then we're going through it for the next three months,

24    another series of motions on essentially the same breach of

25    contact.

3g6amec

 1          MR. NEUWIRTH:  I think that should be fine, your

 2     Honor.  There are different standards obviously on a motion for

 3     leave to amend and a motion to dismiss; but I think we should

 4     be able to work through it.

 5          THE COURT:  I think the appropriate standard at this

 6     point is on a motion to amend.  If they want to amend it in

 7     that regard and you see that amendment is futile or

 8     inappropriate in some way, let me know.  I assume that it

 9     depends on how fancy they get and the amendment saying you

10     violated the same agreement because you didn't meet certain

11     obligations.  Those obligations are spelled out in the

12     agreement and this is what we allege you didn't do that you had

13     an obligation to do in this contract.  You should proceed that

14     way.

15          How soon can you get them a copy and get me a copy?  I

16     want them to have a copy before I have one.

17          MR. GILMAN:  Monday.

18          I follow Judge Forrest's rule:  Never serve anything

19     on an adversary on a Friday if you can avoid it.

20          THE COURT:  You should file your papers on a Monday.

21          MR. GILMAN:  Thank you.

22          THE COURT:  Don't make everybody work over the

23     weekend.  Give it to them early.  And then at least give it a

24     day or two that they have it in their hand.  At least you know

25     they have it before I get it.

3g6amec

1              How quickly will you respond?

2              MR. NEUWIRTH:  I am trying to think through.  I

3    haven't seen it, your Honor, so it is a little tricky.

4              THE COURT:  Well, let's guess what it is going to be

5    about.

6              MR. GILMAN:  They did not move to dismiss.

7              THE COURT:  Unless you see a surprise.

8              MR. GILMAN:  They did not move to dismiss Count One of

9    the original complaint, which was the breach of contract.  This

10   is not going to be anything that you will move to dismiss I

11   don't believe or oppose.

12             MR. NEUWIRTH:  Your Honor, I would ask for just -- if

13   we can do it sooner, we will -- two weeks.

14             THE COURT:  All right.

15             MR. NEUWIRTH:  Thank you.

16             THE COURT:  Give me a copy early next week.  You give

17   me a copy before the end of the week.

18             Why don't you tell me whether or not you are opposing

19   the amendment on or before the 24th of March.

20             MR. NEUWIRTH:  Thank you, your Honor.

21             THE COURT:  Sorry, no.

22             31st of March.

23             MR. GILMAN:  Your Honor, how about if they let us know

24   sooner if they are not going to oppose, so we don't burn more

25   time.  If they are going to oppose, they have until the 24th or

3g6amec

 1  whatever the date.

 2          THE COURT:  As soon as you can.  Obviously if you look

 3  at it and right away you know you are not going to oppose --

 4          MR. NEUWIRTH:  If we know that right away, like I said

 5  we'll let you know sooner rather than later.  Otherwise, we

 6  have until the 31st.

 7          THE COURT:  That is what I will anticipate.

 8          With regard to the other two issues, this is what

 9  we're going to do for now:  With regard to the plaintiff's

10  demand for books and records, at this point particularly in

11  light of this process, I am not going to order anything other

12  than the appropriate discovery in this case at this point.

13  That should get you 90 percent of what you want rather than

14  some detailed examination of the books and records, which is

15  what is your ultimate claim.  So I don't see any reason to

16  issue any other order other than you file your amended

17  complaint, you make your demands for discovery.  And the

18  appropriate demands for discovery is what is appropriate for me

19  to order at this point rather than the ultimate relief that you

20  are requesting.

21          If you think that there is something that is not

22  discoverable during this litigation and somehow you should be

23  entitled to before you win this case, then you can let me know.

24  I cannot imagine if the abstract what it is that you think you

25  will get other than getting your numbers crunched or having

3g6amec

1     lawyers go bit by bit through the records at this point.

2              MR. GILMAN:  If I may address that.

3              THE COURT:  Yes.

4              MR. GILMAN:  In your Honor's opinion dealing with the

5     motion to dismiss, September 8, 2016 opinion, in Footnote No. 9

6     your Honor may recall that you found that the out milestones --

7     we're talking about the Lemtrada milestones for product sales,

8     Milestones 2, 3, 4, which did not have a payment date which had

9     yet come due, were not ripe.

10             THE COURT:  Right.

11             MR. GILMAN:  Those claims are not in the case and

12    counsel is not providing any discovery relating to ongoing

13    efforts.

14             THE COURT:  If they are not in the case, then it is

15    not my issue.

16             MR. GILMAN:  No, no, but that is why the trustee has

17    an absolute right.

18             THE COURT:  You said it is not in the case.  You

19    cannot just walk in and say, Judge Daniels, do me a favor and

20    force my right.  If it is part of this case, then I will make

21    sure in this litigation you get informed.  To simply say on the

22    side that it is not part of this case but I want you to order

23    them to do something, that is not appropriate.

24             MR. GILMAN:  If I may finish.

25             There are two aspects that we're looking at.  One is

3g6amec

1    the right of examination of books be records.  The other is the

2    right of independent audit.  They produced product sales

3    statements.  The contract requires them -- the contract before

4    this Court -- to produce product sales statement.  We have an

5    absolute right to designate an agreed independent auditor to

6    audit those statements.  Those are the statements that say

7    whether or not milestones --

8         THE COURT:  Have you requested that relief in your

9    complaint?

10        MR. GILMAN:  Yes.  We amended the complaint in Counts

11   Five and Six are before your Honor.  Counts Five and Six are

12   that they are refusing to allow us to audit the key statements

13   that we have a right to audit.

14        And, your Honor, on production Milestones 2, 3 and 4

15   we have a right -- Learned Hand speaking for this Court --

16        THE COURT:  I am not interested in Learned Hand right

17   now.  I am trying to get practical with what we're going to do.

18   I understand the legal obligations.  I am trying to figure out

19   what it is that you think you are entitled to with regard to

20   that relief that is different than what you think you are going

21   to get or entitled to with regard to discovery.

22        MR. GILMAN:  Discovery does not give us a national

23   accounting firm to audit the product sales statement.  The

24   contract before your Honor Claims Six in the contract --

25        THE COURT:  Until you win on that claim, I am not

3g6amec

1   going to give you that ultimate relief.  Right now I am going

2   to give you appropriate discovery with regard to the claims

3   that you have brought.  Unless they have a different position

4   and they agree with you.  Right now whatever you are entitled

5   to with regard to discovery, that is all I am going to order at

6   this point in time at this point in this litigation.

7          MR. GILMAN:  The enforcement of the contract is before

8   the Court.

9          THE COURT:  Right.  That is your ultimate relief.

10          MR. GILMAN:  The audit is not ultimate relief.  The

11   audit is the right to test.  It cannot be that Sanofi can

12   produce numbers and we are obligated to take them at face

13   value.  That cannot be.

14          THE COURT:  With regard to the dispute between them,

15   you are entitled to demand what you think is relevant to

16   proving your case --

17          MR. GILMAN:  And we have.

18          THE COURT:  -- in discovery.

19          If it is discoverable in discovery, that is what I am

20   going to order now.  If it is not appropriate discovery in this

21   litigation, I am not going to give you further relief with

22   regard to audits in the middle of this litigation.  If you

23   think you are entitled to some information with regard to

24   discovery, then you demand that information as a party in

25   discovery and be in a position to argue that you are demanding

3g6amec

1    that because that is appropriate discovery in this litigation.

2              MR. GILMAN:  We have and it has been refused.

3              THE COURT:  You should come to the Court and ask the

4    Court to compel them to comply with your discovery requests.

5    That is the orderly process to deal with those issues while

6    this case is being litigated.  So if you appropriately demanded

7    discovery that you say that you would be not independently

8    entitled to because I am not here to do that.  I am here to

9    give you right now what you are entitled to in order to prevail

10   on your ultimate claims in order to be able to prove your case.

11   If you have articulated that you need certain things and that

12   you can articulate why that is appropriate discovery to have in

13   this litigation that will further your case and further your

14   claims, then you request that from them.  And if they refuse,

15   then you come to the Court and you say you appropriately asked

16   them for this as discovery.  It is appropriate discovery.

17   We're legally entitled to it as a party to a litigation, not

18   independently entitled to it but as a party to litigation, and,

19   Judge, you should enforce that discovery request; if they

20   refuse and you convince me that you are entitled to it as a

21   party while this litigation is going on, then I will tell them

22   that they must respond as a party in litigation to that

23   discovery request if it is an appropriate discovery request.

24   Whether you are entitled to an audit independent of this

25   litigation, I am not going to get involved.

3g6amec

1          MR. GILMAN:  The right to an audit is in this

2    litigation.  It is Count Six of the complaint.

3          THE COURT:  But that is your ultimate relief that you

4    are asking for.  You say you will prevail in this case because

5    you have a right to an audit.  You want to prove that, you want

6    to prove that earlier, you want to do that discovery upfront,

7    and then give me summary judgment motion, you can do whatever

8    you want to do.  I am not here to advise you how to proceed.  I

9    am just going to tell you how I am going to react.  I am not

10   going to pick a count to give you your relief at this stage of

11   the proceeding.

12         You want to fully establish that you are entitled to

13   it and that that issue is resolved in this litigation, then you

14   will get the ultimate relief that you asked for; but right now

15   I am not going to order the audit simply because it is the

16   ultimate relief you are asking.  I am not going to order

17   anything other than what you would be entitled to in discovery

18   as a party to support that or any other claim.

19         MR. GILMAN:  The contract says that if you allow three

20   years to go by without requesting and doing an audit on the

21   product sales -- this is not an audit of Sanofi.  This is an

22   audit of a single sheet of paper.  That's what it is about.

23         THE COURT:  I understand.

24         MR. GILMAN:  If we don't do the audit, the contract

25   says their number because "conclusive."  So we're trying to do

3g6amec

1    an audit to see whether the numbers they are producing are

2    supported.

3              THE COURT:  I cannot imagine that they will prevail on

4    that argument if you demand the audit and they refuse and you

5    are legally entitled to it.

6              MR. GILMAN:  We have demanded it.

7              THE COURT:  Then I doubt that they will prevail on

8    that argument that you somehow waived your right.  I don't know

9    how clearer than I can be what I am going to order right now.

10   Right now I am not going to order the ultimate relief that you

11   say you are asking for in your complaint that you would be

12   entitled to if you proved your case.  That is what it is.  This

13   is not interim relief.  This is not an injunction that you are

14   asking me for.

15             As I say, if you can think of something that you think

16   that you need now or that would advance this lawsuit, then ask

17   for it in discovery.  If you are entitled to it as a part any

18   discovery and they don't have a legitimate reason to make an

19   argument that you are not entitled to it at this point in this

20   litigation as to further this litigation, then I will order

21   them to produce it.  Unless you two can come to some other

22   understanding how you are going to deal with it, the record is

23   clear that you demanded the audit and they have refused.  Now,

24   what the consequences of that are for you or them that is what

25   this litigation is about.  That is why it is a claim.

3g6amec

1          MR. GILMAN:  Hypothetically, your Honor, if the audit

2     demonstrated that one of the milestones in fact had been met

3     despite Sanofi's statements to the contrary, that rolls into

4     every other count in the complaint.  It is not ultimate relief,

5     your Honor.  It is the interim building of what the true facts

6     are, not what they are saying, but what is verified by an

7     independent accountant.  Again, it is not a full-blown audit of

8     the company.  It is a very discrete thing.  It is a matter of

9     absolute right.  It is not discretion.

10          THE COURT:  I understand your argument.  My position

11     is still the same.

12          MR. GILMAN:  Okay.

13          THE COURT:  You want it, you demand it as a discovery

14     request in this litigation.  I am only going to order any

15     relief at this point, the relief that I will order is what you

16     would be entitled to as a party in litigation.  I don't know if

17     you think you will get 90 percent of what you want or

18     50 percent of what you want.  You made your demand.  They

19     responded to it.  If you think that they responded to it

20     inappropriately by refusing a legitimate discovery request that

21     you would be entitled to in this litigation, then tell me.  If

22     you convince me, I will tell them to give you -- open their

23     books and records and give you to whatever else you think you

24     would be entitled to to prove your case.  I am not going to

25     give you any further relief in that regard at this point.

3g6amec

1          Is there anything helpful that you want to add at this

2     point?

3          MR. NEUWIRTH:  No, your Honor.

4          THE COURT:  Obviously both parties know the nature of

5     the information that would put this issue to rest.  If you

6     think that they have information that indicates that they did

7     or didn't meet the milestone, I assume you requested it.  If

8     they think they have information that indicates that they did

9     or didn't meet the milestones, I assume they are going to

10    produce it.  Make your discovery demand and see what is

11    appropriate discovery in this litigation.

12         As I have given you an opportunity to combine the two

13    cases rather than make it separate cases, that broadens the

14    demand because you are obviously entitled to discovery with

15    regard to both or all of the drugs.

16         MR. GILMAN:  That's fine.  The audit was to expedite

17    and facilitate the trial of this case because the results of

18    the independent auditor will be binding on the parties as

19    opposed to if he argues and I argue.  We'll do it the other way

20    and obviously abide by your Honor's ruling.

21         THE COURT:  So move forward with relevant discovery

22    requests that are appropriate to the claims.  That is basically

23    my position.

24         MR. GILMAN:  Your Honor, counsel for Sanofi pointed

25    out that coming here today we don't have a raft of discovery

3g6amec

1   motions.  There are none pending before your Honor, because I

2   personally was trying to avoid the need for judicial

3   intervention.

4           We're beyond that.  They have not produced any

5   documents on their European servers.  They have refused to

6   produce and haven't produced by delays any documents on Count

7   Two of the complaint.

8           What they produced and they talk about is 11 million

9   pages of documents.  90 percent of that 11 million pages was

10  wrong and they had to redo it.  We have gotten virtually

11  nothing from them.

12          THE COURT:  I can deal with that very simply.  Any

13  outstanding discovery requests they should fully respond to and

14  produce the documents that are appropriate within 30 days of my

15  allowing you to amend the complaint.

16          MR. GILMAN:  Thank you, your Honor.

17          THE COURT:  I want those responses.  If there is some

18  reason why certain things that cannot be produced within 30

19  days, they should discuss it with you and tell you why they

20  cannot do it in 30 days and convince you that they need more

21  than 30 days.  Otherwise, it should all be responded to and

22  produced appropriately within 30 days of my accepting the

23  amended complaint.

24          MR. GILMAN:  They have had these demands for one year.

25          MR. NEUWIRTH:  Your Honor --

3g6amec

1          THE COURT:  Well, they have 30 more days.  I assume

2    you are going to make additional demands with regard to the new

3    claim?

4          MR. GILMAN:  Certainly.

5          THE COURT:  So it is going to be within 30 days of

6    receiving the complaint and within 30 days of whatever further

7    demands you think are appropriate to make with regard to the

8    new claim.

9          MR. GILMAN:  Thank you.

10         MR. NEUWIRTH:  Your Honor, if I may.  Counsel knows

11   fully well that there are no way to complete the discovery in

12   this case given the size of it 30 days from when they file

13   their amended complaint.

14         THE COURT:  Well, nobody said you have to complete

15   discovery in this case.

16         MR. NEUWIRTH:  The document --

17         THE COURT:  What you have to do is respond to their

18   outstanding discovery requests.  A response.

19         MR. NEUWIRTH:  Okay.

20         THE COURT:  To the extent that your appropriate

21   response is to produce documents, you should produce those

22   documents either within that period of time or tell them what

23   reasonable period of time that you will be able to produce

24   those documents.  If there is a disagreement whether that is a

25   reasonable period of type, it will be addressed by the Court.

3g6amec

1   If you come to an agreement that you will have it within 45 on

2   a certain issue rather than 30 days because there is some

3   reasonable basis that it is really going to take you that long;

4   but otherwise you have the discovery request, get your people

5   working on it and be ready to respond to that request.  I said

6   within 30 days of my accepting the amended complaint.  So you

7   have plenty of time to start working on it.

8            MR. NEUWIRTH:  Your Honor, there is a lot of history

9   left out of that recitation.  I don't want to bore the Court.

10           THE COURT:  I don't want to be bored.

11           MR. NEUWIRTH:  There were stays of discovery and all

12  sorts of things happening and there was a period of absolute

13  quiet from plaintiffs side from us.  Counsel here has been on

14  the scene for three months.  We will certainly respond to the

15  discovery requests to the extent they need to be responded to

16  in writing within your Honor's time frame that you just set

17  out.  Counsel knows that when it comes to completing the actual

18  production of documents, that that is going to take longer.

19  The parties have been negotiating that and we're very close --

20  or at least we were as of two weeks ago on a potential schedule

21  submitted to the Court -- and I suspect when we sit down to

22  talk, we'll come to an agreement.

23           THE COURT:  What I am going to do is I want you to

24  agree upon a new scheduling order, a new case management plan

25  within 30 days and submit it to this Court.

3g6amec

1          MR. NEUWIRTH:  That's fine.

2          THE COURT:  I expect you to confer within 14 days of

3     today and I expect a new scheduling order within 30 days.

4          MR. NEUWIRTH:  That's fine.

5          MR. GILMAN:  Fine.

6          THE COURT:  Finally, with regard to a special master,

7     I am not appointing a special master.  If there is substantive

8     disputes that arise, I will either consider addressing them

9     myself or consider sending them to the magistrate judge.  At

10    this point I see no need to appoint a special master.

11          Frankly, neither side has given me any complex issue

12    that needs someone else's help other than your own to solve

13    these problems.  These are not complicated issues.  Those are

14    the deadlines.  That is what I expect.  That is what you should

15    expect.  Use that as your guidance and move forward.  As soon

16    as you hit a roadblock, you let me know.  As I say, if it is a

17    genuine dispute, if you asked the other side for X and they

18    have refused, I expect you to make your demand, and I expect

19    the other side to respond to those promptly, and I expect the

20    response to be:  Here it is, I will produce it within this

21    reasonable amount of time, I am not going to produce it because

22    I don't think you are entitled to it, or I don't have it.

23    Those are the responses.

24          MR. NEUWIRTH:  Thank you, your Honor.

25          THE COURT:  If you are not going to refuse to produce

3g6amec

1   documents, I want the other side to know what the reasonable

2   time that they can expect to receive those documents.  I expect

3   them to be within 30 days, unless you come to some other

4   agreement, or you believe that the other side is being

5   unreasonable about the time period and you can let me know.  If

6   you propose separately, then I can decide by letter whether or

7   not to move forward.

8            MR. GILMAN:  One closing note.  On February 28th,

9   2017, two clinical trials came in on Lemtrada.  It is the

10  closest thing to a cure of remitting multiple sclerosis as

11  there is anywhere.  Your Honor, the studies --

12           THE COURT:  That sounds nice.  What do you want me to

13  do about it?  I am the lawyer; not the doctor.

14           MR. GILMAN:  This litigation is fundamentally

15  important --

16           THE COURT:  All litigation is important.

17           MR. GILMAN:  -- for a host of reasons.

18           THE COURT:  Is there something you want me to do to

19  make it more important?

20           MR. GILMAN:  No, your Honor.

21           THE COURT:  Let's save the speeches and get to work

22  and let's move forward and move forward efficiently.  If you

23  think this case should be moving forward more expeditiously

24  than it is, you tell me what you suggest and I will consider

25  it.  I think I put you on a schedule that is reasonable to get

3g6amec

1    it done.  It saves you time rather than to add time to this

2    litigation in comparison to what you originally asked for.

3            Get the amended complaint in.  As soon as I get it, I

4    will review it.  If they don't oppose it, then I want to know

5    right away and you'll be able to move forward.

6            If you have responses within 30 days to your

7    outstanding requests, you can make a further request and you

8    tell me what is a reasonable schedule.  The thing is that

9    rather than have any problems from you, I would like to have

10   the solutions.  Spend more time speaking to each other.  If you

11   propose a reasonable solution, I will accept it.  If I have

12   impose one on you, one of you is not going to be happy.  You

13   know what my approach is.  Don't do what you want to do.  Do

14   what you think I would do.  Let's move forward.

15           I will schedule a conference within 60 days.  If you

16   have some issues, we'll meet them.  If you don't have issues,

17   we have a scheduling order and an amended complaint and you are

18   moving forward with discovery, we can adjourn it to another

19   date beyond that.

20           I am going to set it down for May 18th.

21           MR. NEUWIRTH:  May?

22           THE COURT:  May 18th at 9:45.  If we don't need to

23   meet on that day, we'll postpone.  I think that you should be

24   able to solve most of your issues with that guidance.

25           Anything else we need to addressed today?

3g6amec

1          MR. GILMAN:  No, your Honor.

2          THE COURT:  Anything further?

3          MR. NEUWIRTH:  No, your Honor.

4          THE COURT:  See you May 18th unless I hear from you.

5                              o0o