



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/17

July 5, 2017

Steven Paradise
D 212.530.1930
F 917.344.8930
sparadise@rkollp.com

BY ECF AND HAND DELIVERY

The Honorable James C. Francis
United States Magistrate Judge for the
 Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

Re:   *UMB Bank, N.A. v. Sanofi*, Case No. 15 Civ. 8725 (GBD) (JCF)

Dear Magistrate Judge Francis:

    We and Kleinberg, Kaplan, Wolff & Cohen, P.C. ("KKWC") write on behalf of twenty-three non-party current and former holders of contingent value rights ("CVRs") who have been subpoenaed by defendant Sanofi in connection with the-referenced action (collectively, the "Subpoena Recipients").[1] We write in response to Defendant Sanofi's June 30, 2017 letter (ECF No. 113) and to join in the letter request by Plaintiff UMB Bank, N.A. ("Plaintiff" or the "Trustee") that the Court quash Sanofi's non-party subpoenas (the "Subpoenas") and enter a protective order. (ECF No. 111).

    First, for the reasons set forth in Plaintiff's June 19, 2017 letter and July 5, 2017 reply letter (ECF No. 115), the Subpoena Recipients join in Plaintiff's request that the Court quash the Subpoenas and enter a protective order. The discovery Sanofi seeks is inappropriate and unduly burdensome to the non-party Subpoena Recipients. The Subpoenas call for, among other things, sensitive, proprietary information regarding the Subpoena Recipients' general investment

---

[1] The following Subpoena Recipients are represented by the undersigned and/or KKWC: Chimney Rock Investments, LLC; CSS, LLC; ELS Advisory Corporation; Elliott Management Corporation; Elliott International, LP; Foxhill Opportunity Fund, LP; Halis Family Foundation; The Liverpool Limited Partnership; Lorin Capital Master Fund, LP; Mason Capital Management LLC; Pandora Select Partners, LP; PBB Investments I, LLC; Rangeley Capital Partners, LP; Stonehill Institutional Partners, LP; Stonehill Master Fund Limited; Tortus Capital Management, LLC; Tyndall Management, LLC; Tyndall Partners, LP; Whitebox Advisors LLC; Whitebox Asymmetric Partners, LP; Whitebox GT Fund, LP; Whitebox Institutional Partners, LP; and Whitebox Multi-Strategy Partners, LP. The Subpoena Recipients include Holders who are signatories to the Funding Agreement, Holders who are not signatories and former Holders. Sanofi's statement that the subset of CVR Holders who entered into the Funding Agreement with the Trustee are "all hedge funds" (ECF No. 113 at 3) is incorrect, and also irrelevant.

The Honorable James C. Francis                                                                 Page 2
July 5, 2017

strategies and their specific investment intentions with respect to the CVRs, all of which are wholly unrelated to the matters at issue in this action.

Second, contrary to the implication in Sanofi's counsel's letter, the Subpoena Recipients have not agreed to produce documents in response to the Subpoenas. The Subpoena Recipients only obtained an extension of time to July 14, 2017 to object or otherwise respond to the Subpoenas. In that connection, they stated only that to the extent the production of documents is appropriate and/or possible, in the case of certain clients, there would be an attempt to begin production by the end of July, and in the case of other clients, production would be made with appropriate expedition. To be clear, there was no agreement or promise that any Subpoena Recipient would produce any documents in this action. Indeed, counsel for the Subpoena Recipients obtained extensions of time to respond to the Subpoenas shortly after being engaged in this matter and prior to the filing of Plaintiff's letter requesting permission to move to quash and for a protective order. As further reflected in the Plaintiff's June 19th and July 5th Letters, the requested discovery is wholly inappropriate and designed to harass and burden the Subpoena Recipients. The motion to quash and for a protective order, therefore, should be granted.

Third, pursuant to Federal Rule of Civil Procedure 45(d)(1), Defendant is obligated to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Here the burden and expense of discovery on the Subpoena Recipients is particularly disproportionate to any legitimate need for such discovery in light of the substantial amount of documents Plaintiff has already produced in response to many of the same or similar requests. Defendant generally describes the Subpoenas as seeking documents "regarding the initiation of this action, the CVRs and the relevant CVR Agreement, specific communications between CVR Holders and other persons, basic background documents such as organizational charts and investment strategies, and, for those who are signatories, documents relating to the Funding Agreement." (ECF No. 113 at 6.) Notwithstanding that many of the requests seek categories of documents that are wholly irrelevant to this action or otherwise highly confidential and proprietary, it is our understanding that any such non-privileged documents relating to communications with the Trustee concerning this action have already been produced by and/or sought from the Trustee (or the predecessor trustee, American Stock Transfer & Trust Company, LLC ("AST")). Thus, we respectfully submit that Defendant's second "bite at the apple" through the Subpoenas is inappropriate and a transparent attempt to unduly burden the Subpoena Recipients, whom contrary to Defendant's unsupported assertion (ECF No. 113 at 5, 6 n.8.), have never given any instructions or directions to the Trustee (or AST) regarding the conduct of this litigation.

Case 1:15-cv-08725-GBD-RWL   Document 120   Filed 07/06/17   Page 3 of 3
Case 1:15-cv-08725-GBD-JCF   Document 117   Filed 07/05/17   Page 3 of 3

The Honorable James C. Francis                                             Page 3
July 5, 2017

Finally, we respectfully request that the Court grant Plaintiff's request to extend the time for the Subpoena Recipients to provide written responses and objections to the Subpoenas until fifteen days after the Court rules on Plaintiff's motion.

Respectfully submitted,

*/s/ Steven Paradise*
Steven Paradise
RICHARDS KIBBE & ORBE LLP

And

*/s/ David Parker*
David Parker
KLEINBERG KAPLAN WOLFF & COHEN, P.C.

cc: Counsel of Record.

7/6/17

Application granted.
SO ORDERED.
James C. Francis IV
/s/ JCF