# CAHILL GORDON & REINDEL LLP

EIGHTY PINE STREET

NEW YORK, NY 10005-1702

L. HOWARD ADAMS
ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
KEVIN J. BURKE
JAMES J. CLARK
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL
PIERRE M. GENTIN

CHARLES A. GILMAN
ARIEL GOLDMAN
JASON M. HALL
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER*
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE
JOEL H. LEVITIN

GEOFFREY E. LIEBMANN
BRIAN T. MARKLEY
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN
JOHN SCHUSTER

MICHAEL A. SHERMAN
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
SEAN P. TONOLLI*
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
S. PENNY WINDLE
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

*ADMITTED IN DC ONLY

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

———

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

———

WRITER'S DIRECT NUMBER

(212) 701-3403

March 2, 2018

Re:   *UMB Bank, N.A., as Trustee* v. *Sanofi*, 15 Civ. 8725 (S.D.N.Y.) (GBD)
      (RWL) Letter Motion to Compel the Production of Documents

Dear Magistrate Judge Lehrburger:

I write as counsel for Plaintiff, UMB Bank, N.A., as Trustee to raise a discovery dispute concerning Defendant Sanofi's withholding, based solely on attorney client privilege, of documents that have been shared with non-attorney, third party business consultants and advisors that assisted on financial, marketing, public relations, commercialization, and market research matters (collectively, "third-party communications").[1]  To illustrate Sanofi's practice, attached as Exhibit B is an email ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.[2]  No conceivable privilege shields the production of this document.  Evaluation of Sanofi's privilege log reveals hundreds more examples of this improper practice.  Counsel have conferred and are unable to resolve this dispute.

---

[1] A listing of these non-attorney third parties is provided in Appendix A hereto.

[2] The Trustee is not able to share a privilege log entry for this document because Sanofi has refused to provide a privilege log for *any* of the *thousands* of documents with "redactions for privilege."  We have never heard of such a thing.  Sanofi's failure to provide a privilege log for "redactions for privilege" itself constitutes a waiver of privilege.  *See SEC* v. *Yorkville Advisors, LLC*, 300 F.R.D. 152, 167-68 (S.D.N.Y. 2014) (Pitman, M.J.) (collecting dozens of cases).

- 2 -

Sanofi has thus far produced seven privilege logs cataloguing its withholding of over 8,000 documents. After we noted substantial deficiencies in Sanofi's initial two logs, Sanofi re-did them, producing some additional documents previously withheld. However, Log #1 dated July 31, 2017 (as revised September 29, 2017) and Log #2 dated September 29, 2017 revealed that Sanofi was still improperly withholding *hundreds* of these third-party communications as privileged. We conferred with counsel for Sanofi and Sanofi committed to "de-designate and produce any that, on further review, we conclude are not subject to privilege." But revisions to the previous logs and newly produced logs still contain *hundreds* of examples of improper withholding.[3] Counsel for Sanofi has informed us that it has completed the review of its privilege logs and will not de-designate any further communications withheld as privileged.

When pressed as to the basis for this massive withholding of documents shared with dozens of business consultants and advisors (that assisted on financial, marketing, public relations, commercialization, and market research matters), Sanofi referred to the "*Kovel* doctrine," with reference to *United States* v. *Kovel*, 296 F.2d 918 (2d Cir. 1961), and to the "common interest doctrine." The *Kovel* and common interest doctrines are not privileges. They are non-waiver doctrines, and are narrowly construed. Neither applies to the facts here.

*Kovel* only applies where the third party's role was "necessary, or at least highly useful, for the effective consultation between the client and the lawyer." *Kovel*, 296 F.2d at 922. The third party must have acted as "a translator or interpreter of client communications." *United States* v. *Ackert*, 169 F.3d 136, 140 (2d Cir. 1999); *see CAC Atlantic LLC* v. *Hartford Fire Insurance Company*, 2017 WL 448957, at *1 (S.D.N.Y. Jan. 19, 2017) (Francis, M.J.) (rejecting expansive reading of *Kovel*). That the third party "significantly assisted the attorney in giving his client legal advice" or proves "important to the attorney's ability to represent the client" is not enough. *Ackert*, 169 F.3d at 139 (rejecting claim of privilege for communications where the purpose of the communication was "to gain information and to better advise" the lawyer's client); *see Durling* v. *Papa John's International, Inc.*, 2018 WL 557915, at *3-*4 (S.D.N.Y. Jan. 24, 2018) (McCarthy, M.J.) and *AU New Haven, LLC* v. *YKK Corporation*, 2016 WL 6820383, at *2 (S.D.N.Y. Nov. 18, 2016) (Netburn, M.J.) (both discussing the "cabined" nature of the *Kovel* doctrine). "Ultimately, '[w]hat is vital to the privilege is that the communication be made *in confidence* for the purpose of obtaining *legal* advice *from the lawyer*.'" *United States* v. *Krug*, 868 F.3d 82, 86 (2d Cir. 2017) (quoting *Kovel*) (emphasis in original); *see Bloomingburg*

---

[3] Sanofi produced Privilege Logs #3 and #4 on October 30, 2017 and November 29, 2017, respectively. Log #3 catalogued the withholding of 85 more such third party communications. Thereafter, Sanofi produced revised versions of Logs #1 and #2 on December 4, 2017, and they still catalogued the withholding of 406 third party communications. Sanofi produced its fifth privilege log on December 29, 2017, its sixth privilege log on January 29, 2018 and its seventh log on February 28, 2018. Logs #5, #6 and #7 catalogued the withholding of 86 more third party communications. Based on Sanofi's privilege logs to date, Sanofi is withholding as privileged at least 577 communications authored by or shared with non-attorney third-party business consultants and advisers. We provide illustrative sample pages of Sanofi's privilege logs as Appendix C hereto. A complete set of Sanofi's privilege logs (which runs 855 pages) as well as copies of counsel's conferral correspondence are available upon request.

- 3 -

*Jewish Education Center* v. *Village of Bloomingburg*, 171 F. Supp. 3d 136, 141 (S.D.N.Y. 2016) (Forrest, J.) (*Kovel* does not apply when "the advice sought is that of the non-lawyer service provider, and not given to facilitate the legal advice provided by the lawyer").

Sanofi has made no effort to show that any of third parties listed in the logs were hired for anything other than to provide business advice. *See Scott* v. *Chipotle Mexican Grill, Inc.*, 94 F. Supp.3d 585, 592-94 (S.D.N.Y. 2015) (Netburn, M.J.) (finding a lack of evidence that defendant engaged consultant "for anything more than factual research and to assist [defendant] in making a business decision"). The engagement letters and service agreements with these third parties that we have seen explicitly disavow any fiduciary or agency relationships. Far from serving as agents or "interpreters," they were hired to provide financial, business, public relations and market research advice – none of which is covered by the attorney client privilege. Sanofi cannot point to any facts that these third parties were hired to "enable[] counsel to understand aspects of the client's own communications that could not otherwise be appreciated." *Calvin Klein Trademark Trust* v. *Wachner*, 198 F.R.D. 53, 55 (S.D.N.Y. 2000) (Rakoff, J.).

Nor does the "common interest" doctrine shield the third party documents being withheld by Sanofi. This narrow non-waiver doctrine applies only to documents that are otherwise privileged and requires Sanofi to demonstrate that the parties: (1) share a common legal interest with Sanofi; (2) the communications between Sanofi and the third parties were made in furtherance of that common legal interest; and (3) the communications relate to "litigation, either pending or anticipated." *Ambac Assurance Corp.* v. *Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 628-30 (2016). A "'business oriented' interest shared with another party is insufficient." *Egiazaryan* v. *Zalmayev*, 290 F.R.D. 421, 434 (S.D.N.Y. 2013) (Gorenstein, M.J.) (citation omitted). All of the third party communications withheld by Sanofi were made before Trustee filed this lawsuit, and Sanofi's privilege logs do not invoke the attorney work-product doctrine as to *any* of the documents here at issue. Sanofi has not even attempted to assert that the communications concerned anticipated litigation, and no common interest or joint defense agreement has been identified.

Sanofi, "[t]he party asserting the privilege[,] . . . bears the burden of establishing its essential elements." *United States* v. *Mejia*, 655 F.3dd 126, 132 (2d Cir. 2011); *see In re Grand Jury Subpoena*, 318 F.3d 379, 384 (2d Cir. 2003) ("The burden is a heavy one because privileges are neither 'lightly created nor expansively construed.'"). Sanofi has not met its burden.

There is no privilege that protects the third party communications at issue. We respectfully request that the Court order the production of the 577 third party communications withheld by Sanofi. We thank the Court for its consideration of this matter.

Respectfully submitted,

Charles A. Gilman

- 4 -

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Via ECF and Hand Delivery

cc:     Counsel of Record