**Plaintiff's Proposed Agenda for March 28, 2018 Status Conference**

A. **Pending Motions**

1. **Trustee's Motion for Partial Summary Judgment Concerning § 7.6(a) Audit Rights**

   - On December 19, 2016, the Trustee requested that Sanofi submit to an independent examination of its Product Sales Statements by an independent certified public accounting firm of nationally recognized standing pursuant to Section 7.6(a) of the CVR Agreement. On January 12, 2017, Sanofi refused.

   - The Trustee has moved for partial summary judgment on Count VI of its Second Amended Complaint (ECF 134-138) to compel Sanofi to cooperate in a Section 7.6(a) examination. The motion is fully submitted. *See* ECF 134-138 (Trustee motion papers); ECF 153-155 (Sanofi opposition papers); ECF 161 (Trustee reply papers).

   - On February 16, 2018, the Trustee reached out to Sanofi and proposed an independent accounting firm of nationally recognized standing that was not already the auditor for either party to conduct the examination. Counsel for Sanofi responded that it would be prepared to discuss the matter after the Court ruled on the motion.

   - By Order dated February 26, 2018 (ECF 169), the Hon. George B. Daniels referred the motion to the Hon. Robert W. Lehrburger for Report & Recommendation.

2. **The Trustee's Motion to Compel Production of Documents**

   - On March 2, 2018, the Trustee moved to compel the production of 577 documents authored by, sent to, or shared with non-attorney third-parties that Sanofi is withholding in their entireties on the sole ground of attorney client privilege. *See* ECF 170 (Trustee's moving letter); ECF 171 (Sanofi opposition letter).

   - By Orders dated March 8, 2018 and 16, 2018, the Court directed an *in camera* review of ten documents selected from Sanofi's privilege logs. *See* ECF 172 and 174. Both parties have submitted three case decisions to the court based on the Court's instructions. *See* ECF 176 and 177.

   - On March 19, 2018, the Trustee identified ten documents selected from Sanofi's privilege logs for delivery by Sanofi to the Court, as representative of the universe of documents authored by, sent to, or shared with non-attorney third-parties that Sanofi is withholding in their entireties on the sole ground of attorney client privilege. On March 22, 2018, Sanofi delivered the documents to the Court for *in camera* review.

B. **Ripe Discovery Disputes Requiring Judicial Intervention**

1. **Failure of Sanofi to Provide Any Privilege Log for its "Redactions for Privilege"**

   - By Order dated April 17, 2017 (ECF 109), the Court entered a discovery plan and scheduling order, directing the parties to produce privilege logs on a rolling basis.

CAHILL GORDON & REINDEL LLP

- 3 -

- By Order dated November 6, 2017 (ECF 146-1), the Court amended the discovery plan and scheduling order, directing the parties to substantially complete production of documents by March 30, 2018, and further directing the parties to continue to produce supplemental privilege logs every 30 days with a final log to be provided as soon as practicable after March 30, 2018. Depositions, other than experts, are to occur on or before June 29, 2018.

- Sanofi has produced approximately 5,000 documents containing "redactions for privilege." Sanofi has not provided any privilege log for any of these redactions, and it is well-settled that Sanofi's failure to do so constitutes a waiver of any claimed privilege. *See SEC* v. *Yorkville Advisors, LLC*, 300 F.R.D. 152, 167-68 (S.D.N.Y. 2014) (Pitman, J.) (collecting dozens of cases). Sanofi says that it will "begin to include" documents that have been redacted in its next privilege log, but will not say when the logging of these documents will be completed.

- In light of the current schedule, which requires that depositions, other than experts, are to occur on or before June 29, 2018, the Trustee requests a conditional ruling that all privilege claimed by Sanofi is waived for all redactions unless Sanofi delivers a fully compliant privilege log for all redactions no later than April 13, 2018.

2. **Failure of Sanofi to Provide Any Privilege Log for Documents Withheld in Whole or in Part by Weil Gotshal on Grounds of Privilege**

- Nine months ago, Sanofi undertook to produce documents under its control (*see* Fed. R. Civ. P. 34(a)(1)) in the possession of its counsel Weil Gotshal, which served as counsel for Sanofi in the Genzyme acquisition. The Weil Gotshal documents were produced in August 2017.

- Local Rule 26.2(b) requires that a privilege log "shall be furnished in writing at the time of the response to such discovery. . . unless otherwise ordered by the court." *Shamis* v. *Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 892 (S.D.N.Y. 1999) (Sweet, J.) ("The requirement of specifying the privilege asserted in a log is more than a mere 'hypertechnicality' but rather is of great importance"). Eight months after the production of these documents, neither Sanofi nor Weil Gotshal has provided any privilege log for the Weil documents withheld in whole or in part on grounds of privilege, nor did Weil Gotshal seek or obtain an order from the Court to delay producing such a log. We have no idea what is being withheld. Where it has provided a privilege log, Sanofi has provided document-by-document privilege logs in this action. Upon request, the Trustee has done the same. We are informed that Weil will produce a "categorical" privilege log for the documents being withheld in whole or in part as soon as possible, but will not commit to when it will do so.

- In light of the current schedule, which requires that depositions, other than experts, are to occur on or before June 29, 2018, and in light of the problems that Sanofi has had with its privilege determinations, the Trustee requests a conditional ruling that all privilege claimed by Sanofi and/or its counsel Weil Gotshal is waived for all

CAHILL GORDON & REINDEL LLP

- 4 -

documents withheld in whole or in part from the August 2017 production, and all withheld documents must be produced, unless Sanofi delivers a fully compliant document-by-document privilege log no later than April 13, 2018.

3. **Sanofi's Improper Assertions of Privilege With Respect to French In-House Counsel Who Are Not Admitted to Any American Bar**

    - Sanofi has withheld from production under claim of attorney client privilege documents authored by or sent to French in-house counsel who are not admitted to any American bar. After the Trustee demonstrated that French in-house counsel who are not admitted to an American bar are not attorneys for purposes of invoking the attorney client privilege (*see Louis Vuitton Malletier* v. *Dooney & Bourke, Inc.*, 2006 WL 3476735, at *17 (S.D.N.Y. Nov. 30, 2006) (Doligner, M.J.)), Sanofi stated that it would undertake a re-review of its withheld and redacted documents, and make a proper production of documents, but it will not say when it will do so.

    - In light of the current schedule, which requires that depositions, other than experts, are to occur on or before June 29, 2018, the Trustee requests an order directing Sanofi to produce all documents authored by or sent to in-house French attorneys (unless privileged for reasons other than them), and that Sanofi deliver a fully compliant privilege log for any French in-house counsel documents still withheld in whole or in part no later than April 13, 2018.

4. **Sanofi's Improper Privilege Assertions Concerning Individuals Who Were Incorrectly Identified as Practicing Attorneys Admitted to a Bar**

    - Before asserting attorney-client privilege, a party must ascertain that there is an attorney licensed to practice law on the subject communication, and that all other elements for invocation of privilege are met. *See In re Grand Jury Proceedings*, 219 F. 3d 175, 182 (2d Cir. 2000) ("It is well settled that '[t]he burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it.'"); *see also Fin. Techs. Int'l, Inc.* v. *Smith*, 2000 WL 1855131, at *3-*6 (S.D.N.Y. Dec. 19, 2000) (Ellis, M.J.) (corporations have duty to determine whether in-house counsel is lawyer if privilege is going to apply).

    - During discovery the Trustee challenged Sanofi's identification of 16 individuals as practicing attorneys admitted to a bar. Upon checking, Sanofi admitted that it had improperly treated 11 of those 16 individuals as attorneys for purposes of privilege (including some overlap with in-house French attorneys discussed in Item B.3. above). In light of this unusual situation, the Trustee has requested that Sanofi provide identification of contemporaneous bar membership for all individuals designated as attorneys on Sanofi's privilege logs. Sanofi has not agreed to do so.

    - In light of the current schedule, which requires that depositions, other than experts, are to occur on or before June 29, 2018, the Trustee requests an order directing Sanofi to deliver fully compliant privilege logs identifying the contemporaneous bar

CAHILL GORDON & REINDEL LLP

- 5 -

  memberships for all individuals designated by Sanofi as attorneys no later than April 13, 2018.

5. **Sanofi's Improper Assertion of Privilege with Respect to Communications Over Non-Private Email Accounts**

   - Sanofi is withholding numerous emails sent to board members and other individuals over their non-Sanofi employer email accounts. These are not generic personal email accounts – they are email accounts housed on the email systems of employers other than Sanofi. For example, Sanofi is withholding communications to Gail Boudreaux, the CEO of UnitedHealthcare, using her UnitedHealthcare email address for her work on Genzyme's board. There can be no reasonable expectation of privacy here for the purposes of protecting attorney client privilege. *Peerenboom* v. *Marvel Entertainment, LLC*, 148 A.D.3d 531, 532 (1st Dep't 2017) ("[CEO] lacked any reasonable expectation of privacy in his personal use of the email system of [] his employer, and correspondingly lacked the reasonable assurance of confidentiality that is an essential element of the attorney-client privilege."); *United States* v. *Finazzo*, 2013 WL 619572, at *7 (E.D.N.Y. Feb. 19, 2013) (Mauskopf, J.) ("A communication cannot be 'intended' to remain confidential, however, when made through a medium that subjects it to disclosure to third parties" and "[s]ending and receiving e-mails via an employer e-mail account…is one such example.").

   - The Trustee has requested that Sanofi produce all documents (whether withheld or redacted) that were sent to or by any person using their non-Sanofi employer's email accounts, or otherwise demonstrate how there was a reasonable expectation of privacy for the purposes of maintaining Sanofi's privileged material for emails housed on other corporations' email servers. (Sanofi could, for example, produce written policies of these non-Sanofi employers that demonstrate that there could be a reasonable expectation of privacy in using their employer's email systems). Sanofi has refused to do so and has declared an impasse.

   - In light of the current schedule, which requires that depositions, other than experts, are to occur on or before June 29, 2018, the Trustee requests an order directing Sanofi to deliver the requested information no later than April 13, 2018.

6. **Sanofi's Withholding of Documents Where There Is No Attorney on the Communication**

   - The attorney client privilege "only protects disclosure of communications." *Upjohn Corporation* v. *United States*, 449 U.S. 383, 395 (1981). In the absence of a confidential communication seeking or rendering legal advice, privilege cannot attach. At least 200 entries on the Sanofi privilege logs do not indicate that there was any attorney present on the listed communication. By failing to identify the attorney who purportedly provided the legal advice being discussed, the log fails to provide sufficient information to "enable other parties to assess the claim" in violation of Fed. R. Civ. P. 26(5)(A)(ii). *See Wultz* v. *Bank of China Ltd.*, 304 F.R.D. 384, 392

Cahill Gordon & Reindel llp

- 6 -

(S.D.N.Y. 2015) (Gorenstein, M.J.) (attorney-client privilege assertions insufficient where "there is no evidence connecting any of the documents on the privilege log sought by plaintiffs to any effort by [company] to obtain advice from [an attorney] or any request by [that attorney] to [company] in order to give such advice").

- The Trustee has requested that, where not already apparent, Sanofi identify the attorney who confidential legal advice is being given or requested in all documents that Sanofi is withholding in whole or in part of ground of attorney client privilege. Sanofi has agreed to provide this information, but will not say when.

- In light of the current schedule, which requires that depositions, other than experts, are to occur on or before June 29, 2018, the Trustee requests a ruling that Sanofi deliver the requested information no later than April 13, 2018.

7. **Sanofi's Withholding of Non-Privileged Attachments**

- A document does not become privileged merely because it is sent to a lawyer. *See Eastman Kodak Co. v. Agfa-Gevaert N.V.*, 2006 WL 1495503, at *4 (W.D.N.Y. Apr. 21, 2006) (Sigmond, J.) ("Merely attaching a document to a privileged or protected document does not make the attached document privileged.").

- The Trustee has identified to Sanofi more than 1,000 examples of documents that appear to be withheld merely because they were attached to documents sent to or from an attorney. Sanofi has agreed to review the log entries identified and produce non-privileged attachments, but it would not to commit to date of completion.

- In light of the current schedule, which requires that depositions, other than experts, are to occur on or before June 29, 2018, the Trustee requests a ruling that Sanofi complete its review and produce any improperly withheld documents no later than April 13, 2018.

8. **Sanofi's Redactions for Privilege**

- Despite not having any log for privilege redactions (*see* Item B.1., *supra*), the Trustee has attempted to evaluate Sanofi's numerous redactions and has alerted Sanofi to nearly 3,000 documents that the Trustee believes may have been improperly redacted for a variety of reasons, including: (i) a purported attorney was merely a recipient of the communication; (ii) there were no attorneys on the communication; (iii) the purported attorney was a French in-house counsel not admitted to an American bar; (iv) a third-party was on the communication; (v) the material redacted included patently non-privilege information, such as the author, addressees and recipients of the communication; and (vi) the discussions are non-legal (such as business implications of CVR Agreement obligations).

- As a result of the Trustee's analysis, Sanofi has agreed to re-review every privilege redaction it has made to date and to alter its review going forward to incorporate the meet and confer between the parties on this subject. However, again, Sanofi has not said by what date it will do this.

Cahill Gordon & Reindel llp

- 7 -

- In light of the current schedule, which requires that depositions, other than experts, are to occur on or before June 29, 2018, the Trustee requests a ruling that Sanofi complete its review and re-produce any improperly redacted documents no later than April 13, 2018.

9. **The Spoliation of Evidence**

   - One of the claims in this case involves what is referred to as the Production Milestone, relating to production of two already FDA-approved drugs at a Genzyme facility in Massachusetts. Approximately $400 million in milestone payments are keyed to this claim.

   - The facility had production problems prior to Sanofi's acquisition of Genzyme. Genzyme had hired an individual named Scott Canute to fix the plant problem and get production back on line. He was put in charge of the problem and by all accounts he was an expert in performing such tasks. Canute is an important witness in this case.

   - The issue is that, approximately four months after Sanofi acquired Genzyme, Canute's employment was terminated before the production problems were fixed.

   - We are informed by counsel for Sanofi that all of Canute's emails were purged – *i.e.*, destroyed. The same is apparently the case with at least three other individuals identified as relevant custodians for the Production Milestone. The Trustee has asked for information as to who authorized deletion of the electronically stored information of Canute and the others, and the basis, if any, therefore. Sanofi has declined to provide this information.

   - The Production Milestone was barely missed. It is a $400 million claim in this case. The purging of the emails of four key employees (whether willful or negligent) is an issue in this case.

   - In light of the current schedule, which requires that depositions, other than experts, are to occur on or before June 29, 2018, the Trustee requests that the Court: (i) direct Sanofi to identify on or before April 13, 2018 who authorized deletion of the electronically stored information of Canute and the others and the basis, if any, therefore; (ii) extend the date for service of documents requests until 20 days after Sanofi provides the information in subpart (i); and (iii) order that depositions on the issue of spoliation of evidence not count against the number of fact depositions that the Trustee is permitted in this action.

10. **Fact Depositions**

    - Pursuant to the current Scheduling Order (ECF 146-1), each party is entitled to 25 depositions and these depositions, other than depositions of experts, must occur on or before June 29, 2018.

- 8 -

- On February 23, 2018, the Trustee noticed the depositions of 14 Sanofi witnesses. Now, four weeks later, we have received from Sanofi proposed dates as to only two witnesses.

- The Trustee requests that Sanofi be directed to timely complete document discovery, provide the information requested above and cooperate in the scheduling of deposition discovery.