**Weil, Gotshal & Manges LLP**

BY ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**John A. Neuwirth**
+1 212 310 8297
john.neuwirth@weil.com

March 28, 2018

Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  *UMB Bank, N.A. v. Sanofi*, No. 15 Civ. 8725 (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

We write in response to Plaintiff's "Proposed Agenda" for today's status conference, which was submitted to the Court on March 23, 2018 (ECF No. 178).

With the exception of Plaintiff's Motion for Partial Summary Judgment and Plaintiff's Motion to Compel the Production of Documents (*see* ECF Nos. 134-38, 153-55, 161, 170-171), the other items identified by Plaintiff – namely, the "Discovery Disputes" set forth in Section B of the "Proposed Agenda," which comprise the bulk of Plaintiff's seven page submission – have been raised in violation of the Court's Individual Practices in Civil Cases.  Among other things, Section II.D of the Court's Individual Practices provides that, in order to raise a discovery dispute, a party must submit "an ECF letter motion to the Court."

Nevertheless, much of what Plaintiff seeks by way of an order from the Court is an April 13, 2018 deadline for Sanofi to complete various aspects of its privilege review.  However, Plaintiff has arrived at that date by mischaracterizing the operative schedule.  The operative schedule provides that "[t]he Parties will continue to produce supplemental privilege logs, if and as necessary, every 30 days until 30 days *after* the substantial completion of the production of documents,[1] *with a final log as soon thereafter as practicable*."  *Id.* (emphasis added).  Thus, the operative schedule contemplates that Sanofi has until at least some date in May to complete its privilege review and produce its final privilege log.

Plaintiff's attempt to impose an April 13 deadline is all the more unreasonable when viewed in the context of the overwhelming amount of discovery that it has requested and received from Sanofi to date.  Sanofi, to date, has produced 968,361 documents, totaling more than 18.4 million pages.  An additional

---

[1] The deadline for substantial completion of the production of documents is March 30, 2018.  (ECF No. 152).

Honorable Robert W. Lehrburger
March 28, 2018
Page 2

approximately 483,000 documents – constituting almost three million additional pages – will be produced on March 30. (Consistent with the operative schedule, Sanofi will be substantially complete with its document production on March 30.) Sanofi has also, at Plaintiff's request and without requiring Plaintiff to engage in motion practice, agreed to 71 individual document custodians and produced documents from many other data sources such as eRooms and sharepoint sites. In all, more than 140 formal document requests were served by Plaintiff, with many additional "informal" requests for documents and information made in extensive, written discovery correspondence, including as recently as March 5, 2018. Simply put, the amount of discovery that Plaintiff has sought in this case is massive.[2]

Given the sheer volume of documents sought by Plaintiff, Sanofi's privilege review has also been a significant undertaking. Although Sanofi, to date, has produced seven rolling privilege logs, a significant volume of additional documents remain to be reviewed. In order to complete the re-review that Sanofi has agreed to undertake (as noted in Plaintiff's "Proposed Agenda"), as well as to complete its ongoing privilege review and produce revised and final privilege logs, Sanofi needs until at least May 31, 2018. The imposition of a shorter schedule would not only be inconsistent with the current scheduling order, but also unfair to Sanofi in light of the discovery burden imposed on it as outlined above.

Respectfully submitted,

*/s/ John A. Neuwirth*
John A. Neuwirth

cc:     Counsel of Record

---

[2] During the parties' conference with the Court on November 16, 2017, Your Honor remarked that "[i]t does concern me that there have been millions and millions of pages of documents produced in any case. There will never be millions and millions of pages used in trial. . . . I would encourage the parties certainly to really try to focus on what's important and to streamline as much as possible." Nov. 16, 2017 Conf. Tr. at 10:23-25, 11:3-5. Plaintiff has made little effort to streamline its discovery demands.