UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMB BANK., N.A., *as Trustee*,<br><br>        Plaintiff,<br><br>    - against –<br><br>SANOFI,<br><br>        Defendant. | Docket No. 1:15-cv-08725 (GBD) |

## DECLARATION OF MICHAEL B. WEISS

**MICHAEL B. WEISS**, an attorney admitted to practice before this Court, declares, under penalty of perjury, pursuant to 20 U.S.C. § 1746, that the following is true and correct.

1. I am a member of Cahill Gordon & Reindel LLP, counsel for Plaintiff UMB Bank, N.A., as Trustee.

2. In the evening of May 22, 2018, Defendant Sanofi served its Response (ECF 191) to the Trustee's Objections (ECF 190) to the April 12, 2018 Report & Recommendation of Magistrate Judge Lehrburger (ECF 185, 189). In that Response, Sanofi states that it "has already produced the detailed back-up files for *each* Product Sales Statement for the period covering the fourth quarter of 2013 through and including the fourth quarter of 2016." ECF 191, at 6 (emphasis in original). *See also id.* at 7, 9 and 10.

3. On May 23, 2018, I had a telephonic conversation with Stefania Di Trolio Venezia ("Ms. Venezia"), the attorney at Weil, Gotshal & Manges LLP, counsel for Defendant Sanofi, who has been the primary contact with respect to discovery issues in this litigation to discuss the foregoing statement, which I did not understand to be accurate.

4. I asked Ms. Venezia if the reference in the statement to the Court to "detailed back-up files for *each* Product Sales Statement" referred to any documents produced to the Trustee in the litigation other than the summary spreadsheets themselves. Ms. Venezia stated that, other than any incidental production of documents, the answer is "no."

5. I asked Ms. Venezia whether the statement to the Court that the Trustee can "verify the numbers in these files" because "each of these files contains, among other things, in dozens of separate sections, the sales data – including *all* of the gross-to-net deductions – for *each* of the dozens of countries for which Lemtrada is sold, as well as the exchange rate used for each country" referred to any documents or information other than just the numbers set forth in the summary spreadsheets themselves. Again, Ms. Venezia stated that, other than any incidental production of documents, the answer is "no."

6. I asked Ms. Venezia to open on her computer the summary spreadsheet that Sanofi had provided and that is attached as an exhibit to the Trustee's Objections. We confirmed that we both had the same document open and that we were looking at same summary spreadsheet.

7. Ms. Venezia confirmed that, other than any incidental production, Sanofi had not produced any of the underlying documents which formed the basis for the numbers in the summary spreadsheet.

8. Ms. Venezia confirmed that Sanofi had not produced, other than any incidental production, any of the files from which the summary spreadsheet had been produced.

9. Ms. Venezia confirmed that Sanofi had not produced, other than incidentally, any of the source files or documents identified in the summary spreadsheet. As an example, I asked about the "SAP KE30 Report" referenced at, inter alia, cells K9 and K17 of the Germany tab; Ms. Venezia confirmed that these documents had not been produced, if they still existed.

2

10. I further inquired about specific "cells" in the summary spreadsheet and Ms. Venezia stated that, to her knowledge, Sanofi had not produced any of the source files or underlying documents that were used to populate those cells or that could verify the accuracy of the information in those cells.

11. I asked about cell D22 under the tab marked "US". That cell, which reflects the most significant deduction in the Product Sales for the applicable Product Sales Statement, has no back-up file or verification. Ms. Venezia confirmed that, other than incidentally, no documents have been produced with respect to any such deductions or that would permit "verification" that any such deductions were actually made.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

_____
Michael B. Weiss