# **EXHIBIT A**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMB BANK, N.A., as Trustee,<br><br>    Plaintiff,<br><br>  v.<br><br>SANOFI,<br><br>    Defendant. | Case No. 15 Civ. 8725 (GBD) (RWL)<br><br>ECF CASE |

**SANOFI'S [PROPOSED] SUR-REPLY
REGARDING PLAINTIFF'S OBJECTIONS TO PART TWO OF
<u>THE MAGISTRATE JUDGE'S APRIL 12, 2018 REPORT AND RECOMMENDATION</u>**

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                (212) 310-8000

                *Attorneys for Sanofi*

Dated: May 29, 2018

Sanofi respectfully submits this Sur-Reply in response to Plaintiff's Reply in Support of Its Objections to Part Two of the April 12, 2018 Report and Recommendation on the Trustee's Motion for Summary Judgment Regarding its 7.6(a) Audit Right (the "Reply").

## ARGUMENT

As Sanofi explained in its Response to Plaintiff's Objections to the R&R (ECF No. 191 at 10-11), Sanofi has already produced the detailed back-up files for *each* Product Sales Statement for the relevant period, which files contain, in dozens of separate sections, the sales data – including *all* of the gross-to-net deductions – for *each* of the dozens of countries in which Lemtrada is sold, as well as the exchange rate used for each country. Neither Plaintiff's Reply nor the Declaration attached to it refutes this fact. Rather, Plaintiff's Reply merely asks for "more." But Plaintiff made this same request to Magistrate Judge Lehrburger, who *twice* correctly rejected it (the first time in the R&R and the second time in his April 24 Order reinstating the R&R) on the grounds that: "[T]he audit will impose substantial burdens, such as expense and disruption, on Sanofi that will only add to the substantial burden it already has incurred in producing millions of pages of documents in response to [Plaintiff's] extensive discovery requests. . . .  The number of Lemtrada sales, their timing, and their relationship to the milestone marks are part and parcel of discovery in the litigation.  Each side will have the opportunity to analyze the sales figures regardless of whether an independent audit is conducted. . . . [D]eferring enforcement of [Plaintiff's] audit right pending litigation that seeks to discover and develop the same sales data does not pose any significant risk of harm." R&R at 15-16.  Simply put, Plaintiff's unquenchable desire for "more" is not an appropriate basis to disturb Magistrate Judge Lehrburger's well-reasoned conclusion.

Plaintiff is also incorrect that performing an audit now would in any way expedite this litigation. While Plaintiff argues that "an independent audit by a nationally recognized accounting firm verifying the numbers produced by Sanofi will end any dispute with respect thereto," Reply at 4, as Magistrate Judge Lehrburger correctly recognized (ECF No. 185 at 15), there is no requirement under Section 7.6(a) of the CVR Agreement that the parties accept the findings of the independent auditor and, as such, there is sure to be a battle of experts analyzing, interpreting, and opining on the Product Sales Statements even if an audit were to occur.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Sanofi's initial Response, Sanofi respectfully requests that the Court overrule the Objections and adopt the R&R.

Dated: New York, New York  
       May 29, 2018

*/s/ John A. Neuwirth*  
John A. Neuwirth  
Joshua S. Amsel  
Stefania D. Venezia  
Sean Moloney  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153  
Tel:  (212) 310-8000  
Fax:  (212) 310-8007  

*Attorneys for Sanofi*