USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 29 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UMB BANK, N.A.,

       Plaintiff,

 -against-

SANOFI,

       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

15 Civ. 8725 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff UMB Bank, N.A., in its capacity as Trustee for shareholders of Contingent Value Rights (the "CVR Shareholders") in the multiple sclerosis drug Lemtrada, brought this action against Defendant Sanofi, successor in interest to Lemtrada's developer, Genzyme Corporation, asserting various causes of action arising from a Contingent Value Rights Agreement (the "CVR Agreement"). (*See* Second Am. Compl., ECF No. 125.) Plaintiff moves for partial summary judgment on Count VI of its Second Amended Complaint, which seeks a declaratory judgment that Defendant has breached its obligations under § 7.6(a) of the CVR Agreement relating to Plaintiff's right to an independent audit.[1] (*See* Notice.) Plaintiff also seeks immediate entry of judgment in its favor pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (*See id.*)

  Before this Court is Magistrate Judge Robert W. Lehrburger's April 12, 2018 Report and Recommendation, (the "Report," ECF No. 185), recommending that Plaintiff's motion for partial

---

[1] Plaintiff's original motion also sought to compel Defendant to comply with § 7.6(b) of the CVR Agreement, which requires Defendant to make certain payments, plus applicable interest, that the independent accountant conducting the audit finds should have been made under the CVR Agreement. (*See* Notice of Pl. Mot. for Partial Summ. J. ("Notice"), ECF No. 134, at 2.) However, at oral argument, Plaintiff's counsel stated that it no longer sought summary judgment regarding any obligations Defendant may have under that section. (*See* Transcript of Oral Argument dated Mar. 28, 2018 ("Tr."), ECF No. 183, at 73:20–74:9.)

1

summary judgment be granted, but Plaintiff's request for immediate entry of judgment be denied.[2] (*Id.* at 16.) In his Report, Magistrate Judge Lehrburger advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (Report at 16; *see also* April 24 Order at 2–3.) Plaintiff filed timely objections. (*See* Pl. Objs. ("Objs."), ECF No. 190.) Defendant filed timely responses to the objections. (*See* Def. Resp. to Pl. Objs. ("Resp."), ECF No. 191.) Plaintiff filed a timely reply. (*See* Pl. Reply in Supp. of Objs. ("Reply"), ECF No. 192.) Plaintiff's objections are overruled, and Magistrate Judge Lehrburger's Report is ADOPTED.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were

---

[2] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein. Upon the issuance of the Report, Plaintiff filed a letter requesting that Magistrate Judge Lehrburger either reconsider and revise the Report to recommend entry of an order or, alternatively, issue a separate discovery order, compelling Defendant to submit to onsite inspections of its sales data. (Letter from Plaintiff's counsel to Magistrate Judge Lehrburger dated Apr. 18, 2018, ECF No. 186.) Magistrate Judge Lehrburgher temporarily withdrew the Report to consider Plaintiff's request and permit Defendant to submit a response. (Order dated Apr. 19, 2018, ECF No. 187.) After considering the parties' arguments, Magistrate Judge Lehrburger denied Plaintiff's request, finding that Defendant had produced the relevant information to Plaintiff, and an onsite inspection was neither proportional to the needs of the case nor otherwise justified. (Order dated Apr. 24, 2018, at 2–3 ("Apr. 24 Order"), ECF No. 189, at 2–3.) Accordingly, Magistrate Judge Lehrburger reinstated the Report without revisions as of that date. (*Id.* at 2.)

2

made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT

The Report correctly found that § 7.6(a) of the CVR Agreement clearly and unambiguously gives Plaintiff—as Trustee for the CVR Shareholders—the right, upon written request, to an independent audit of Lemtrada sales figures at Defendant's expense. (Report at 7.) As the Report notes, it is undisputed that Plaintiff made a written request for an audit under § 7.6(a) by letter dated December 19, 2016 (*Id.*; *see also* Def. Resp. to Pl. 56.1 Stmt., ECF No. 154, ¶ 14.)

Though Defendant argues that factual issues preclude the grant of summary judgment for Plaintiff, the Report correctly found that Defendant's arguments have no merit. The Report correctly found that the parties' dispute about Lemtrada's launch date does not preclude summary judgment because an auditor can evaluate the relevant sales figures regardless of the product's official launch date. (Report at 8.)

The Report also correctly found that Defendant's assertion that it is seeking and receiving discovery to support its defense that Plaintiff and the CVR Shareholders breached the implied covenant of good faith and fair dealing does not preclude summary judgment. (*Id.* at 9.) As the Report explains, the enforcement of a contractual right, without more, cannot constitute a breach of the covenant of good faith and fair dealing. (*Id.* at 10.) Defendant's assertion that Plaintiff

seeks to enforce its right "arbitrarily" is unavailing, because Plaintiff's assertion of its audit right is consistent with the terms of the CVR Agreement. (*Id.* at 11); *see also Galvstar Holdings, LLC v. Harvard Steel Sales, LLC*, No. 17 Civ. 1571, 2018 WL 416792, at *3 (2d Cir. Jan. 16, 2018) ("[T]he implied covenant does not extend so far as to undermine a party's general right to act on its own interests . . . .") (quoting *M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990)).

Moreover, Defendant does not allege that Plaintiff's enforcement of its contractual right to an audit will deprive Defendant of the benefit of its bargain. (Report at 10, 13); *see also 19 Recordings Ltd. v. Sony Music Ent.*, 165 F. Supp. 3d 156, 164, 166 (S.D.N.Y. 2016) (rejecting an argument that defendant "acted to deprive [plaintiff] of the 'fruit or benefit of its bargain'" and finding that because defendant "was 'acting in [its] own self-interest consistent with [its] rights under [the] contract,' the complaint does not show a breach of the covenant of good faith and fair dealing") (citations omitted). Thus, the Report correctly found that Defendant has "no[ ] . . . viable" bad faith defense to Plaintiff's enforcement of its audit rights and, as such, any additional discovery regarding that defense does not preclude summary judgment. (Report at 9, 13.)

Accordingly, the Report correctly concluded that, because there are no disputed issues of material fact, Plaintiff is entitled to summary judgment on Count VI of the Second Amended Complaint, which seeks a declaratory judgment that Defendant is contractually obligated to submit to and pay for an independent audit of Lemtrada's sales. (*Id.* at 16.)

### III. DEFERRING ENTRY OF THE JUDGMENT IS APPROPRIATE

"[T]he entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (citation omitted).

Rule 54(b) provides "an exception to this general principle ... only if the court expressly determines that there is no just reason for delay." *Id.* (quoting Fed. R. Civ. P. 54(b)). Here, the Report found that entry of judgment on Plaintiff's audit claim should be deferred because Plaintiff "has not shown that the audit claim and its other claims are 'sufficiently separable to avoid judicial inefficiency'" and "the relative efficiencies and equities provide just reason to delay entry of judgment." (Report at 16 (quoting *Novick*, 642 F.3d at 314).)

Plaintiff argues that the audit claim is separable from its remaining claims because "[w]hether or not [Defendant] is later found to have breached its obligations to use Diligent Efforts to achieve the Milestones [for the development of Lemtrada] is unrelated to the [Plaintiff's] audit right." (Objs. at 7.) But to be entitled to an immediate judgment, Plaintiff must not only show that its audit claim is independent from its remaining claims, but also that the claims are "sufficiently separable to *avoid judicial inefficiency*." *Novick*, 642 F.3d at 314 (emphasis added).

Here, Plaintiff's arguments that an immediate judgment would avoid judicial inefficiency are unpersuasive. Plaintiff asserts that an audit "will obviate the need for a great deal of discovery in this action." (Objs. at 7.) But Plaintiff then goes on to explain in detail how the information it will obtain in an audit differs from the information being sought and produced in fact discovery. (*See* Objs. at 8–11; *see also* Reply at 2.) Moreover, at oral argument, Defendant's counsel stated that Defendant was "not asking for an extension of [the discovery] schedule" agreed to by the parties. (Tr. at 19:22–20:5.) Similarly, Plaintiff's counsel indicated Plaintiff was "not asking for [the schedule] to be moved right now." (*Id.* at 58:4–5.) That schedule calls for fact discovery to be complete by June 29, 2018. (*See* Third Amended Discovery Plan and Scheduling Order, ECF No. 152, at 2.) Plaintiff has not indicated how long an audit pursuant to § 7.6(a) could be estimated

5

to take, but it seems unlikely that an audit ordered now would be complete in sufficient time to shorten the agreed-upon schedule for fact discovery.[3]

As to expert discovery, Plaintiff argues that compelling Defendant to undergo an audit now "will obviate the need for . . . expert testimony concerning the accuracy of [Defendant's] Product Sales Statements, streamlining both pretrial preparation and the trial itself." (Objs. at 7; *see also id.* at 2, 12 n.5 (same); Reply at 4.) However, though Plaintiff "agrees to accept the unqualified factual findings of the Section 7.6(a) Independent Accountant" who conducts the audit, this would only obviate the need for expert testimony if Defendant were also willing to accept those findings. (Objs. at 12 n.6.) Plaintiff provides no evidence Defendant would do so. In fact, when asked at oral argument if an audit would "obviate the need for experts on either side," Defendant's counsel stated that he "d[id]n't think so" and "it's my sense that nothing that the auditor does will obviate the need for any of the various types of experts." (Tr. at 71:4–13.) In response to Plaintiff's objections to the Report, Defendant noted that it is under "no contractual obligation . . . to accept the auditor's findings, and continued litigation over the Product Sales Statements, even if the audit were to occur, is likely." (Resp. at 9.) In light of these statements by Defendant, Plaintiff's conclusory argument that an audit can be "rel[ied] [upon] in lieu of experts in the presentation of this case" is not persuasive. (Objs. at 12.)

As mentioned above, to be entitled to an immediate judgment, in addition to showing that considerations of efficiency are in its favor, Plaintiff must also "show . . . that the equities favor the entry of such a judgment." *Novick*, 304 F.3d at 314. Here, the Report found that "[t]he relative

---

[3] Even if an order granting summary judgment on Plaintiff's audit claim were entered now, it is unlikely that the audit would occur in time to expedite the discovery process, because Defendant could then file an immediate appeal. Indeed, it is precisely because of the "policy against piecemeal appeals . . . that the court's power to enter . . . final judgment before the entire case is concluded . . . [should] be exercised sparingly." *Novick*, 642 F.3d at 310 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)) (internal quotation marks omitted).

6

efficiencies and equities provide just reason to delay entry of judgment on [Plaintiff's] audit claim." (Report at 16.) In discussing those equities, the Report found that, based on the parties' representations at oral argument, "the information that will be generated by the audit is information that will be flushed out through the litigation." (*Id.* at 15.) Plaintiff objects to this finding, arguing that Defendant "has made clear . . . that it will not even provide in discovery the basic documentation needed to do a reasonably audit-equivalent analysis." (Objs. at 10; *see also* Reply at 3.) Defendant challenges this characterization, asserting that it has produced "detailed back-up files for the Product Sales Statements" that would be the subject of an audit. (Resp. at 6–7.) Even if an audit would provide Plaintiff with more information than Plaintiff will receive in discovery, that fact alone provides no reason why the equities favor providing Plaintiff with such information now, rather than after litigation in this matter is complete.

The Report further found that an audit "will impose substantial burdens, such as expense and disruption, on [Defendant] that will only add to the substantial burden it has already incurred in producing millions of pages of documents" in discovery. (Report at 15; *see also* Resp. at 11 (quoting same).) According to Defendant, it has produced approximately 22,000,000 pages of documents in response to more than 140 formal document requests and numerous additional informal requests from Plaintiff. (Resp. at 6.) At oral argument, Defendant stated that an audit would impose burdens on Defendants in terms of "time, expense and interruption." (Tr. at 70:20.) Defendant explained that it would be required to "potentially manage that [auditing] process" and "respond to . . . demands from the auditor," which "may not be completely coextensive with the way documents have already been produced." (*Id.* at 70:15–21.) Plaintiff does not argue that the Report's characterization of the burdens Defendant will face if an audit is conducted are inaccurate.

7

By contrast, the Report found that Plaintiff would not "suffer any harm from delay in conducting the audit." (Report at 15.) Plaintiff objects to this finding, arguing that it will be harmed because "[d]elaying final judgment and requiring [Plaintiff] to instead seek to obtain information via discovery reverses the cost burden from what was agreed to by the parties in the CVR Agreement." (Objs. at 12.) But this is not the case. The Report makes clear that whenever the audit is conducted, the costs of the audit will be paid by Defendant, as required under the terms of the CVR Agreement. (*See* Report at 7 (finding Plaintiff has the right to "an independent audit . . . at [Defendant's] expense").) Though some of the information Plaintiff obtains in that audit may duplicate information Plaintiff obtains during the course of discovery in this action, Plaintiff chose to incur the costs of that discovery by engaging in litigation.

Because Plaintiff has not shown that its claims are sufficiently separable to avoid judicial inefficiencies or that the equities favor the grant of an immediate judgment, Plaintiff is not entitled to such a judgment.

## IV. CONCLUSION

Plaintiff's objections are overruled, and Magistrate Judge Lehrburger's Report is ADOPTED. Plaintiff's motion for partial summary judgment on Count VI of the Second Amended Complaint is GRANTED, but Plaintiff's request for immediate enforcement of the judgment is DENIED.

Dated: New York, New York
May 29, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge