**Weil, Gotshal & Manges LLP**

BY ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**John A. Neuwirth**
+1 212 310 8297
john.neuwirth@weil.com

June 7, 2018

Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *UMB Bank, N.A. v. Sanofi*, No. 15 Civ. 8725 (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

We represent Sanofi in the above-referenced action and write in response to Plaintiff's June 4, 2018 Letter Motion (the "Motion") (ECF No. 197), in which Plaintiff, at this late stage of discovery, asks the Court to order the production of "documents relating to the decision to abandon GLD52 in favor of initiating a clinical trial with Lemtrada® in [primary progressive multiple sclerosis ('PPMS')]." Sanofi will save its responses to the underlying case theories espoused by Plaintiff for a later, more appropriate date; we address below the discovery issue that Plaintiff has raised.

Once again, Plaintiff has unnecessarily rushed to Court before allowing the requisite meet and confer process to conclude. As Plaintiff acknowledges, on May 23, 2018, Sanofi "indicated it was still considering the matter." Motion at 1 n.1. Specifically, Sanofi informed Plaintiff that it was "considering whether there is a *targeted* production that Sanofi would be prepared to make" relating to its decision to develop alemtuzumab in PPMS. Ex. A hereto (May 23, 2018 email chain between S. Venezia and M. Weiss), at 1 (emphasis added).[1] Plaintiff followed up on May 30, 2018 (*see* Motion at 1 n.1), but then filed the Motion before hearing back from Sanofi, which was in the process of finalizing a proposal and on the verge of relaying it.

Sanofi does not agree that Plaintiff is entitled to *any* of the documents it seeks, including because Sanofi's document production is now complete and the parties are well into depositions. But Sanofi was

---

[1] Although Plaintiff claims in the Motion that it is seeking just a "small" or "limited" production of documents relating to the development of alemtuzumab in PPMS (*see* Motion at 1, 3), the parties' communications preceding the Motion reveal that Plaintiff is seeking an additional production of documents that is neither small nor limited. Specifically, Plaintiff identified, among other things, seven broad categories of documents that it wanted to be "produced [by Sanofi] immediately." Ex. A at 1-2.

Honorable Robert W. Lehrburger
June 7, 2018
Page 2

(before Plaintiff filed the Motion) and remains willing to produce a targeted universe of documents. Specifically, Sanofi is willing to produce documents and other materials relating to the decision to develop alemtuzumab in PPMS generated by or presented to the four primary deliberative bodies involved in that decision: (i) the Development Working Group ("DWG"); (ii) the Integrated Development Council ("IDC"); (iii) the Portfolio Review Committee ("PRC"); and (iv) the MS/Neurology Therapeutic Area Committee ("TARC"). These documents and other materials consist of the following:[2]

- DWG November 10, 2017 Final Minutes
- DWG November 10, 2017 Final Presentation
- DWG February 12, 2018 Final Minutes (PFR Technical Assessment DWG Review)
- IDC November 21, 2017 Final Minutes
- IDC November 21, 2017 Final Presentation
- PRC January 26, 2018 Meeting Minutes
- PRC Action Item Log for Extended Synopsis
- PRC Final PRC-Approved Extended Synopsis
- PRC February 14, 2018 Protocol Kick-Off Meeting Presentation
- PRC Draft Clinical Trial Protocol
- PRC April 19, 2018 Meeting Minutes
- PRC Action Item Log for Protocol
- PRC Clinical Trial Protocol for FDA Submission (May 2018)
- PRC FDA Meeting Background Material (May 2018)
- TARC October 19, 2017 GLD-52 Development Plan Pre-TARC Review Presentation
- TARC November 1, 2017 Meeting Agenda
- TARC November 2017 Anti-CD52 Development Options Review for DWG & IDC Presentation
- TARC January 17, 2018 Meeting Agenda
- TARC January 17, 2018 Lemtrada PPMS Presentation
- TARC March 1, 2018 Meeting Agenda
- 2018 Portfolio Review Commercial Assessment (Lemtrada PPMS) (March 1, 2018)
- 2018 Portfolio Review Commercial Challenge (Lemtrada PPMS) (March 26, 2018)[3]

Even assuming, *arguendo*, that Sanofi's recent decision to develop alemtuzumab in PPMS bears any relevance to the pending claims, the requested discovery must be "proportional to the needs of the case" and take into account, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under the circumstances, and taking into

---

[2] To the extent these documents and other materials refer to unrelated drugs that were/are in development by Sanofi, Sanofi would redact such references.

[3] Sanofi's offer to produce these documents is without prejudice to Sanofi's position with respect to the originally agreed upon July 29, 2016 document discovery cut-off date.

Honorable Robert W. Lehrburger
June 7, 2018
Page 3

account the late stage of discovery and the already voluminous discovery record, Sanofi should not be required to undertake the burden and expense of gathering and collecting additional documents and communications, including by way of electronic discovery, beyond what it has offered herein. Accordingly, to the extent the Court believes that any production is warranted at this juncture, Sanofi respectfully requests that the Court limit any such order to the universe of documents set forth above, and nothing more.

Respectfully submitted,

*/s/ John A. Neuwirth*
John A. Neuwirth


cc:     Counsel of Record