CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
AYANO K. CREED
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL
PIERRE M. GENTIN

CHARLES A. GILMAN
ARIEL GOLDMAN
JASON M. HALL
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER*
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

WRITER'S DIRECT NUMBER

(212) 701-3041

JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
BRIAN T. MARKLEY
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN

MICHAEL A. SHERMAN
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
SEAN P. TONOLLI*
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
S. PENNY WINDLE
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

*ADMITTED IN DC ONLY

June 8, 2018

Re:   *UMB Bank, N.A., as Trustee* v. *Sanofi*, 15 Civ. 8725 (S.D.N.Y.) (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

We are pleased that Sanofi has agreed to produce the documents itemized in Mr. Neuwirth's June 7, 2018 letter to Your Honor.  *See* ECF No. 200.  It should not have taken a motion from the Trustee (ECF No. 197) to obtain this information, nor should Sanofi be able to limit its production to only that which it wishes to provide.[1]

Let us be clear what happened.  For purely mercenary reasons and contrary to the advice of its own clinical experts, Sanofi delayed developing Lemtrada as a treatment for PPMS.  Sanofi did this knowing that such a study would improve, if not guarantee, the chances of achieving the Approval Milestone and PSM #1.  Seven years too late, its CEO now says Lemtrada will be developed in PPMS, but on a timeline that insures that no CVR Holder will benefit.

Limiting the Trustee's access to documents of Sanofi's choosing allows Sanofi to control the narrative and blocks legitimate discovery.  Sanofi's proposed list is deficient.

- It contains only the final, sanitized versions of documents.  The Trustee is entitled to the deliberative documents showing why GLD52 was abandoned in favor of Lemtrada.

- Sanofi refuses to produce the most recent marketing, strategic or long range plans that put the development of Lemtrada in PPMS in proper context.  How Sanofi, from a marketing and commercial perspective, intends to capitalized on its newly found interest in PPMS is

---

[1] It was not until its written response to the Trustee's motion that Sanofi indicated whether it would provide any documents at all.  Given that discovery was to close at the end of June, it seems only reasonable that the Trustee filed this motion.

CAHILL GORDON & REINDEL LLP

- 2 -

as important as the decision to do the study itself, and shows what Sanofi could have done in a timely manner to achieve the milestones in the CVR Agreement.

- Sanofi refuses to produce its communications with the FDA. The Trustee believes that such discussions will confirm that PPMS is an "unmet need" and could lead to a label extension for Lemtrada worth billions of dollars a year.

- Sanofi refuses to produce the Integrated Development Plan for Lemtrada in PPMS, a core document usually created for such a development program.

- The Trustee sought documents as to whether the timing of the PPMS trial was influenced by the CVR Agreement expiration date. In this regard, it is instructive that Sanofi has not offered any email communications at all.

The Trustee's motion sought a list of documents by category.[2] These were crafted to be narrow and reasonably focused. The issues presented by Sanofi's recent change of heart with respect to Lemtrada are important. An order consistent with that list is fair. Any other result allows Sanofi to avoid legitimate discovery and impermissibly control the factual record.

Respectfully submitted,

Michael Weiss /BA

Michael B. Weiss

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Via ECF

cc:   Counsel of Record

---

[2] These are the seven categories of documents specified in my email annexed as Exhibit A to Sanofi's June 7, 2018 letter (ECF No. 200) to Your Honor.