# CAHILL GORDON & REINDEL LLP
## EIGHTY PINE STREET
## NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| ROBERT A. ALESSI | CHARLES A. GILMAN | TELEPHONE: (212) 701-3000 | JOEL H. LEVITIN | MICHAEL A. SHERMAN |
| HELENE R. BANKS | ARIEL GOLDMAN | WWW.CAHILL.COM | GEOFFREY E. LIEBMANN | DARREN SILVER |
| ANIRUDH BANSAL | JASON M. HALL | | BRIAN T. MARKLEY | JOSIAH M. SLOTNICK |
| DAVID L. BARASH | WILLIAM M. HARTNETT | 1990 K STREET, N.W. | WILLIAM J. MILLER | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | NOLA B. HELLER | WASHINGTON, DC 20006-1181 | NOAH B. NEWITZ | SUSANNA M. SUH |
| BRADLEY J. BONDI | CRAIG M. HOROWITZ | (202) 862-8900 | MICHAEL J. OHLER | ANTHONY K. TAMA |
| BROCKTON B. BOSSON | DOUGLAS S. HOROWITZ | | DAVID R. OWEN | JONATHAN D. THIER |
| JAMES J. CLARK | TIMOTHY B. HOWELL | | JOHN PAPACHRISTOS | SEAN P. TONOLLI* |
| CHRISTOPHER W. CLEMENT | DAVID G. JANUSZEWSKI | CAHILL GORDON & REINDEL (UK) LLP | LUIS R. PENALVER | JOHN A. TRIPODORO |
| AYANO K. CREED | ELAI KATZ | 24 MONUMENT STREET | KIMBERLY PETILLO-DÉCOSSARD | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | LONDON EC3R 8AJ | SHEILA C. RAMESH | HERBERT S. WASHER |
| STUART G. DOWNING | RICHARD KELLY | +44 (0)20 7920 9800 | MICHAEL W. REDDY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | | OLEG REZZY | S. PENNY WINDLE |
| ANASTASIA EFIMOVA | JOEL KURTZBERG | | JAMES ROBINSON | DAVID WISHENGRAD |
| JENNIFER B. EZRING | TED B. LACEY | WRITER'S DIRECT NUMBER | THORN ROSENTHAL | COREY WRIGHT |
| JOAN MURTAGH FRANKEL | MARC R. LASHBROOK | | TAMMY L. ROY | JOSHUA M. ZELIG |
| JONATHAN J. FRANKEL | ALIZA R. LEVINE | | JONATHAN A. SCHAFFZIN | DANIEL J. ZUBKOFF |
| PIERRE M. GENTIN | | (212) 701-3403 | | |

*ADMITTED IN DC ONLY

July 11, 2018

Re: *UMB Bank, N.A.* v. *Sanofi*, No. 15 Civ. 8725 (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

I write as counsel for Plaintiff UMB Bank, N.A., as Trustee, to request a conference before Your Honor to address Sanofi's refusal to produce a Rule 30(b)(6) deponent(s) on any of the subjects of examination noticed by the Trustee.

On May 23, 2018, the Trustee served Sanofi with a Notice of Rule 30(b)(6) Deposition in which the Trustee set forth 23 subjects for examination. *See* Exhibit A. Each of the 23 subjects for examination seeks *facts* relevant to the claims and defenses in this action.

On June 26, 2018, Sanofi served its Responses and Objections to Plaintiff's Notice of 30(b)(6) Deposition. *See* Exhibit B. Twenty-three times Sanofi repeats boilerplate objections to each and every subject of examination, and in the last sentence of each response Sanofi states:

> "Sanofi will **not** make a Rule 30(b)(6) witness available to testify on Subject of Examination [1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23]." (emphasis added)

*See* Exhibit B at 5, 6, 7, 8, 9, 11, 12, 13 (twice), 14, 15-16, 16, 17, 18, 19, 20 (twice), 21, 22 (twice), 23, 24, and 25. Sanofi thus refuses to provide a deponent on *any* subject of examination.

The case law in this District is clear. "Once the deposing party has served a satisfactory notice, the responding party is required to 'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" *Soroof Trading Dev. Co.* v. *GE Fuel Cell Sys., LLC*, 2013 WL 1286078, at *2 (S.D.N.Y. Mar. 28, 2013) (Francis, M.J.) (collecting cases). "'Where a 30(b)(6) deposition seeks facts, as opposed to contentions,

Cahill Gordon & Reindel LLP

- 2 -

there is no requirement in the Federal Rules of Civil Procedure or the case law that the party seeking discovery first resort to other discovery vehicles." *Alheid* v. *Target Corp.*, 2017 WL 4174929, at *2 (S.D.N.Y. 2017) (Pitman, M.J.)  "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Reilly* v. *Natwest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal quotations omitted) *superseded on other grounds as recognized in Hernandez* v. *Jrpac Inc.*, 2016 WL 3248493, at *34 (S.D.N.Y. 2016). There is no presumptive limit on the number of topics.  In *Soroof*, Magistrate Justice Francis ordered a party to provide a 30(b)(6) witness covering 28 topics when a first witness could not answer the questions posed.  *Soroof*, 2013 WL 1286078, at *5-6.

Rule 30(b)(6) is "intended 'to curb any temptation a [litigant] might have to shunt a discovering party from "pillar to post"' and under Rule 30(b)(6) the deponent "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."  *S.E.C.* v. *Morelli*, 143 F.R.D. 42, 44–45 (S.D.N.Y. 1992) (Leisure, J.) (citations omitted).[1]  "A corporation has an affirmative duty to prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. . . . [p]roducing an unprepared witness is tantamount to a failure to appear." *Rahman* v. *Smith & Wollensky Rest. Group,* 2009 WL 773344, at *1 (S.D.N.Y. Mar. 18, 2009) (Francis, M.J.) (collecting cases) (citations and internal quotations omitted).  The Federal Rules expressly provide sanctions for a corporation's refusal to appear for a Rule 30(b)(6) deposition.  *See* Fed. R. Civ. P. 37(d)(1)(A)(i).

Here, Sanofi refuses to produce any witness on any of 23 subjects of examination, seeking impermissibly to hinder legitimate fact discovery.  The Federal Rules of Civil Procedure expressly contemplate 30(b)(6) depositions in order to prevent a party from using a fact witness's alleged lack of knowledge or poor recollection to prevent a proper record from being established.  *See Morelli*, 143 F.R.D. 42, 44–45 (citing Advisory Committee Notes on Rule 30(b)(6)).  Because a 30(b)(6) deponent speaks for the corporation after an investigation, the fact that fact witnesses might touch on the same topics is not a basis for denying such discovery.  *Schoolcraft* v. *City of New York*, 2014 WL 3952905, at *3 (S.D.N.Y. Aug. 12, 2014) (Sweet, J.); *see also Soroof*, 2013 WL 1286078 at *4-5 (rejecting contention that documents and fact witness discovery justifies refusal to provide 30(b)(6) witnesses).  Similarly, the existence of other discovery should not deny a party the right to depose the corporation qua corporation.  "[A] corporation cannot point to interrogatory answers in lieu of producing a live, in-person corporate

---

[1] As explained in the Advisory Committee Notes, one of the purposes of Rule 30(b)(6) is to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization."

CAHILL GORDON & REINDEL LLP

- 3 -

representative designee." *Travelers Property Casualty Co. of America, LLC* v. *Daimler Trucks N. Am., LLC*, 2015 WL 1728682, at *4 (S.D.N.Y. Apr. 14, 2015) (Cott, M.J.) (citation omitted).[2]

In this case, access to 30(b)(6) depositions is particularly important. The Trustee already has some testimony suggesting that Genzyme and/or Sanofi employees were incentivized or motivated to take actions that avoided or made the CVR milestone payments less likely. Where, as here, the actual defendant, Sanofi, might disclaim the actions and testimony of individual fact witnesses, a 30(b)(6) depositions is particularly appropriate. This is particularly true when Sanofi may well deny that the fact witnesses' testimony reflected the official position of Sanofi.

The subjects for examination set forth in the Trustee's Notice of Rule 30(b)(6) Deposition seek *facts* relevant to the claims and defenses in this action. *See* Exhibit A. But even if one or more or all of them were objectionable (and they are not), "[t]he weight of the authority holds that a party believing it has received a flawed 30(b)(6) notice may not merely rest upon its objections, but must move for a protective order." *Fort Worth Employees' Retirement Fund* v. *J.P. Morgan Chase & Co.*, 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013) (Francis, M.J.) (collecting cases). Sanofi has not moved for a protective order. Rather, it seeks to self-help itself to a complete cessation of Rule 30(b)(6) discovery by refusing to produce a deponent.

To obtain a protective order, the burden is on Sanofi to show good cause. *Dove* v. *Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992); Fed. R. Civ. P. 26(c)(1). Conclusory objections fall far short of such a showing. Indeed, "[t]he movant must submit a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause.'" *Waltzer* v. *Conner*, 1985 WL 2522, at *1 (S.D.N.Y. Sept. 12, 1985) (Kram, J.). "'Burdensome and oppressive' is a shibboleth of little value to this Court." *Id*.

In a case where, from the start, Sanofi has produced volumes of information not requested (to gin up its production numbers), has withheld relevant information on grounds of improper invocation of privilege, and has rationed and withheld key information on grounds that it has produced "enough," Sanofi's response to the Trustee's Notice of Rule 30(b)(6) Deposition takes the cake.

It is respectfully submitted that Sanofi's refusal to produce any Rule 30(b)(6) deponent on any of the 23 subjects for examination set forth in the Trustee's Notice of Rule 30(b)(6) Deposition should be summarily rejected. The Court should order Sanofi to appear through one or more properly prepared and knowledgeable corporate designees for deposition on each of the 23 subjects for examination set forth in the Trustee's Notice. In the alternative, the Court should enter an order pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) precluding Sanofi from presenting evidence at trial on any of the subjects for examination set forth in the Trustee's Notice.

---

[2] To the extent Sanofi seeks to avoid its Rule 30(b)(6) obligations by referencing its Responses and Objections to Plaintiff's Fourth Set of Interrogatories, as can be more fully briefed those responses are themselves incomplete and contain no more than self-serving references to documents that provide little or no answers to the Trustee's legitimate request for fact discovery.

CAHILL GORDON & REINDEL LLP

- 4 -

                Respectfully submitted,

                s/ Charles A. Gilman

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

<u>BY ECF</u>

cc: Counsel of Record via ECF