# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMB Bank, N.A., as Trustee,

                    Plaintiff,

          - against -

SANOFI,

                    Defendant.

Case No. 15 Civ. 8725 (GBD) (RWL)

ECF CASE

## SANOFI'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendant Sanofi, by and through its undersigned counsel, hereby responds and objects to Plaintiff's Notice of 30(b)(6) Deposition (along with Schedule A attached thereto), dated May 23, 2018 (the "Deposition Notice"), as follows.

## GENERAL OBJECTIONS

1.      Sanofi objects to the date, time and place for which Plaintiff seeks compliance with the Deposition Notice.

2.      Sanofi objects to the Deposition Notice (including, without limitation, the Definitions and Instructions therein) on the grounds that it:  (a) is improper, not proportional to the needs of the case, and not an appropriate use of the Fed. R. Civ. P. 30(b)(6) process because, among other things, it does not describe the matters for examination with reasonable particularity as required by Fed. R. Civ. P. 30(b)(6); (b) is cumulative and duplicative of already pending or provided discovery; (c) calls for testimony that constitutes legal conclusions; and (d) is unduly burdensome, overly broad, imposes extreme hardship, and will result in the expenditure of

unnecessary time and resources by Sanofi. Among other things, the Deposition Notice seeks testimony on 23 broad, wide-ranging topics (many of which also include several sub-topics), much of which can be and has been obtained by Plaintiff in a less burdensome and costly manner, including from depositions already taken in this action and from the tens of millions of pages of documents that Sanofi has already produced.

3.      Sanofi objects to the Deposition Notice (including, without limitation, the Definitions and Instructions therein) to the extent that it purports to impose any obligation on Sanofi greater those imposed by the Federal Rules, the Local Rules and/or any other applicable rules, statutes, Court orders or agreements between the parties relevant to the proper scope, timing and extent of discovery and pretrial proceedings in this action. Among other things, the Deposition Notice as currently drafted would require testimony from multiple witnesses, and Plaintiff has already noticed more than the Court-ordered limit of 25 depositions (exclusive of expert depositions) per party.

4.      Sanofi objects to the Deposition Notice (including, without limitation, the Definitions and Instructions therein) to the extent that it calls for information and testimony protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges, protections and immunities from discovery. Sanofi hereby claims all such privileges, protections and immunities to the extent implicated by each topic. Sanofi does not intend to and will not provide testimony or disclose information protected by any such privilege, rule, doctrine, immunity or other similar protection; accordingly, any such testimony or disclosure would be inadvertent and should not be deemed a waiver of any such privilege, rule, doctrine, immunity or other protection or of any ground for objection to discovery

with respect to such information or the subject matter thereof or of Sanofi's right to object to the use of any such information during any subsequent proceeding.

5.      Sanofi objects to the Deposition Notice (including, without limitation, the Definitions and Instructions therein) to the extent that it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence in this action.

6.      Sanofi objects to the Deposition Notice (including, without limitation, the Definitions and Instructions therein) to the extent that the terms or phrases used therein are vague, ambiguous or lack sufficient precision to allow Sanofi to formulate an appropriate response.

7.      Any testimony or information provided by Sanofi in response to the Deposition Notice shall be subject to the terms of the Stipulation and Order for the Production and Use of Confidential Information, entered May 19, 2016 (ECF No. 38), and the Addendum to the Stipulation and Order for the Production and Use of Confidential Information, entered September 21, 2016 (ECF No. 79) (together, the "Confidentiality Orders").

8.      If Sanofi agrees to designate one or more witnesses in response to the Deposition Notice, that fact is not and should not be construed as an admission or acknowledgement that any information sought pursuant to the Deposition Notice and its Subjects of Rule 30(b)(6) Examination (the "Subjects of Examination") is relevant or admissible in any proceeding in this action or that any such information exists or is reasonably known to Sanofi.  Sanofi expressly reserves and does not waive the right to: (i) object on any ground to the use of any information provided pursuant to the Deposition Notice at any stage of, or any proceeding in, this action; or

WEIL:\96629489\1\71937.0101

(ii) assert future objections as to the discoverability, relevance, materiality, competency, authenticity or admissibility of any information provided pursuant to the Deposition Notice.

9.      Sanofi does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion, characterization or implication contained in the Deposition Notice.

10.      Sanofi's responses herein are made solely for purposes of this action and not for any other purpose or for use in any other proceeding.

11.      Sanofi is willing to meet and confer with Plaintiff concerning these responses and objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Sanofi objects to the definition of "Genzyme" as overbroad, vague, ambiguous and unduly burdensome to the extent that it includes "any agents thereof acting as such." Sanofi will interpret the term "Genzyme" to refer to Genzyme Corporation.

2.      Sanofi objects to the definition of "Sanofi" as overbroad, vague, ambiguous and unduly burdensome to the extent that it includes "any parent, subsidiary, or affiliated companies of Sanofi . . . and any former or present officers, directors, principals, partners, representatives, agents, attorneys, accountants [and] employees thereof." Sanofi will interpret the term "Sanofi" to refer to Sanofi.

## SPECIFIC RESPONSES AND OBJECTIONS

### Subject of Examination No. 1

Genzyme's rationale for entering into the CVR Agreement, the negotiations of the terms thereof and any Board of Director deliberations and materials relating thereto.

### Response to Subject No. 1

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this

4

Subject of Examination on the grounds that: (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); and (iv) it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or other privileges recognized by either state or federal law. Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 1.

**Subject of Examination No. 2**

Sanofi's rationale for entering into the CVR Agreement, the negotiations of the terms thereof and any Board of Director deliberations and materials relating thereto.

**Response to Subject No. 2**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); and (iv) it calls

WEIL:\96629489\1\71937.0101

for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or other privileges recognized by either state or federal law. Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 2.

**Subject of Examination No. 3**

Why Sanofi did not timely achieve the Production Milestone, including without limitation:

a.   All experts and consultants with whom Genzyme/Sanofi communicated concerning the production of Cerezyme or Fabrazyme subsequent to the Merger and prior to this litigation.

b.   Consideration of what Genzyme/Sanofi might have done differently to have increased the likelihood that the Production Milestone would have been achieved.

c.   Each way in which Sanofi did or did not exercise Diligent Efforts to achieve the Production Milestone.

**Response to Subject No. 3**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or other privileges recognized by either state or

6

federal law; (v) it calls for testimony that constitutes legal conclusions; (vi) it is overbroad in that it seeks testimony over a multi-year period with respect to, among other things, "*[e]ach* way in which Sanofi did or did not exercise Diligent Efforts to achieve the Production Milestone;" and (vii) the phrases "[w]hy Sanofi did not timely achieve the Production Milestone," "[c]onsideration of what Genzyme/Sanofi might have done differently to have increased the likelihood that the Production Milestone would have been achieved" and "[e]ach way in which Sanofi did or did not exercise Diligent Efforts to achieve the Production Milestone," are vague and ambiguous and, as a result, can be construed as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 3.

### Subject of Examination No. 4

Why Sanofi did not timely achieve the Approval Milestone, including without limitation:

a.  All experts and consultants with whom Genzyme/Sanofi communicated concerning the approval of Lemtrada subsequent to the Merger and prior to this litigation.

b.  Consideration of what Sanofi might have done differently to have increased the likelihood that the Approval Milestone would have been achieved.

c.  Each way in which Sanofi did or did not exercise Diligent Efforts to achieve the Approval Milestone.

### Response to Subject No. 4

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of

information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or other privileges recognized by either state or federal law; (v) it calls for testimony that constitutes legal conclusions; (vi) it is overbroad in that it seeks testimony over a multi-year period with respect to, among other things, "*[e]ach* way in which Sanofi did or did not exercise Diligent Efforts to achieve the Approval Milestone;" and (vii) the phrases "[w]hy Sanofi did not timely achieve the Approval Milestone," "[c]onsideration of what Sanofi might have done differently to have increased the likelihood that the Approval Milestone would have been achieved" and "[e]ach way in which Sanofi did or did not exercise Diligent Efforts to achieve the Approval Milestone," are vague and ambiguous and, as a result, can be construed as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 4.

**<u>Subject of Examination No. 5</u>**

Why Sanofi did not timely achieve Product Sales Milestone #1, including without limitation:

a. All experts and consultants with whom Genzyme/Sanofi communicated concerning the development, launch, marketing, promotion and commercialization of Lemtrada subsequent to the Merger and prior to this litigation.

b. Consideration of what Sanofi might have done differently to have increased the likelihood that Product Sales Milestone #1 would have been achieved.

c. Each way in which Sanofi did or did not exercise Diligent Efforts to achieve Product Sales Milestone #1.

**Response to Subject No. 5**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or other privileges recognized by either state or federal law; (v) it calls for testimony that constitutes legal conclusions; (vi) it is overbroad in that it seeks testimony over a multi-year period with respect to, among other things, "*[e]ach* way in which Sanofi did or did not exercise Diligent Efforts to achieve Product Sales Milestone #1;" and (vii) the phrases "[w]hy Sanofi did not timely achieve Product Sales Milestone #1," "[c]onsideration of what Sanofi might have done differently to have increased the likelihood that Product Sales Milestone #1 would have been achieved" and "[e]ach way in which Sanofi did or did not exercise Diligent Efforts to achieve Product Sales Milestone #1," are vague and ambiguous and, as a result, can be construed as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 5.

WEIL:\96629489\1\71937.0101

**Subject of Examination No. 6**

Genzyme's plans for the approval, development, launch, marketing, promotion and commercialization of Lemtrada prior to the Merger, including without limitation:

a.     The annual budgets (including dedicated manpower and money) of Genzyme for the approval, development and commercialization of Lemtrada prior to the Merger.

b.     All recommendations and plans for the approval, development, launch, marketing, promotion and commercialization of Lemtrada provided to Genzyme by consultants prior to the Merger.

c.     All clinical trials and studies, concerning Lemtrada (whether or not conducted) considered by Genzyme prior to the Merger.

**Response to Subject No. 6**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it is overbroad in that it seeks testimony over a multi-year period with respect to, among other things, "*[a]ll* recommendations and plans for the approval, development, launch, marketing, promotion and commercialization of Lemtrada provided to Genzyme by consultants prior to the Merger" and "*[a]ll* clinical trials and studies, concerning Lemtrada (whether or not conducted) considered by Genzyme prior to the Merger;" and (v) the phrase "approval, development, launch, marketing, promotion and commercialization of Lemtrada" is vague and ambiguous and, as a result, can be

10

construed as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 6.

**Subject of Examination No. 7**

Sanofi's plans and the implementation and execution of those plans for the approval, development, launch, marketing, promotion and commercialization of Lemtrada subsequent to the Merger, including without limitation:

a.   The annual budgets (including dedicated manpower and money) of Sanofi for the approval, development and commercialization of Lemtrada subsequent to the Merger.

b.   All recommendations and plans for the approval, development, launch, marketing, promotion and commercialization of Lemtrada provided to Sanofi by consultants subsequent to the Merger.

c.   All clinical trials and studies concerning Lemtrada (whether or not conducted) considered by Sanofi subsequent to the Merger and any reasons for not undertaking or delaying such studies, including, but not limited, to studies in primary progressive multiple sclerosis.

**Response to Subject No. 7**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this Action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it is overbroad in that it seeks testimony over a multi-year period with respect to, among

other things, "*[a]ll* recommendations and plans for the approval, development, launch, marketing, promotion and commercialization of Lemtrada provided to Sanofi by consultants subsequent to the Merger" and "*[a]ll* clinical trials and studies, concerning Lemtrada (whether or not conducted) considered by Sanofi subsequent to the Merger and *any* reasons for not undertaking or delaying such studies, including, but not limited, to studies in primary progressive multiple sclerosis;" and (v) the phrase "approval, development, launch, marketing, promotion and commercialization of Lemtrada" is vague and ambiguous and, as a result, can be construed as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 7.

## Subject of Examination No. 8

All lifecycle management or related activities undertaken or considered and not undertaken with respect to Lemtrada, including, without limitation, development of a subcutaneous formulation or a biomarker for secondary auto-immunity.

## Response to Subject No. 8

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); and (iv) it is overbroad in that it seeks testimony over a multi-year period with respect to "*[a]ll* lifecycle

management or related activities undertaken or considered and not undertaken with respect to Lemtrada, including, without limitation, development of a subcutaneous formulation or a biomarker for secondary auto-immunity."   Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 8.

## Subject of Examination No. 9

The current clinical evidence supporting the use of Lemtrada as a treatment for any form of multiple sclerosis, including without limitation Primary Progressive Multiple Sclerosis ("PPMS").

## Response to Subject No. 9

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in, or that is not material and necessary to the prosecution or defense of, this action; (ii) it seeks information regarding "current" clinical evidence, which is beyond the scope of this action; (iii) the phrase "current clinical evidence supporting the use of Lemtrada as a treatment for any form of multiple sclerosis" is vague and ambiguous and, as a result, can be construed as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence; and (iv) it is not proportional to the needs of the case because the burden and expense of responding to it would outweigh its likely benefit (if any).  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 9.

## Subject of Examination No. 10

Consideration by Sanofi subsequent to the Merger of the terms of the CVR Agreement or payments to Bayer with respect to any aspect of the development, approval, pricing, reimbursement, launch, marketing, and/or commercialization of Lemtrada.

WEIL:\96629489\1\71937.0101

**Response to Subject No. 10**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); and (iv) it is overbroad in that it seeks testimony over a multi-year period with respect to "*any* aspect of the development, approval, pricing, reimbursement, launch, marketing, and/or commercialization of Lemtrada."   Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 10.

**Subject of Examination No. 11**

The process leading to regulatory approval of Lemtrada in the United States, including without limitation:

   a.   Preparation, submission, resubmission and discussions with the Food and Drug Administration ("FDA") concerning the electronic common technical document ("eCTD").

   b.   The Refusal to File letter, and all communications with the FDA concerning the Refusal to File letter and any analysis for the root cause of the Refusal to File letter.

   c.   The Complete Response Letter and all communications with the FDA concerning the Complete Response Letter and any analysis for the root cause of the Refusal to File letter.

   d.   The loss of Fast Track status for Lemtrada.

e.    The consideration of an accelerated approval and the planning for the disability verification study and the subsequent decision not to pursue such a study.

f.    The labeling and indication of Lemtrada.

**Response to Subject No. 11**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or other privileges recognized by either state or federal law; (v) it is overbroad in that it seeks testimony over a multi-year period concerning a vast regulatory record, including, but not limited to, "*all* communications with the FDA concerning the Refusal to File letter and any analysis for the root cause of the Refusal to File letter," "*all* communications with the FDA concerning the Complete Response Letter and any analysis for the root cause of the Refusal to File letter" and "[t]he labeling and indication of Lemtrada;" and (vi) the phrase "root cause" is vague and ambiguous and, as a result, can be construed as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Sanofi will not make a Rule 30(b)(6) witness available to

testify on Subject of Examination No. 11.

## Subject of Examination No. 12

Sanofi's purchases of the CVRs, including without limitation the dates and numbers of CVRs purchased by Sanofi and the prices thereof.

## Response to Subject No. 12

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in, or that is not material and necessary to the prosecution or defense of, this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it seeks information in Plaintiff's possession or in the possession of the predecessor trustee under the CVR Agreement; and (v) it is not proportional to the needs of the case because the burden and expense of responding to it would outweigh its likely benefit (if any). Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 12.

## Subject of Examination No. 13

Sanofi's sales of Cerezyme and Fabrazyme that was manufactured prior to the date of the Production Milestone but not counted toward achievement of the Production Milestone.

## Response to Subject No. 13

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from

16

(x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff

has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of

information already provided in the documents that Sanofi has produced to Plaintiff in this action

and/or other written discovery sought by Plaintiff; (iii) it does not describe the information

sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); and (iv) the

phrase "manufactured prior to the date of the Production Milestone but not counted toward

achievement of the Production Milestone" is vague and ambiguous and, as a result, can be

construed as overbroad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible evidence.  Sanofi will not make a Rule 30(b)(6) witness available to

testify on Subject of Examination No. 13.

## Subject of Examination No. 14

The Product Sales Statements and the certifications thereof, including without limitation:

a.    All documents and information reviewed and considered in connection with the certification of each certified Product Sales Statement.

b.    All adjustments made to the gross revenues generated by sales of Lemtrada to produce the numbers reflected in the certified Product Sales Statements.

c.    All policies and procedures relating to the application of accounting standards and the internal financial and accounting controls to sales of Lemtrada recorded in the Product Sales Statements.

## Response to Subject No. 14

In addition to the foregoing General Objections and Objections to Definitions and

Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this

Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate

burden on Sanofi as it seeks information more properly and efficiently obtained from

(x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff

has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of

WEIL:\96629489\1\71937.0101

information already provided in the documents that Sanofi has produced to Plaintiff in this action

and/or other written discovery sought by Plaintiff; (iii) it does not describe the information

sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it is

overbroad in that it seeks testimony over a multi-year period with respect to "*[a]ll* documents

and information reviewed and considered in connection with the certification of each certified

Product Sales Statement," "*[a]ll* adjustments made to the gross revenues generated by sales of

Lemtrada to produce the numbers reflected in the certified Product Sales Statements" and "*[a]ll*

policies and procedures relating to the application of accounting standards and the internal

financial and accounting controls to sales of Lemtrada recorded in the Product Sales

Statements;" and (v) it seeks to circumvent the Court's May 30, 2018 Decision and Order

overruling Plaintiff's objection to the Magistrate Judge's April 12, 2018 Report and

Recommendation with respect to Plaintiff's partial summary judgment motion as to Count VI of

the Second Amended Complaint.  Sanofi will not make a Rule 30(b)(6) witness available to

testify on Subject of Examination No. 14.

## Subject of Examination No. 15

Meetings subsequent to the Merger at which one or more Genzyme/Sanofi employees or executives were present concerning the CVR Agreement, including without limitation Sanofi's compliance or noncompliance with any terms of the CVR Agreement.

## Response to Subject No. 15

In addition to the foregoing General Objections and Objections to Definitions and

Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this

Subject of Examination on the grounds that:  (i) it is overbroad in that it seeks testimony over a

multi-year period with respect to any and all "[m]eetings subsequent to the Merger at which one

or more Genzyme/Sanofi employees or executives were present concerning the CVR

Agreement" (ii) it seeks information that is duplicative of information already provided in the

18

documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it is not proportional to the needs of the case because the burden and expense of responding to it would outweigh its likely benefit (if any); and (v) it calls for testimony that constitutes legal conclusions.  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 15.

### Subject of Examination No. 16

The efforts and plans to achieve resumption of supply of Fabrazyme and Cerezyme during the period January 1, 2011 through June 2012, including, without limitation:

a.   Analysis of the regulatory status and interaction with regulatory authorities relating to Allston Landing, 74NYA and the regulatory status of products manufactured there, including, without limitation, consideration of accelerated regulatory processes.

b.   Assessment and implementation of technical or other improvements intended or with the potential to increase the level of manufacture, processing and fill and finish of Fabrazyme or Cerezyme.

c.   The role and timing of the direct involvement of Sanofi employees with respect to the supply of Fabrazyme or Cerezyme.

### Response to Subject No. 16

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information

sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); and (iv) the phrases "consideration of accelerated regulatory processes," "potential to increase" and "[t]he role and timing of the direct involvement of Sanofi employees," are vague and ambiguous and, as a result, can be construed as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 16.

**Subject of Examination No. 17**

Project McLean.

**Response to Subject No. 17**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); and (iv) it is not proportional to the needs of the case because the burden and expense of responding to it would outweigh its likely benefit (if any).  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 17.

**Subject of Examination No. 18**

The establishment of the pricing and reimbursement of Lemtrada.

**Response to Subject No. 18**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this Action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); and (iv) it is not proportional to the needs of the case because the burden and expense of responding to it would outweigh its likely benefit (if any).  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 18.

**Subject of Examination No. 19**

The date of First Commercial Sale in Germany and the United States and Sanofi's basis for its determinations of the date thereof.

**Response to Subject No. 19**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action

and/or other written discovery sought by Plaintiff; (iii) it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or any other privileges recognized by either state or federal law; and (iv) it calls for testimony that constitutes legal conclusions.  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 19.

**Subject of Examination No. 20**

The date of Product Launch in Germany and the United States and Sanofi's basis for its determination of the date thereof.

**Response to Subject No. 20**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that:  (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or any other privileges recognized by either state or federal law; and (iv) it calls for testimony that constitutes legal conclusions.  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 20.

**Subject of Examination No. 21**

The planning, timing, decision-making and execution around the filing for approval, pricing and reimbursement approval and launch of Lemtrada in each country of the world, including, without limitation, Japan.

**Response to Subject No. 21**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it imposes an unreasonable and disproportionate burden on Sanofi as it seeks information more properly and efficiently obtained from (x) documents that Sanofi has already produced in this action and/or (y) the depositions Plaintiff has already taken and has yet to take in this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it does not describe the information sought with the reasonable particularity required under Fed. R. Civ. P. 30(b)(6); (iv) it is overbroad in that it seeks testimony over a multi-year period with respect to the "planning, timing, decision-making and execution around the filing for approval, pricing and reimbursement approval and launch of Lemtrada in each country of the world;" and (v) the phrase "planning, timing, decision-making and execution around the filing for approval, pricing and reimbursement approval and launch of Lemtrada" is vague and ambiguous and, as a result, can be construed as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 21.

**Subject of Examination No. 22**

The document and information retention polices of Genzyme/Sanofi with respect to documents and information concerning:

    a.      the production of Cerezyme or Fabrazyme.

    b.      the approval of Lemtrada.

    c.      the development, launch, marketing, promotion and commercialization of Lemtrada.

d.  individuals leaving the employment of Genzyme/Sanofi whose work included reference to Cerezyme, Fabrazyme and/or Lemtrada.

e.  all litigation holds or preservation directions put in place with respect to documents or information concerning topics 22a, 22b, 22c and 22d above.

**Response to Subject No. 22**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in, or that is not material and necessary to the prosecution or defense of, this action; (ii) it seeks information that is duplicative of information already provided in the documents that Sanofi has produced to Plaintiff in this action and/or other written discovery sought by Plaintiff; (iii) it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or any other privileges recognized by either state or federal law; (iv) it is not proportional to the needs of the case because the burden and expense of responding to it would outweigh its likely benefit (if any); and (v) it seeks testimony beyond what the Court So-Ordered during the March 28, 2018 hearing. Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 22.

**Subject of Examination No. 23**

The collection and processing of documents in this litigation.

**Response to Subject No. 23**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Sanofi specifically incorporates into this response, Sanofi objects to this Subject of Examination on the grounds that: (i) it seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in, or that is not material

and necessary to the prosecution or defense of, this action;  (ii) it calls for information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the common-interest privilege and/or any other privileges recognized by either state or federal law; and (iii) it is not proportional to the needs of the case because the burden and expense of responding to it would outweigh its likely benefit (if any).  Sanofi will not make a Rule 30(b)(6) witness available to testify on Subject of Examination No. 23.


Dated:    June 26, 2018                            WEIL, GOTSHAL & MANGES LLP
          New York, New York

                                                   By: */s/ John A. Neuwirth*
                                                   John A. Neuwirth
                                                   Joshua S. Amsel
                                                   Stefania D. Venezia
                                                   Justin D. D'Aloia
                                                   767 Fifth Avenue
                                                   New York, New York 10153
                                                   Telephone:  (212) 310-8000
                                                   Facsimile:  (212) 310-8007

                                                   *Attorneys for Sanofi*