**Weil, Gotshal & Manges LLP**

BY ECF AND HAND DELIVERY

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**John A. Neuwirth**
+1 212 310 8297
john.neuwirth@weil.com

July 12, 2018

Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  *UMB Bank, N.A. v. Sanofi*, No. 15 Civ. 8725 (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

We represent Sanofi in the above-referenced action and write in response to Plaintiff's July 11, 2018 letter (the "July 11 Letter" or "July 11 Ltr.") (ECF No. 207), in which Plaintiff purports to request a conference before Your Honor "to address Sanofi's refusal to produce a Rule 30(b)(6) deponent(s) on any of the subjects of examination noticed by the Trustee."  July 11 Ltr. at 1.  In fact, Plaintiff asks for far more than a conference:  namely, an order (i) compelling Sanofi to appear to testify on every one of the 55 Rule 30(b)(6) subjects (including sub-parts) noticed by Plaintiff, or, in the alternative, (ii) "precluding Sanofi from presenting evidence at trial on any of th[os]e subjects" under Rule 37(d)(1)(A)(i).  *Id.* at 3.  Yet, as has been its habit throughout this litigation, Plaintiff seeks such relief prior to completing -- or, for that matter, even engaging in -- the requisite meet-and-confer process. Indeed, Sanofi has not heard a word from Plaintiff in the two weeks since serving its objections to the Rule 30(b)(6) notice, despite clearly offering therein to discuss them.  Plaintiff, once again, has requested the Court's intervention without there having been a single conversation between the parties. Its request is thus premature and should be denied.

By way of background, on May 23, 2018, just over a month prior to what was then a June 29, 2018 deadline to complete fact discovery, Plaintiff served its Rule 30(b)(6) notice (July 11 Ltr., Ex. A), requesting far-ranging testimony on 55 different subjects (including sub-parts), essentially covering the entire substantive landscape of this litigation.  The notice, on its face, is grossly overbroad and unduly burdensome; among other things, it would require Sanofi to designate not just one or two but, instead, any number of different witnesses and make them available over any number of days to adequately cover its scope.  Making matters worse, Plaintiff waited to serve the notice until after the completion of a substantial number of fact depositions, including the depositions of several key witnesses who would have been among Sanofi's Rule 30(b)(6) designees with respect to the noticed topics.  Moreover, certain of these witnesses are former employees who voluntarily sat for their depositions.  If Sanofi was forced

Honorable Robert W. Lehrburger
July 12, 2018
Page 2

to comply with the Rule 30(b)(6) notice as written, in all likelihood, it would have to go back to one or more of these witnesses (among others), obtain their commitment to voluntarily sit again, and then find adequate time to prepare them in accordance with Rule 30(b)(6) and for the deposition to occur, taking into account, among other things, their professional obligations to their current employers and the incredibly compressed timeframe that exists to complete this discovery -- a timeframe, leading up to the current September 28, 2018 fact discovery cutoff, that is already overloaded with calendared depositions (both in the United States and abroad).  In short, the notice, in terms of its breadth and timing, represents the height of inefficiency.

On June 26, 2018, Sanofi served its objections to the Rule 30(b)(6) notice (July 11 Ltr. Ex. B), expressly offering to meet and confer about them.  *See id.* at 4.  Sanofi never heard from Plaintiff in the ensuing two weeks.  In the July 11 Letter, Plaintiff complains that Sanofi, in merely serving its objections, has engaged in "self-help," given the "weight of authority" requiring the receiving party to move for a protective order.  July 11 Ltr. at 3 (citation omitted).  Sanofi is fully aware of the pertinent authority, but Sanofi could not move for a protective order until after meeting and conferring with Plaintiff -- the very same obligation Plaintiff is under but has flouted.  Ironically, on the very same day that Sanofi served its objections to Plaintiff's Rule 30(b)(6) notice, Plaintiff served objections to a Rule 30(b)(6) notice served by Sanofi, refusing to make a witness available except "as agreed during a meet and confer dialogue."  *See* Ex. A attached hereto.  That meet-and-confer also has yet to occur.  It should, in conjunction with a meet-and-confer regarding Sanofi's objections to Plaintiff's Rule 30(b)(6) notice, after which the parties can raise any remaining issues with Your Honor.  Until then, there is simply no ripe dispute for the Court to adjudicate, and certainly no reason for the Court to consider any of these issues on a piecemeal basis.

We are available at the Court's convenience to answer any questions Your Honor may have.

Respectfully submitted,

*/s/ John A. Neuwirth*
John A. Neuwirth


cc:     Counsel of Record