# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMB BANK, N.A., as Trustee,<br><br>      Plaintiff,<br><br>- against -<br><br>SANOFI,<br><br>      Defendant. | Case No. 15 Civ. 08725 (GBD) |

**RESPONSES AND OBJECTIONS TO, AND OFFER TO CONFER IN GOOD FAITH CONCERNING, SANOFI'S NOTICE OF 30(b)(6) DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, UMB Bank N.A., as Trustee (the "Trustee"), by and through its undersigned counsel, submits its Objections to Sanofi's Notice of 30(b)(6) Deposition, dated May 23, 2018 calling for the deposition of the Trustee on a date and time to be determined by the parties on ten (10) substantive subject matter topics, not including subparts (the "Notice of Deposition").

**OFFER TO CONFER IN GOOD FAITH**

The Trustee offers to confer in good faith with counsel for Sanofi concerning the Notice of Deposition, the subject matter topics set forth therein, and the objections set forth below. The Trustee is deferring the filing of any motion to quash the Notice of Deposition so that the parties may have an opportunity to confer in good faith concerning the Notice of Deposition, the topics set forth therein, and the objections set forth below. The Trustee reserves all rights.

**THE COURT'S ORDER RELATED TO THE RELEVANCE OF THESE TOPICS**

Most of the topics in the Notice of Deposition appear to be designed to elicit testimony related to the Trustee's motives with respect to its assertion of its legal rights under the CVR

Agreement. The Court has already ruled that such information is not relevant to this action. Sanofi had previously sought document discovery from 26 non-party CVR holders related to similar topics. Those 26 subpoenas were quashed by Magistrate Judge Lehrburger. In his November 22, 2017 Memorandum and Order (the "Order"), the Magistrate Judge found that the discovery sought by Sanofi had little relevance to this action as "the information sought may bring to light UMB and the CVR Holders' motives for asserting their legal rights and bringing litigation to enforce the contract at issue. Motive is not an element in a breach of contract suit. *See Thyssenkrupp Materials N.A., Inc.* v. *W. Bulk Carriers A/S*, 2014 WL 335595, at *1 (S.D.N.Y. Jan. 22, 2014) (not erroneous to deny motive discovery in an ordinary contract case, 'given that motive is generally irrelevant in breach of contract actions.')." Order at 3. Furthermore, the Order found that the discovery sought there, like here, related to information that "directly implicate[s] the types of documents that typically are attorney-client and work product material, such as . . . legal strategy." *Id.* And like here, "[i]t would be wasteful to expend resources" in preparing a 30(b)(6) witness to testify to topics of at most minimal relevance. *Id.*

As the subject matter topics set forth in the Notice of Deposition are not relevant and are largely privileged, the Trustee offers to meet and confer in good faith concerning these topics to determine whether there is some relevant non-privileged information that could be elicited from the requested deposition.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Reserving all rights, and incorporating the discussion above as if set forth in full herein with respect to the Court's ruling on the relevance and burden of these lines of inquiry, the Trustee makes the following objections to the Definitions and Instructions in the Notice of Deposition.

1. The Trustee objects to Definition Nos. 4, 8 and 14 to the extent they broaden the definitions for those terms as provided under Rule 26.3(c) of the Local Rules.

2. The Trustee objects to Definition No. 21 to the extent it purports to include individuals who do not represent the Trustee's interests.

3. The Trustee will apply the definitions provided in the Local Rules for such terms defined therein that are used in the Notice of Deposition, and otherwise objects to Sanofi's characterizations thereof.

4. The Trustee objects to the relevant time period of "March 30, 2011 through and including the date of the deposition, and shall include all information concerning that period, or events or circumstances during that period, even though generated or used before that period" as beyond the scope of appropriate discovery.

5. The Trustee objects to any request, in whole or in part, to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure.

**OBJECTIONS TO THE EXAMINATION SUBJECT MATTER TOPICS**

Each of the foregoing objections, including the Court's ruling on the relevance and burden of these lines of inquiry, and objections to the timing of any deposition, is, to the extent applicable, incorporated below as if set forth in full in response to each of the subject matters for examination. The numbered paragraphs set for below correspond to the 10 enumerated subject matter topics for examination as set forth in the Notice of Deposition.

*1. Your appointment and role as Trustee under the CVR Agreement, including Your acceptance of the role of Successor Trustee under the Instrument of Appointment and Acceptance, and any discussions regarding the same with Sanofi, AST or any CVR Holder.*

The Trustee objects to this topic to the extent that it purports to require UMB to testify as to AST's appointment and role as Trustee under the CVR Agreement, as UMB can only testify as to its appointment and role as Trustee under the CVR Agreement. The Trustee also objects to the extent that this topic calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure. The Trustee further objects that this topic is irrelevant, overly broad, unduly burdensome, and beyond the scope of discovery appropriate for this action. The Trustee does not otherwise object to having a corporate representative testify at the appropriate time regarding this topic to the extent relevant to the claims and defenses in this action as agreed during a meet and confer dialogue.

*2. Any due diligence, research, investigation or evaluation performed by You or on Your behalf regarding any of the allegations in the Complaint, the Supplemental Complaint, the First Amended Complaint and/or the Second Amended Complaint.*

The Trustee objects to this topic to the extent it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure. The Trustee also objects to this topic to the extent that it purports to require UMB to testify as to any due diligence, research, investigation or evaluation performed by AST. The Trustee further objects that this topic is irrelevant, overly broad, unduly burdensome, and beyond the scope of discovery appropriate for this action. The Trustee does not otherwise object to having a corporate representative testify at the appropriate time regarding this topic to the extent relevant to the claims and defenses in this action as agreed during a meet and confer dialogue.

*3. Any due diligence, research, investigation, analysis or evaluation performed by You, or on Your behalf, regarding the CVRs or the CVR Agreement, including any assessments of the value or potential value of a CVR at any point in time.*

The Trustee objects to this topic to the extent it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure. The Trustee also objects to this topic to the extent that it purports to require UMB to testify as to any due diligence, research, investigation or evaluation performed by AST. The Trustee further objects that this topic is irrelevant, overly broad, unduly burdensome, and beyond the scope of discovery appropriate for this action. The Trustee does not otherwise object to having a corporate representative testify at the appropriate time regarding this topic to the extent relevant to the claims and defenses in this action as agreed during a meet and confer dialogue.

*4. Any communications with anyone, including, but not limited to, Sanofi or any CVR Holder, concerning Topic Nos. 2, 3 and/or 4.*

The Trustee objects to this topic as confusing as it is unclear what "[a]ny communications with anyone . . . concerning Topic [4]" could mean. The Trustee incorporates its objections to Topics 2 and 3. The Trustee objects to this topic to the extent it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure. The Trustee also objects to this topic to the extent that it purports to require UMB to testify as to any due diligence, research, investigation or evaluation performed by AST. The Trustee further objects that this topic is irrelevant, overly broad, unduly burdensome, and beyond the scope of discovery appropriate for this action. The Trustee does not otherwise object to having a corporate representative testify at the appropriate time regarding this topic to the extent relevant to the claims and defenses in this action as agreed during a meet and confer dialogue.

*5. Your internal organization and decision-making structure, including any departments, staff or employees responsible, in whole or in part, for directing the Trustee's actions, or otherwise providing it with guidance, reports or analysis.*

The Trustee objects to this topic as irrelevant to the claims and defenses in this action. The Trustee objects to this topic to the extent it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure. The Trustee does not otherwise object to having a corporate representative testify at the appropriate time regarding this topic to the extent relevant to the claims and defenses in this action as agreed during a meet and confer dialogue.

6. *Any policies, procedures, rules, plans, strategies or guidelines (whether proposed, final or informal) that govern Your actions as Trustee or the trustee services provided by you generally.*

The Trustee objects to this topic as irrelevant to the claims and defenses in this action. The Trustee objects to this topic to the extent it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure. The Trustee does not otherwise object to having a corporate representative testify at the appropriate time to UMB's policies, procedures, rules, plans, strategies or guidelines to the extent relevant to the claims and defenses in this action as agreed during a meet and confer dialogue.

7. *Any communications with any CVR Holder(s), or anyone purporting to represent any CVR Holder(s), directing or recommending that You perform any action or exercise any right or remedy under the CVR Agreement, including, but not limited to, any directive or recommendation that You make a request to Sanofi to submit to an audit under Section 7.6(a) of the CVR Agreement.*

The Trustee objects to this topic as irrelevant, overly broad, unduly burdensome, and beyond the scope of discovery appropriate for this action to the extent that it purports to seeking communications not related to this action. The Trustee also objects to this topic to the extent it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure. The

Trustee does not otherwise object to having a corporate representative testify at the appropriate time regarding this topic to the extent relevant to the claims and defenses in this action as agreed during a meet and confer dialogue.

*8. Any communications with any CVR Holder(s), or anyone purporting to represent any CVR Holder(s), relating to or concerning the CVRs, including, but not limited to, the subject matter of the Complaint, the Supplemental Complaint, the First Amended Complaint and/or the Second Amended Complaint.*

The Trustee objects to this topic as irrelevant, overly broad, unduly burdensome, and beyond the scope of discovery appropriate for this action to the extent that it purports to seeking communications not related to this action.  The Trustee also objects to this topic to the extent it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure.  The Trustee does not otherwise object to having a corporate representative testify at the appropriate time regarding this topic to the extent relevant to the claims and defenses in this action as agreed during a meet and confer dialogue.

*9. The negotiation, execution and terms of the Funding Agreement.*

The Trustee objects to this topic as irrelevant to the claims and defenses in this action. The Trustee objects to this topic to the extent it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure.

*10. Your commencement and/or prosecution of litigation as Trustee under any indenture or other agreement, separate and apart from the CVR Agreement.*

The Trustee objects to this topic as irrelevant to the claims and defenses in this action and as overly broad, unduly burdensome, and beyond the scope of discovery appropriate for this action.  The Trustee objects to this topic to the extent it calls for information that is protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity from disclosure.

| | |
|---|---|
| Dated: June 26, 2018<br>New York, New York | CAHILL GORDON & REINDEL LLP<br><br>By:  /s/ Charles A. Gilman<br>        Charles A. Gilman<br>        Michael B. Weiss<br>        Brent L. Andrus<br><br>        Eighty Pine Street<br>        New York, NY 10005-1702<br>        (212)-701-3000<br>        cgilman@cahill.com<br>        mweiss@cahill.com<br>        bandrus@cahill.com<br><br>        *Attorneys for Plaintiff*<br>        *UMB Bank, N.A., as Trustee* |