**Weil, Gotshal & Manges LLP**

BY ECF AND HAND DELIVERY

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Joshua S. Amsel
+1 212 310 8782
joshua.amsel@weil.com

October 15, 2018

Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *UMB Bank, N.A. v. Sanofi*, No. 15 Civ. 8725 (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

This firm represents Sanofi in the above-referenced action. In a November 22, 2017 Memorandum and Order, Your Honor stated that "[s]hould there come a time later in the case when Sanofi believes there are new and valid reasons to subpoena any or all of the CVR Holders, Sanofi may apply to the Court for leave to do so." (ECF No. 160 at 4.) In light of Plaintiff's recent October 9, 2018 deposition testimony, Sanofi respectfully requests leave of Court to seek narrowly tailored discovery from non-party CVR holders Stonehill Master Fund Limited and Stonehill Institutional Partners, L.P. (together, "Stonehill").

██████████████████████████████████████████████████████████ it is both unfair and prejudicial to Sanofi for Stonehill to continue to shield itself from discovery by claiming (without any support) that responding to any subpoena in this action constitutes undue burden. Sanofi accordingly requests leave to serve tailored subpoenas on Stonehill[1] for any non-privileged documents and communications regarding: (i) the CVR Agreement, Sanofi's obligations thereunder, and the claims asserted in the litigation; (ii) Stonehill's valuation of the CVRs and any documents regarding its decision(s) to invest in CVRs; and (iii) Stonehill's trading in CVRs from July 2015 to the present. (*See* Proposed Subpoena (Ex. A).[2])

It is well-settled that the relevance standard under Rule 26(b) is "an extremely broad concept," even for non-party subpoenas. *See Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *7 (S.D.N.Y. Oct. 24, 2014) (Pitman, M.J.). Information "need not be admissible in evidence to be discoverable," Fed. R. Civ. P. 26(b), so long as it "could lead to other matter[s] that could bear on any

---

[1] Two (identical) subpoenas would be served, one on each of the Stonehill entities, which share the same investment adviser.

[2] Exhibits are attached to this letter.

Honorable Robert W. Lehrburger
October 15, 2018
Page 2

party's claim or defense." *Lifeguard Licensing Corp. v. Kozak*, 2016 WL 4733157, at *5 (S.D.N.Y. Sept. 9, 2016) (Francis, M.J.) (citation omitted). The limited information Sanofi seeks here is plainly relevant. Discovery to date confirms that Stonehill is far from an absent class member (as Plaintiff claimed in its prior letters to the Court).[3] Rather, for all practical purposes, Stonehill is the real plaintiff in interest here,



---

[3] In any event, even absent class members who have "injected themselves into the litigation" are appropriately "subject to discovery." *See* William B. Rubenstein, Newberg on Class Actions § 9:12 at 423-24 (5th ed, 2011).

[4]

Honorable Robert W. Lehrburger
October 15, 2018
Page 3



Given the unique facts of this case, Stonehill's communications discussing the "merits of the case" or "any facts of the case" and documents reflecting on its or the Trustee's "credibility" are relevant and properly discoverable under Rule 26. *See, e.g., Cohen v. Cohen*, 2015 WL 4469704, at *4 (S.D.N.Y. June 29, 2015) (granting discovery of such communications between plaintiff and her litigation funder). The fact that the discovery granted in *Cohen* was from a named party is of no moment given Stonehill's intimate involvement in this case as the plaintiff in all but name. Thus, unlike in *Home Equity Mortg. Trust Series 2006-5 v. DLJ Mortg. Capital, Inc.*, 2014 WL 3853657 (N.Y. Sup. Ct. July 28, 2014) – a single, unpublished state court decision – the record here shows that Stonehill played (and continues to play) a critical role in directing and prosecuting this action.

"[A] third party with a substantial interest in the litigation," like Stonehill, "cannot be allowed to frustrate the rules of discovery to the disadvantage of a party." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 148 (S.D.N.Y. 1997). Stonehill's position in this action is akin to an insurer whose communications concerning the facts underlying the litigation are discoverable by virtue of the insurer's being integrally and intimately involved in the litigation. *See, e.g., Breskin v. Litrico*, 455 N.Y.S.2d 1000, 1001 (N.Y. Sup. Ct. 1982) (ordering defendant to have its insurer, who was practically "an agent of the defendant," to provide documents to plaintiff where the insurer was not "a stranger to the litigation" and not a "disinterested nonparty witness"). Denying the narrowly tailored discovery sought from Stonehill would only reward "a third party with a substantial interest in the litigation" for "frustrat[ing] the rules of discovery."[5]

For all of these reasons, Sanofi respectfully seeks leave of Court to serve Stonehill with the narrowly tailored subpoenas submitted as Exhibit A.

---

[5] Discovery in this action has been wholly one-sided to date. Before the end of fact discovery there will have been at least 22 Sanofi depositions, and Sanofi has produced tens of millions of pages of documents. There has been one deposition of Plaintiff, on October 9, 2018.

WEIL:\96760904\1\71937.0101

Honorable Robert W. Lehrburger
October 15, 2018
Page 4

Respectfully submitted,

/s/ Joshua S. Amsel

Joshua S. Amsel

cc:     Counsel of Record