# CAHILL GORDON & REINDEL LLP

## EIGHTY PINE STREET

### NEW YORK, NY 10005-1702

ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
AYANO K. CREED
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL
PIERRE M. GENTIN

CHARLES A. GILMAN
ARIEL GOLDMAN
JASON M. HALL
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER*
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE

JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
BRIAN T. MARKLEY
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN

MICHAEL A. SHERMAN
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
SEAN P. TONOLLI*
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
S. PENNY WINDLE
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

*ADMITTED IN DC ONLY

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

WRITER'S DIRECT NUMBER

(212) 701-3403

October 16, 2018

Re:     *UMB Bank, N.A., as Trustee v. Sanofi,* Case No. 1:15-cv-08725-GBD-RWL

Dear Judge Lehrburger:

I write on behalf of Plaintiff UMB Bank, N.A., as Trustee in response to last evening's letter to Your Honor from Josh Amsel, counsel for Defendant Sanofi. As Mr. Amsel knew when he sent his letter, I am flying to France today to take the depositions of Sanofi's Chief Executive Officer and Chairman of its Board of Directors, and will not be available this week to respond. Please accept this brief letter on behalf of the Trustee. The relevant facts are as follows:

1. Section 4.7(b) of the CVR Agreement provides: "[Sanofi] agrees . . . to reimburse the Trustee upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this CVR Agreement (including the reasonable compensation and the reasonable expenses and disbursements of its agents and counsel). . . ."

2. Sanofi breached its obligations under the CVR Agreement by refusing to reimburse the Trustee as provided in the CVR Agreement. Because there is no trust *res* from which the Trustee might be compensated, Sanofi's breach was calculated to starve the litigation.

3. The initial trustee, American Stock Transfer ("AST") through its counsel Milbank Tweed, applied to the Court for relief. The Court denied the Trustee's motion for summary judgment, without prejudice to an application at the end of the case. Trusts of this kind uniformly provide for reimbursement of the Trustee. *See* Wilkinson Dep. at 71:20-72:9 ("[I]t is not unusual, it is in fact exactly what every indenture I've ever worked on requires."); *see also id.* at 74:22-75:5. Under governing case law and the terms of the CVR Agreement, we expect that the renewed application will be granted.

CAHILL GORDON & REINDEL LLP

- 2 -

4. As it turned out, AST lacked the experience and capacity to serve as a litigation trustee. Sanofi, through its counsel Weil Gotshal, approached UMB Bank and asked if UMB would be interested in serving as a successor Trustee. The Weil attorney went so far as to ask if UMB became Trustee whether it "would pursue the litigation." Wilkinson Dep. at 55:13-56:3 ("[Ms. Venezia from Weil] wanted to know if we would pursue the litigation."); *see also id.* at 58:17-59:3 ("[Ms. Venezia] asked me how we would determine whether to take over the litigation from AST or to pursue the litigation.").

5. It was thereafter that one of the CVR Holders (Stonehill) also contacted UMB Bank to confirm its capacity to serve as successor Trustee. *Id.* at 103:11-17.

6. Upon the consent of all concerned, UMB Bank became successor Trustee and the Plaintiff in this lawsuit.

7. To Sanofi's disappointment, after familiarizing itself with the facts and investigating the claims with its own counsel, the Trustee determined to continue this lawsuit.

8. So that the case could proceed, the Trustee and the CVR Holders entered into a Funding Agreement, a complete copy of which (including the names and shares of all participants) was provided to Sanofi nearly 19 months ago. Stonehill is shown as a participant.

9. Periodically, the Trustee has provided written reports on the litigation to all CVR Holders, copies of which reports have been produced to Sanofi in discovery. No material non-public information is contained in any of those reports. They are status summaries of the public proceedings in the case.

10. In addition, from time to time, oral reports are provided to the participants to the Funding Agreement. It is announced at the start of each call that no material non-public information will be provided. The calls are purely status summaries of the public proceedings in the case, with the opportunity for questions (which are rarely asked). I know this to be true because I give the periodic oral reports.

11. The CVR Holders are not parties to the CVR Agreement. The fact that CVR Holders should be interested in the Trustee's lawsuit is understandable. The CVR Agreement requires that Sanofi "shall use Diligent Efforts to achieve the Approval Milestone and the Product Sales Milestones, and shall use commercially reasonable efforts to achieve the Production Milestone on a timely basis." (CVR Agreement § 7.10) If all Milestones were achieved, the Holders would be entitled to $14 cash per CVR, or over $3 billion.

12. Sanofi previously served 26 subpoenas on CVR Holders and participants in the Funding Agreement. The Court quashed them in their entirety. *See* Memorandum and Order dated November 22, 2017 (ECF 160) (copy attached).

CAHILL GORDON & REINDEL LLP

- 3 -

13. On November 16, 2017, the Court entered an Order (ECF 152) setting a deadline for the service of discovery requests on non-parties. *See* ECF 152 at ¶ II.a.iii. ("The Parties will serve all discovery requests on non-parties on or before April 13, 2018."). That date has never been changed, and the Trustee abided by that deadline.

14. Now, long after expiration of the Court-ordered deadline for non-party discovery, Sanofi seeks to serve two subpoenas on non-party Stonehill seeking "communications regarding (i) the CVR Agreement, Sanofi's obligations thereunder, and the claims asserted in the litigation; (ii) Stonehill's valuation of the CVRs and any documents regarding its decision(s) to invest in CVRs; and (iii) Stonehilll's trading in CVRs from July 2015 to the present." Amsel letter at 1. This is another attempt by Sanofi to scare off those who are funding the litigation against it.

15. This action is a breach of contract action. The issue to be determined is whether Sanofi breached its obligations under the CVR Agreement. The CVR Holders are not parties to the contract at issue. None of the reasons set forth in Mr. Amsel's letter are "new" (ECF 160 at 4). For the same reasons that we and the 26 subpoenaed Holders fully briefed a year ago, and as reflected in Your Honor's Memorandum and Order dated November 22, 2017 (ECF 160), the discovery that Sanofi now seeks is not relevant to the claims or defenses in this action. The relief now requested by Sanofi should be denied.

Respectfully submitted,

Charles A. Gilman

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 702
New York, New York 10007

cc:    Josh Amsel