**Weil, Gotshal & Manges LLP**

BY ECF AND HAND DELIVERY

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**John A. Neuwirth**
+1 212 310 8297
john.neuwirth@weil.com

April 22, 2019

Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *UMB Bank, N.A. as Trustee v. Sanofi*, 15 Civ. 8725 (S.D.N.Y.) (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

This firm represents Sanofi in the above-referenced action. Sanofi respectfully requests leave of Court to obtain deposition testimony from non-party CVR holders Stonehill Master Fund Limited and Stonehill Institutional Partners, L.P. (together, "Stonehill") and Michael Stern of Stonehill.

In a November 22, 2017 Memorandum and Order, Your Honor stated that "[s]hould there come a time later in the case when Sanofi believes there are new and valid reasons to subpoena any or all of the CVR Holders, Sanofi may apply to the Court for leave to do so." (ECF No. 160 at 4.) In an October 22, 2018 Order, Your Honor granted leave for Sanofi to serve two (identical) document subpoenas on Stonehill, finding that "the discovery sought does not pose a substantial burden" and that "the requested discovery [is] proportional to the needs of the case." (ECF No. 220 at 1-2.) On October 23, 2018, Sanofi promptly served the subpoenas on Stonehill and informed Stonehill's counsel that it may seek to obtain deposition testimony after reviewing Stonehill's production. (*See* Ex. 1.)

[redacted] Sanofi accordingly requests leave to serve two (identical) Fed. R. Civ. P. 30(b)(6) subpoenas on Stonehill and an individual subpoena on Mr. Stern for deposition testimony concerning the matters listed in Sanofi's document subpoenas: (i) the CVR Agreement, Sanofi's obligations thereunder, and the claims asserted in the litigation; (ii) Stonehill's valuation of the CVRs and its decision(s) to invest in the CVRs; and (iii) Stonehill's trading in the CVRs from July 2015 to the present. (*See* Proposed Subpoenas (Exs. 2, 3, 4).) It may well be that Mr. Stern is Stonehill's Fed. R. Civ. P. 30(b)(6) designee, in which case a single deposition may be all that is needed.

"The deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts [need not] be carried on in the dark." *In re: Subpoena*

Magistrate Judge Lehrburger
April 22, 2019
Page 2

*Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). A non-party subpoena falls within the ambit of Fed. R. Civ. P. 26, which "applies broadly, permitting parties to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Malibu Media, LLC v. Doe*, 2016 WL 5478433, at *4 (S.D.N.Y. Sept. 29, 2016).

Deposition testimony from Stonehill and Mr. Stern would certainly be "relevant" to the merits of this case,



Magistrate Judge Lehrburger
April 22, 2019
Page 3

███████████████████████████████████████████████ Meanwhile, Stonehill still trades in the CVRs, having acquired nearly 5.5 million additional CVRs during the quarter ended December 31, 2018. (Ex. 19.) The Court has already observed that the value of Stonehill's CVRs "could be significantly affected by the outcome of this action" (ECF No. 220 at 2), a fact that is all the more true today given Stonehill's recent trades.

Deposition testimony from Stonehill and Mr. Stern concerning the merits and facts of this case is thus relevant under Rule 26. *See, e.g.*, *In re Namenda Direct Purchaser Antitrust Litig.*, 2017 WL 3822883, at *9 (S.D.N.Y. Aug. 30, 2017) (compelling non-party deposition where documents produced "do not appear to 'tell the entire story'" of relevant matters); *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 2013 WL 6044343, at *2 (D. Conn. Nov. 14, 2013) (finding deposition testimony from non-party "highly relevant" "as demonstrated by the documents produced" by non-party). As set forth above, Stonehill's document production indicates ███████████████████ ████████████████████████████████████████.[1] Sanofi is thus entitled to further explore Stonehill's involvement at a deposition. *See Polanco v. NCO Portfolio Mgmt., Inc.*, 2013 WL 3733391, at *2 (S.D.N.Y. July 15, 2013) (denying motion to quash deposition of non-party who had "knowledge of many of the facts relevant to Plaintiff's claims in this case" where non-party "failed to demonstrate that a single, limited deposition would impose an undue burden"); *Wertheim Schroder & Co. Inc. v. Avon Prod., Inc.*, 1995 WL 6259, at *6 (S.D.N.Y. Jan. 9, 1995) ("The outcome of litigation should not hinge on the fortuity that relevant information is possessed by a nonlitigant rather than by a party."). Deposition discovery has been one-sided: Plaintiff has taken 20 Sanofi depositions, while Sanofi has taken one deposition of Plaintiff. The potential burden on Stonehill and Mr. Stern would be minimal.

These are compelling circumstances, and "good cause" exists for Sanofi to obtain the requested deposition testimony after the so-ordered deadline for fact discovery. (ECF No. 215; *see also Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 342 (S.D.N.Y. 2005) (good cause where party "demonstrat[ed] that it could not reasonably meet its deadline despite diligent efforts").) Sanofi sought leave to serve document subpoenas on Stonehill less than a week after Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition, and served those subpoenas the day after the Court granted leave. It would have been premature for Sanofi to have sought leave to serve deposition subpoenas before assessing whether Stonehill's production justified such a request. Stonehill began its rolling production on December 14, 2018, and it produced 771 documents through April 2, 2019 (with over 5,000 of the 7,750 total pages being produced on April 2), along with six privilege logs containing 660 entries.[2] In short, now that Stonehill's document production appears to be complete, Sanofi seeks tailored deposition testimony. "[A] third party with a substantial interest in the litigation" – and no CVR holder has a more "substantial interest" than Stonehill – "cannot be allowed to frustrate the rules of discovery to the disadvantage of a party." *Bank of New York v. Meridien IAO Bank Tanzania Ltd*, 171 F.R.D. 135, 148 (S.D.N.Y. 1997).

---

[1] ████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████

[2] Sanofi has taken issue with a number of Stonehill's privilege log entries and is seeking to resolve those issues without Court intervention at this time.

Magistrate Judge Lehrburger
April 22, 2019
Page 4

Accordingly, Sanofi respectfully seeks leave of Court to serve the deposition subpoenas submitted as Exhibits 2, 3, and 4.

Respectfully submitted,

/s/ John A. Neuwirth

John A. Neuwirth