CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
AYANO K. CREED
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
HELENA S. FRANCESCHI
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL

CHARLES A. GILMAN
ARIEL GOLDMAN
JASON M. HALL
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER*
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE
JOEL H. LEVITIN

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

WRITER'S DIRECT NUMBER
212.701.3403

GEOFFREY E. LIEBMANN
BRIAN T. MARKLEY
MEGHAN N. MCDERMOTT
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN

MICHAEL A. SHERMAN
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
ROSS E. STURMAN
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
SEAN P. TONOLLI*
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

*ADMITTED IN DC ONLY

April 25, 2019

Re: *UMB Bank, N.A., as Trustee v. Sanofi,* 15 Civ. 8725 (S.D.N.Y.) (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

I write on behalf of Plaintiff UMB Bank, N.A., as Trustee ("UMB") in response to the April 22, 2019 letter to Your Honor from John Neuwirth, counsel for Defendant Sanofi.

**All fact discovery was completed by Court Order over five months ago.** On September 24, 2018, Your Honor set a deadline for the completion of all fact discovery. *See* ECF 215 at II.a.iii. ("All fact discovery shall be completed on or before November 12, 2018.") The Order stated, "There shall be no further extensions absent compelling circumstances." On November 30, 2018, Your Honor extended the schedule for expert discovery and dispositive motions, but advised the parties that there would be "[n]o further extensions under any circumstances." ECF 224 at II.c.iv. Now, seven months after the September 24, 2018 Order and five months after the completion of all fact discovery, Sanofi moves to reopen fact discovery. Sanofi speaks of relevance, proportionality and burden, but ignores the Order in this case that "[t]here shall be no further extensions [of the discovery schedule] absent compelling circumstances." Sanofi has not shown any circumstance, let alone a "compelling" one, to justify reopening fact discovery at this late date. In addressing similar circumstances, courts consider, among other factors, whether the moving party can demonstrate diligence and whether the requested discovery is likely to lead to relevant evidence. *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC,* No. 16-CV-1318 (GBD) (BCM), 2018 WL 6712769, at *7 (S.D.N.Y. Nov. 30, 2018); *see also In re Gen. Motors LLC,* No. 14-MD-2543 (JMF), 2016 WL 2766654, at *2 (S.D.N.Y. May 12, 2016). As demonstrated below and in the attached chronology, Sanofi's motion fails in both respects. The motion should be denied.

**Sanofi raises no new factual issue relevant to the claims and defenses in the litigation.** This action is brought by UMB on behalf of the holders of the Contingent Value Rights ("CVRs") issued by Sanofi. Sanofi argues that Stonehill has attended court proceedings.

CAHILL GORDON & REINDEL LLP

- 2 -

So what. The fact that one or more CVR holders are interested enough to attend court proceedings or communicate with the Trustee, who sues on their behalf, does not mean that the Court should reopen fact discovery. Sanofi has known of Stonehill's involvement in this action for over two years. Sanofi points to deposition testimony of the Trustee's representative regarding conversations with Stonehill, but that deposition was timely taken six months ago, before the close of fact discovery. Yesterday – five months after the Court-ordered completion of all fact discovery – is the first time that Sanofi has requested a deposition of Stonehill.

Stonehill was not involved in the drafting of the CVR Agreement, and the bullet points set forth at page 2 of Mr. Neuwirth's letter are unrelated to the CVR Agreement and the claims in this case. Sanofi raises facts that, if relevant to anything at all, go to the motives of bringing this litigation. But this Court has already rejected that as a basis for discovery. Seventeen months ago, Your Honor quashed subpoenas previously served on CVR holders, including Stonehill, stating: "The principal point of relevance that Sanofi offers to justify the wide sweep of the subpoenas is that the information sought may bring to light UMB and the CVR Holders' motives for asserting their legal rights and bringing litigation to enforce the contract at issue. Motive is not an element in a breach of contract suit." (ECF 160 at 3 (citation omitted).) Your Honor rejected Sanofi's argument that the evidence sought by Sanofi is germane to its affirmative defense of breach of the implied obligation of good faith and fair dealing. (*Id.* at 3-4.) Sanofi ignores Your Honor's prior Order – *the same requests that the Court found irrelevant to the breach of contract claims at issue now reappear as Rule 30(b)(6) topics in Sanofi's proposed deposition subpoenas of Stonehill.*

**Stonehill is not the "real party in interest"**. Mr. Neuwirth twice states that Stonehill is "the real party in interest" in this lawsuit. (Letter at 1, 2.) Counsel is mistaken. The "real party in interest" rule, Rule 17 of the Federal Rules of Civil Procedure, provides that trustees such as Plaintiff UMB "may sue in their own names without joining the person for whose benefit the action is brought." The CVR Agreement provides for the enforcement of rights under the CVR Agreement by the Trustee. Pursuant to the terms of the CVR Agreement, the Trustee has the power to initiate, prosecute and resolve this lawsuit.

Sanofi's attempt to reopen fact discovery should be denied.

Respectfully submitted,

/s/ Charles A. Gilman

Charles A. Gilman

CAHILL GORDON & REINDEL LLP

- 3 -

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

cc: counsel of Record and counsel for Stonehill

Cahill Gordon & Reindel llp

- 4 -

## CHRONOLOGY OF RELEVANT PROCEEDINGS

- Over two years ago, on February 10, 2017, Plaintiff UMB produced to Sanofi a copy of the Funding Agreement, identifying each CVR Holder that contributed to litigation funding. Thus, Stonehill's involvement in the action was known to Sanofi as early as February 2017.

- Over two years ago, on March 17, 2017, Plaintiff UMB produced documents to Sanofi that included correspondence between the Trustee and Stonehill. For example, Ex. 08 (STONEHILL00002264) to Sanofi's current letter motion was produced to Sanofi over two years ago, on March 17, 2017 (UMB-CVR-00005798).

- After waiting five months, on June 6, 2017, Sanofi served 26 non-party subpoenas on CVR Holders, 17 of whom were also litigation funders. Stonehill Institutional Partners, LP and Stonehill Master Fund Limited were among the non-party subpoena recipients.
  - Each subpoena contained dozens of document requests concerning, (1) documents and communications concerning the initiation of legal proceedings or investigations in connection with the CVR Agreement; (2) documents and communications concerning the CVR Agreement; (3) documents concerning the past, present, or potential value of the CVRs; (4) documents concerning the Holders' decision to hold or transact in CVRs; (5) documents concerning any due diligence, research, investigation, analysis, or evaluation performed regarding the CVRs, CVR Agreement, Lemtrada, Sanofi, or Genzyme; (6) documents concerning the Holders' decision to become, or withdraw as, an Investor; and (7) documents concerning Investor Committee meetings.

- On June 19, 2017, Plaintiff UMB requested permission to move to quash or limit the 26 subpoenas (ECF 111). On June 30, 2017, Sanofi filed its response (ECF 113), arguing, *inter alia*, that "[t]he information sought by Sanofi in the subpoenas . . . is plainly relevant," as they seek documents concerning Plaintiff's motivations for both initiating proceedings and the actions taken by the Trustee during the course of the litigation. On July 5, 2017, Plaintiff UMB filed its reply letter (ECF 115). Counsel for 23 of the subpoena recipients filed a letter joining UMB's motion to quash the subpoenas (ECF 117). On August 10, 2017, Your Honor directed the parties to confer. (ECF 123).[1]

- Following conferral, on November 13, 2017, Sanofi requested the Court's assistance to enforce the 26 non-party subpoenas. (ECF 148; *see also* ECF 149).

- On November 22, 2017, Your Honor issued an Order quashing the subpoenas (ECF 160).

- Nearly 11 months after the Court's Order denying Sanofi's request to serve 26 non-party subpoenas on CVR Holders, including Stonehill, Sanofi filed a letter requesting leave to serve document subpoena on Stonehill on October 15, 2018 (ECF 216). Sanofi did not request any depositions. Plaintiff UMB objected to the subpoenas (ECF 217).

---

[1] Sanofi conducted no meet and confer prior to its filing of the instant motion to reopen fact discovery.

CAHILL GORDON & REINDEL LLP

- 5 -

- Your Honor ordered: "All fact discovery shall be complete on or before November 12, 2018. There shall be no further extension absent compelling circumstances." (ECF 215 at II.a.iii)

- On October 22, 2018, Your Honor granted leave for Sanofi to serve two document subpoenas on Stonehill (ECF 220), stating "[t]he requested discovery likely is of limited relevance given the claims at issue and the information already disclosed by UMB." Sanofi did not seek and the Court did not grant deposition discovery of Stonehill.

- On November 30, 2018, Your Honor entered an Order (ECF 224) setting the schedule for expert discovery and dispositive motions. The schedule does not include dates for additional fact discovery, and it states that there shall be "[n]o further extensions under any circumstances."

- Sanofi's current letter motion, filed April 22, 2019, is the first time that Sanofi has requested depositions of Stonehill. Sanofi does not present any compelling circumstances warranting that fact discovery be reopened at this late date.