

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5256

Writer's e-mail
sparadise@seyfarth.com

April 25, 2019

**VIA ECF AND HAND DELIVERY**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   <u>UMB Bank, N.A., as Trustee v. Sanofi</u>, 15 Civ. 8725 (S.D.N.Y.) (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

We write on behalf of non-parties Stonehill Master Fund Limited and Stonehill Institutional Partners, L.P. (collectively "Stonehill") to oppose Defendant Sanofi's April 22, 2019 letter motion for leave to open fact discovery to take three depositions of Stonehill employees. For the following reasons, Sanofi's motion should be denied.

First and foremost, the motion should be denied because it is untimely. Fact discovery was to be completed on or before November 12, 2018. Sanofi's arguments regarding its lack of timeliness are threadbare. Sanofi could have, but did not request a deposition when it requested leave from this Court to serve document subpoenas on Stonehill on October 15, 2018. To the contrary, Sanofi sought leave to serve "narrowly tailored subpoenas," without any mention of depositions. (ECF No. 216). Thereafter, even assuming the deadline for fact discovery had not already lapsed, as Sanofi concedes, Stonehill "began its rolling production on December 14, 2018"; yet, the current request for a deposition was not made until April 22. Sanofi provides no excuse for its multi-layered untimeliness—let alone "compelling circumstances"—other than to say "it would have been premature" to seek or even refer to a deposition in October 2018. Moreover, Sanofi was well aware that Stonehill was one of the parties to the financing arrangement and one of the largest CVR holders well before the November 12, 2018 fact discovery cutoff.

Second, the Federal Rules of Civil Procedure state that the scope and extent of discovery is to be assessed based on whether the discovery sought is relevant and proportional to the needs of the case. FRCP 26(b)(1). Furthermore, pursuant to Federal Rule of Civil Procedure 45(d)(1), Defendant is obligated to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and discovery designed to annoy or oppress a party is of course

56481442v.1



Hon. Robert W. Lehrburger
April 25, 2019
Page 2

inappropriate. FRCP 30(3)(A). As this Court has already determined, the proposed subjects of the deposition testimony sought here is neither relevant nor proportionate to the needs of the case.

In denying Sanofi's earlier attempt in this action to serve blunderbuss document subpoenas on Stonehill and twenty-one other CVR holders, Your Honor held that "where discovery is targeted to non-parties, 'the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party.'" (ECF No. 160 (quoting *Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y. April 1, 2004))). Your Honor also held that "[m]otive is not an element in a breach of contract suit." *Id.* Nevertheless, Sanofi refers to a series of purported irrelevant facts which, primarily go to the prosecution of this lawsuit. These areas may well comprise privileged material concerning trial strategy (and would therefore obviously not be appropriate for discovery), but, in any event, *do not go to the intention of the parties in negotiating and documenting the CVR Agreement*, which is central to this action. To be certain, Stonehill played no role in negotiating the contracts and, as such, Stonehill's actions or internal thoughts are divorced from this lawsuit. *Steinbrenner v Esquire Reporting Co. Inc.*, No. 90 CIV. 6419, 1991 WL 102540, at *6 (S.D.N.Y. June 3, 1991) (interpreting a contract "naturally depends not on the understanding of potential third party beneficiaries, but rather on the intent of the parties themselves"); *MBIA Ins. Corp v Patriarch Partners VIII, LLC,* 950 F.Supp.2d 568, 616 (S.D.N.Y. 2014) (concluding that a non-party to the contract's "own personal understanding is not relevant to the contract interpretation analysis; rather, what matters is the intent of MBIA, the corporate entity that was a party to the [contract at issue]"). Thus, even were Sanofi's request timely, the non-party discovery it seeks would still be irrelevant and disproportionate to the needs of the case and in apparent disregard of Your Honor's previous ruling. (ECF No. 160 at 3-4).

Third, non-party Stonehill has already incurred a substantial burden and expense in responding to Sanofi's document requests. Sanofi supplied Stonehill with two separate sets of search terms, which generated 4,258 documents for review. Stonehill viewed Sanofi's search terms as overbroad and believed it would be disproportionately burdensome to require a non-party to review more than 4,200 documents. Stonehill attempted to negotiate in good faith to narrow the search terms but Sanofi was generally unwilling to narrow them. Rather than require Sanofi to move to compel and burden this Court, Stonehill cooperated with Sanofi, reviewed the more than 4,200 documents and ultimately produced 768 responsive documents totaling 7,736 pages. Stonehill also produced three privilege logs and three redaction logs, with 660 entries.[1]

Fourth, in addition to the general irrelevance of the discovery that Sanofi seeks, at least two of the topics about which Sanofi seeks deposition testimony pertain to sensitive, proprietary information regarding Stonehill's general investment strategies and its specific investment intentions with respect to the CVRs, each of which is wholly irrelevant to whether Sanofi breached

---

[1] Sanofi attempts to justify the need for its motion by asserting that Stonehill produced 5,000 of the 7,736 pages on April 2, 2019, but this is unavailing. *None* of the documents Sanofi relies upon in its letter were part of the April 2 production. The bulk of that production consisted of public documents, such as court filings in this action and news articles regarding Sanofi and the CVRs as well as scheduling emails. These were not probative documents and do not provide a "compelling circumstance" to justify reopening discovery to allow the Stonehill depositions to be taken.





the CVR Agreement -- the ultimate issue to be decided in this action. Of course, Stonehill's investment strategies have absolutely zero bearing on the merits of the breach of contract claim. *See Palumbo v Shulman*, No. 97 Civ-4314, 1998 WL 436367, at *3 (S.D.N.Y. July 27, 1998) (denying discovery of investment documents of defendants' non-party clients because such requests were "not relevant to the subject matter of this lawsuit, will expand the scope of discovery needlessly, and will invade the privacy of the non-parties unnecessarily" and-'"permitting plaintiffs to delve into the non-parties' investment portfolios for the purposes articulated by the plaintiffs would be tantamount to permitting them to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so'") (citing *Surety Ass 'n of America v Republic Ins. Co.*, 388 F2d 412,414 (2d Cir 1967)); *In re Alliance Pharm. Sees. Litig.*, No. M-8-85, 1995 WL 51189, at *1 (S.D.N.Y. Feb 9, 1995) (denying plaintiffs motion to compel production of trading records from non-party investment bank-underwriters when "plaintiff [attempted] to obtain stacks of trading documents from non-parties on the basis they *might* substantiate a theory of materiality and the scienter of a party") (emphasis in original).[2]

Finally, contrary to Sanofi's bald allegation, Stonehill is not the real party in interest in this action for the reasons set forth in UMB's letter. (ECF No. 229 at 2).

Accordingly, for the foregoing reasons, as well as the reasons set forth in Plaintiff's opposition letter (ECF No. 229), Stonehill respectfully requests that Sanofi's motion be denied and that no deposition of Stonehill or Mr. Stern be permitted.

Respectfully submitted,

*/s/ Steven Paradise*
Steven Paradise

cc: Counsel of Record (via ECF)
Meghan Lidster

---

[2] Specifically, Sanofi's requests that touch on proprietary information are: "(ii) Stonehill's valuation of the CVRs and its decision(s) to invest in the CVRs; and (iii) Stonehill's trading in the CVRs from July 2015 to the present." (ECF No. 227 at 1).