**Weil, Gotshal & Manges LLP**

BY ECF AND HAND DELIVERY

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**John A. Neuwirth**
+1 212 310 8297
john.neuwirth@weil.com

April 26, 2019

Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *UMB Bank, N.A., as Trustee v. Sanofi*, 15 Civ. 8725 (S.D.N.Y.) (GBD) (RWL)

Dear Magistrate Judge Lehrburger:

We write on behalf of Sanofi in response to Plaintiff's April 25, 2019 letter (ECF No. 229) and Stonehill's April 25, 2019 letter (ECF No. 230).

When Sanofi made its request for limited document discovery from Stonehill, Your Honor concluded in an October 22, 2018 Order that such discovery "d[id] not pose a substantial burden" and was "proportional to the needs of the case." (ECF No. 220 at 1-2.) The same holds true for Sanofi's request for deposition testimony from Stonehill and Mr. Stern. Indeed, as explained by Sanofi in its opening letter, a *single* deposition of Mr. Stern is likely all that is required. (ECF. No. 227.)

Neither Plaintiff nor Stonehill makes any effort to show or even suggest that the proposed deposition subpoenas would impose an undue burden. Rather, the only "burden" that Stonehill mentions is that it was "disproportionately burdensome" for Stonehill to have to review 4,258 documents (a number that pales in comparison to the more than one million documents reviewed and produced by Sanofi). Unable to identify any actual burden, Plaintiff and Stonehill improperly seek to re-litigate Your Honor's conclusion that Stonehill possesses discoverable information, both claiming that the proposed Fed. R. Civ. P. 30(b)(6) deposition topics are "the same requests that the Court found irrelevant" in its November 22, 2017 Memorandum and Order. (ECF No. 229 at 2; *see also* ECF No. 230 at 2.) That simply is not true. The proposed deposition topics, including with respect to Stonehill's decision to hold or transact in the CVRs, are *identical* to the document subpoena topics that Your Honor authorized in the October 22, 2018 Order.

Also not true is Plaintiff's and Stonehill's contention that Sanofi improperly seeks "to reopen fact discovery." (ECF No. 229 at 1; *see also* ECF No. 230 at 1.) To the contrary, Sanofi seeks to obtain relevant, limited deposition testimony concerning the documents produced by Stonehill (which, as described below, were produced *after* the close of fact discovery). Both Plaintiff and Stonehill ignore the fact that Sanofi *repeatedly indicated* – when it *initially* served the document subpoenas and in *every*

Magistrate Judge Lehrburger
April 26, 2019
Page 2

Joint Status report to the Court thereafter – that it may seek to obtain deposition testimony from Stonehill at a later date depending on what Stonehill's document production revealed. (ECF No. 227 Ex. 1 (Oct. 23, 2018 Letter to Stonehill enclosing document subpoenas); ECF No. 225 (Dec. 31, 2018 Joint Status Letter); ECF No. 226 (Mar. 1, 2019 Joint Status Letter).) That Sanofi has in fact determined to do just that now that Stonehill has only recently completed its document production does not mean that it is seeking "to reopen fact discovery."[1]

Plaintiff and Stonehill further contend that there is no basis to permit limited deposition testimony after the November 30, 2018 So-Ordered deadline for fact discovery (ECF No. 215) because Sanofi cannot "demonstrate diligence." (ECF No. 229 at 1; *see also* ECF No. 230 at 1.) Yet, Plaintiff's supposed "Chronology of Relevant Proceedings" (ECF No. 229 at 4-5) omits the fact that the timing of Sanofi's deposition request was dictated entirely by Stonehill's belated document production. On October 23, 2018, *the day after* Your Honor granted Sanofi's request to serve narrowly tailored document subpoenas on Stonehill, Sanofi promptly served the subpoenas. (ECF No. 227 at Ex. 1.) As Stonehill admits, it was not until December 14, 2018 – two weeks *after* the So-Ordered deadline for fact discovery – that Stonehill made its first rolling production of documents. Stonehill then continued to make rolling productions *through April 2, 2019*. (ECF No. 230 at 1.)[2] Moreover, there is no basis for Plaintiff's and Stonehill's apparent belief that Sanofi was obligated to seek and obtain deposition testimony from Stonehill before Stonehill produced a single document. *See, e.g.*, *Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, 2014 WL 4412388, at *7 (S.D.N.Y. Sept. 8, 2014) (recognizing "unfair prejudice" if a party "were forced to depose . . . witnesses before receiving documents related to them"). To the contrary, document production typically precedes deposition testimony. *See, e.g.*, *Convermat Corp. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2743679, at *2 (E.D.N.Y. Sept. 18, 2007) (recognizing "the 'norm' regarding the timing of proper production and subsequent scheduling of depositions"). In short, the record shows that Sanofi has proceeded diligently and supports Sanofi's application to serve deposition subpoenas on Stonehill and Mr. Stern for what likely will be a single deposition. *See Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 342 (S.D.N.Y. 2005). Equally important, the targeted discovery that Sanofi seeks is fundamentally fair in light of Stonehill's central role in this matter and the extraordinarily one-sided discovery burden that Sanofi has shouldered in this case.

For the foregoing reasons, as well as those set forth in Sanofi's April 22 letter, Sanofi seeks leave of Court to serve the proposed deposition subpoenas.

---

[1] There is ample time for deposition testimony of Stonehill/Mr. Stern to be obtained without impacting the current case schedule. Expert discovery is currently not scheduled to conclude until July 26, 2019. (ECF No. 224.) In addition, as recently as March 1, 2019 (after the fact discovery deadline), when the parties last submitted a Joint Status report to the Court, Plaintiff indicated that its own discovery of third parties was not yet complete (ECF No. 226), which Sanofi understands still to be the case.

[2] Stonehill's assertion that "none of the documents Sanofi relies upon in its letter were part of the April 2 production" (ECF No. 230 at 2 n.1) is wrong. Exhibit 20 to Sanofi's April 22, 2019 letter was part of Stonehill's April 2 production and speaks for itself as to why deposition testimony is relevant and warranted here.

Magistrate Judge Lehrburger
April 26, 2019
Page 3

Respectfully submitted,

*/s/ John A. Neuwirth*
John A. Neuwirth

cc:     Counsel of Record