UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

UMB BANK, N.A., as Trustee,

Plaintiff,

v.

SANOFI,

Defendant.

Case No. 15 Civ. 8725 (GBD) (RWL)

ECF CASE

**MEMORANDUM OF LAW IN SUPPORT OF**
**SANOFI'S MOTION TO FILE UNDER SEAL**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Sanofi*

Dated: September 13, 2019

## TABLE OF CONTENTS


**Page**

PRELIMINARY STATEMENT ..... 1

FACTUAL BACKGROUND ..... 2

TARGETED REDACTIONS AND SEALING OF SELECT DOCUMENTS AND EXCERPTS IS WARRANTED AND APPROPRIATE ..... 3

CONCLUSION ..... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gelb v. Am. Tel. & Tel. Co.*,
813 F. Supp. 1022 (S.D.N.Y. 1993)....................4

*GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*,
769 F. Supp. 2d 630 (S.D.N.Y. 2011)....................4

*Lugosch v. Pyramid Co. of Onondaga*,
435 F.3d 110 (2d Cir. 2006)....................3

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978)....................3

*Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*,
2018 WL 739580 (S.D.N.Y. Jan. 10, 2018) ....................3

*Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
2008 WL 199537 (S.D.N.Y. Jan. 22, 2008), *aff'd*, 347 Fed. Appx. 615 (2d Cir. 2009) ..........3

**Other Authorities**

Fed. R. Civ. P. 26(c)(l)(G) ....................2

Sanofi respectfully submits this memorandum of law in support of its Motion to File Under Seal certain information contained in documents filed with the Court in connection with Sanofi's contemporaneously-filed Motion for Summary Judgment on Counts I, II, and VII of the Second Amended Complaint.[1]

**PRELIMINARY STATEMENT**

Plaintiff UMB Bank, N.A. ("Plaintiff") purports to bring this action for the benefit of the holders of contingent value rights ("CVRs") that Sanofi issued in connection with its 2011 acquisition of Genzyme Corporation. The CVRs, which are registered with the U.S. Securities and Exchange Commission and publicly traded on the NASDAQ, offer holders potential payments conditioned on the achievement of certain developmental and sales-related milestones with respect to Lemtrada, a multiple sclerosis drug, and production targets with respect to both Cerezyme and Fabrazyme, two rare disease drugs. In Counts I, II, and VII of the Second Amended Complaint, Plaintiff alleges that Sanofi has breached the contract governing the CVRs -- referred to as the "CVR Agreement" -- and seeks to recover three associated milestone payments. Compl. Ex. A (ECF No. 125-1.)

Pursuant to the Sixth Amended Discovery Plan and Scheduling Order (ECF No. 224), Sanofi filed its motion for summary judgment and supporting papers on September 13, 2019. (ECF Nos. 248-252.) In so doing, it was necessary for Sanofi to include in its filings information and exhibits designated as "Confidential" or "Highly Confidential" under the parties' confidentiality stipulation and the addendum thereto, as so-ordered by the Court (together, the "Confidentiality Order"). (ECF Nos. 38, 79.) These designated materials have been determined

[1] The Second Amended Complaint is referred to herein as the "Compl."

by Sanofi and/or Plaintiff to contain confidential business information and commercially sensitive information.

Paragraph I.D. of Judge Daniels's Individual Rules and Practices provides that "[d]ocuments may not be placed under seal or filed in redacted form . . . without leave of this Court." Accordingly, Sanofi moves to file under seal or file with redactions the documents submitted in connection with Sanofi's summary judgment motion identified in Exhibit A to the accompanying Declaration of Joshua S. Amsel in Support of Sanofi's Motion to File Under Seal, dated September 13, 2019 (the "Amsel Declaration").[2]

## FACTUAL BACKGROUND

On November 9, 2015, American Stock Transfer & Trust Company, LLC ("AST") commenced this action against Sanofi. (ECF No. 3.) On May 18, 2016, in recognition that discovery relevant to the issues in this case may implicate the parties' respective business practices, financial information, and other sensitive information, AST and Sanofi agreed to the Confidentiality Order, which the Court so-ordered on May 19, 2016. (ECF No. 38.) On September 20, 2016, in connection with the substitution of UMB Bank, N.A. as Plaintiff in this action, Plaintiff and Sanofi entered into an addendum to the Confidentiality Order, which the Court so-ordered on September 21, 2016. (ECF No. 79.)

The Confidentiality Order permits parties and non-parties to designate testimony and documents as "Confidential"[3] or "Highly Confidential."[4] (ECF No. 38 ¶¶ 3.1, 3.3.) Over the

[2] Sanofi filed redacted copies of these papers on September 13, 2019, and has provided unredacted copies of these filings with the proposed redactions highlighted to the Court.

[3] Parties and non-parties may designate material as "Confidential" if "that party believes in good faith that such Discovery Material contains or reflects nonpublic personal, financial, proprietary, customer or client information, commercially sensitive information, trade secrets, product research or development, or information that is entitled to confidential treatment under the Federal Rules of Civil Procedure, applicable laws or regulations, regulations governing the disclosure of government or agency documents, or Fed. R. Civ. P. 26(c)(l)(G)." (ECF No. 38 ¶ 3.1.)



WEIL:\97182964\1\71937.0101

course of this action, Sanofi, Plaintiff, and third parties have produced a substantial number of documents designated as "Confidential" or "Highly Confidential." Specific portions of deposition testimony of fact and expert witnesses have also been designated as "Confidential" or "Highly Confidential" by Sanofi, Plaintiff, and third parties. These designated documents and deposition testimony contain confidential business information and competitively sensitive information regarding, among other things, Sanofi's developmental and commercialization strategy with respect to Lemtrada and its production and manufacturing processes with respect to Cerezyme and Fabrazyme. Pursuant to the Confidentiality Order, the parties have previously filed documents in this action that contain Confidential or Highly Confidential information under seal or in redacted form.

**TARGETED REDACTIONS AND SEALING OF SELECT DOCUMENTS AND EXCERPTS IS WARRANTED AND APPROPRIATE**

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). There is a rebuttable presumption of "immediate public access" for "documents submitted to a court in support of or in opposition to a motion for summary judgment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). The presumption of public access is overcome by "specific, on-the-record findings that higher values necessitate a narrowly tailored sealing," including "the privacy interests of those resisting disclosure." *Id.* at 120.

---

[4] Parties and non-parties may designate material as "Highly Confidential" if "that party believes in good faith that such Discovery Material contains or reflects highly sensitive nonpublic commercial, proprietary, financial, business or personal information. The following non-exhaustive list sets forth examples of information that may be considered Highly Confidential: information related to negotiations with potential customers, investors, partners, or acquirers, disclosure of which would be harmful to present or prospective business plans; confidential material regarding acquisition offers or expressions of interest, proposed transactions or other business combinations, disclosure of which would be harmful to present or prospective business plans, negotiations or relationships; trade secrets or other proprietary technical or commercial information; or any nonpublic information that, if disclosed, could damage an existing or potential business relationship." *Id.* ¶ 3.3.

Courts routinely recognize that a party's interest "in protecting confidential business information outweighs the . . . presumption of public access." *See, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008), *aff'd sub nom. Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (permitting the parties to file under seal documents that are "strategic in nature, and reflect sensitive business information that the parties could reasonably wish to remain confidential"); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) ("[D]efendants' assertion that its competitors who do not now have this information could use it to do competitive injury to the defendants is, on the facts of this case, a sufficient basis to grant defendants' motion to seal at least at this stage of this litigation."). That is particularly true, as here, with respect to the disclosure of a party's "marketing strategies, product development, costs and budgeting" that could harm a party's competitive standing. *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) ("the privacy interests of the defendants outweigh the presumption of public access").

The information that Sanofi seeks to file under seal or in redacted form primarily concerns Sanofi's confidential business information and commercially sensitive information regarding the development and commercialization of Lemtrada and the production of Cerezyme and Fabrazyme. The disclosure of this information would provide insight into Sanofi's confidential business operations and strategies and, thus, could harm Sanofi's competitive position in the global pharmaceutical industry.

Sanofi has sought to minimize the amount and extent of information in its summary judgment filings to be withheld from the public. As set forth in Exhibit A to the accompanying

Amsel Declaration, Sanofi seeks to file under seal or in redacted form the following exhibits to the Declaration of Stefania D. Venezia in Support of Sanofi's Motion for Summary Judgment, dated September 13, 2019:

Exhibits To Be Filed Under Seal

- Exhibit A, consisting of excerpts from the January 24, 2019 expert report of Plaintiff's expert S. Albert Edwards, which contains information designated as Confidential and Highly Confidential by Sanofi concerning its Lemtrada developmental and regulatory strategy.
- Exhibit C, consisting of excerpts from the January 2019 expert report of Plaintiff's expert Dr. Richard Chin, M.D., which contains information designated as Confidential and Highly Confidential by Sanofi concerning its Lemtrada developmental and regulatory strategy.
- Exhibit E, consisting of excerpts from the January 17, 2019 expert report of Plaintiff's expert Sidney Blum, which contains information designated as Confidential and Highly Confidential by Sanofi concerning its Product Sales Statements.
- Exhibit G, consisting of excerpts from the January 25, 2019 expert report of Plaintiff's expert Steve J. Slovick, which contains information designated as Confidential and Highly Confidential by Sanofi concerning its Lemtrada commercialization strategy.
- Exhibit I, consisting of excerpts from the January 23, 2019 expert report of Plaintiff's expert Dr. Janice A. Phillips, Ph.D., which contains information designated as Confidential and Highly Confidential by Sanofi concerning its Cerezyme and Fabrazyme production strategy.
- Exhibit J, consisting of excerpts from the January 24, 2019 expert report of Plaintiff's expert David E. Smolin, which contains information designated as Confidential and Highly Confidential by Sanofi concerning its Cerezyme and Fabrazyme production strategy.

Sanofi also seeks to redact information from these exhibits contained in Sanofi's Memorandum of Law in Support of Sanofi's Motion for Summary Judgment on Counts I, II, and VII of the Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, Sanofi respectfully requests that the Court permit Sanofi to file under seal or in redacted form the materials identified in Exhibit A to the Amsel Declaration.

Dated: New York, New York
September 13, 2019

John A. Neuwirth
Joshua S. Amsel
Stefania D. Venezia
Justin D. D'Aloia
Jessica N. Djilani
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Sanofi*